1  CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
   SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
3  Irvine, California 92612-4412
   Telephone: (949) 451-3800
4  Facsimile: (949) 451-4220

5  Proposed Attorneys for Debtors and Debtors in
   Possession

6

7

8                 UNITED STATES BANKRUPTCY COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                      RIVERSIDE DIVISION

11

12  | In re | CASE NO. |
13  | FLEETWOOD ENTERPRISES, INC., | Chapter 11 |
14  | Debtor. | |

16  | In re | CASE NO. |
17  | FLEETWOOD HOLDINGS, INC., | Chapter 11 |
18  | Debtor. | |

20  | In re | CASE NO. |
21  | FLEETWOOD GENERAL PARTNER OF TEXAS, INC., | Chapter 11 |
23  | Debtor. | |

25  | In re | CASE NO. |
26  | FLEETWOOD HOMES INVESTMENT, INC., | Chapter 11 |
27  | Debtor. | |

28

Gibson, Dunn &
Crutcher LLP

1

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF ARIZONA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF CALIFORNIA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF FLORIDA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF GEORGIA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF IDAHO, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF INDIANA, INC., | Chapter 11 |
| Debtor. | |

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF KENTUCKY, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF NORTH CAROLINA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF OREGON, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF PENNSYLVANIA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF TENNESSEE, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF VIRGINIA, INC., | Chapter 11 |
| Debtor. | |

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF WASHINGTON, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD INTERNATIONAL, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD MOTOR HOMES OF INDIANA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD MOTOR HOMES OF PENNSYLVANIA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD TRAVEL TRAILERS OF CALIFORNIA, INC., | Chapter 11 |
| Debtor. | |

1

2
| In re | CASE NO. |
|---|---|
| FLEETWOOD TRAVEL TRAILERS OF INDIANA, INC., | Chapter 11 |

3

4
                 Debtor.

5

_____

6
| In re | CASE NO. |
|---|---|

7
| FLEETWOOD TRAVEL TRAILERS OF KENTUCKY, INC., | Chapter 11 |

8
                 Debtor.

9

_____

10

11
| In re | CASE NO. |
|---|---|

12
| FLEETWOOD TRAVEL TRAILERS OF MARYLAND, INC., | Chapter 11 |

13
                 Debtor.

14

_____

15
| In re | CASE NO. |
|---|---|

16
| FLEETWOOD TRAVEL TRAILERS OF OHIO, INC., | Chapter 11 |

17
                 Debtor.

18

_____

19

20
| In re | CASE NO. |
|---|---|

21
| FLEETWOOD TRAVEL TRAILERS OF OREGON, INC., | Chapter 11 |

22
                 Debtor.

23

_____

24
| In re | CASE NO. |
|---|---|

25
| FLEETWOOD TRAVEL TRAILERS OF TEXAS, INC., | Chapter 11 |

26
                 Debtor.

27

28

Gibson, Dunn &
Crutcher LLP

1
2
3
4

| | |
|---|---|
| In re | CASE NO. |
| GOLD SHIELD, INC., | Chapter 11 |
| Debtor. | |

5
6
7
8

| | |
|---|---|
| In re | CASE NO. |
| GOLD SHIELD OF INDIANA, INC., | Chapter 11 |
| Debtor. | |

9
10
11
12
13

| | |
|---|---|
| In re | CASE NO. |
| HAUSER LAKE LUMBER OPERATIONS, INC., | Chapter 11 |
| Debtor. | |

14
15
16
17

| | |
|---|---|
| In re | CASE NO. |
| CONTINENTAL LUMBER PRODUCTS, INC., | Chapter 11 |
| Debtor. | |

18
19
20
21

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOME CENTERS OF NEVADA, INC., | Chapter 11 |
| Debtor. | |

22
23
24
25
26

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOME CENTERS OF TEXAS, INC., | Chapter 11 |
| Debtor. | |

27
28

Gibson, Dunn &
Crutcher LLP

1

2   In re                                         CASE NO.

3   FLEETWOOD HOMES OF MISSISSIPPI, INC.,          Chapter 11

4             Debtor.

5   _____

6   In re                                         CASE NO.

7   FLEETWOOD RETAIL CORP.,                       Chapter 11

8             Debtor.

9   _____

10  In re                                         CASE NO.

11  FLEETWOOD RETAIL CORP. OF ILLINOIS,           Chapter 11

12            Debtor.

13  _____

14  In re                                         CASE NO.

15  FLEETWOOD RETAIL CORP. OF WEST                 Chapter 11
    VIRGINIA,

16            Debtor.

17  _____

18  In re                                         CASE NO.

19  FLEETWOOD RETAIL CORP. OF                      Chapter 11
    CALIFORNIA,

20            Debtor.

21  _____

22  In re                                         CASE NO.

23  FLEETWOOD RETAIL CORP. OF NORTH                Chapter 11
    CAROLINA,

24            Debtor.

25  _____

26

27

28

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD RETAIL CORP. OF TENNESSEE, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD RETAIL CORP. OF VIRGINIA, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD CAPITAL TRUST, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| TRENDSETTER HOMES, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | **MOTION OF DEBTORS FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES** |
| FLEETWOOD HOMES OF TEXAS, L.P., | |
| Debtor. | **[Declaration of Andrew M. Griffiths In Support of First Day Pleadings Filed Concurrently Herewith]** |
| | **Hearing:**<br>Date:        TBD<br>Time:<br>Place:<br> Judge: Hon. |

Gibson, Dunn &
Crutcher LLP

Fleetwood Enterprises, Inc. ("FEI") and its 44 affiliated debtors and debtors-in-possession (collectively, the "Debtors") jointly hereby move this Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules") and Rules 1015-2 and 2081-1(g) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Central District of California (the "Local Bankruptcy Rules") directing the joint administration of the Debtors' above-captioned chapter 11 cases.  Pursuant to Local Bankruptcy Rule 2081-1(g), the Court may grant this Motion without a hearing or additional notice.

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I.
### GENERAL BACKGROUND, JURISDICTION, AND EVIDENTIARY SUPPORT

Statements establishing the jurisdiction of the Court to consider this motion, the authority of the Debtors to seek relief from this Court and the general facts with respect to the Debtors' businesses and the filing of these chapter 11 cases are set forth in Motion Of The Debtors For An Order Setting An Expedited Hearing On First Day Pleadings (the "Motion for Expedited Hearing") filed contemporaneously herewith and are incorporated herein by reference.  This motion is also supported by the Declaration of Andrew M. Griffiths In Support of First Day Pleadings (the "Griffiths Declaration").  Notice of this Motion has been provided by the Omnibus Notice of Hearing on First Day Pleadings, which was served on the parties set forth in the Motion for Expedited Hearing.  Given the nature of and circumstances surrounding the relief requested in this Motion, and the availability of *ex parte* relief under Local Bankruptcy Rule 2081-1(g), the Debtors submit that no further notice is required.

---

[1] The Debtors submit that this Motion, incorporating the Memorandum of Points and Authorities, together with the Omnibus Notice of Hearing on First Day Pleadings and the Griffiths Declaration (as defined herein) filed and served concurrently herewith, satisfy the requirements of Local Bankruptcy Rule 9013-1.  To the extent Local Bankruptcy Rule 9031-1(c) requires a separate motion and memorandum of points and authorities, the Debtors request that the Court waive such requirement.

Gibson, Dunn &
Crutcher LLP

## II.
## RELIEF REQUESTED

Debtors request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases.  In particular, the Debtors request that the Court provide for joint administration by: (i) establishing a joint pleadings docket; (ii) approving the filing of joint pleadings caption in the form attached hereto as Exhibit A; and (iii) approving combined notices to creditors.

### A.    The Debtors Are Affiliates Under Federal Bankruptcy Rule 1015(b).

Federal Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Section 101(2) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") defines "affiliate" to mean, among other things:

> [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . [or]

> [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2).

Joint administration of these cases is warranted because each Debtor is an "affiliate" of one or more other Debtors under section 101(2) of the Bankruptcy Code  (See Griffiths Declaration at section VII.A., and corporate organizational chart attached as Exhibit A to the Griffiths Declaration.)

### B.    Joint Administration Of The Debtors' Cases is Appropriate Under Local Bankruptcy Rule 2081-1(g).

As demonstrated in the Griffiths Declaration, because of the intertwined nature of the businesses of the Debtor, the consolidated manner in which they manage cash, the debt structure of the enterprise and sheer number of entities involved, joint administration of the Debtors' respective estates pursuant to Local Bankruptcy Rule 2081-1(g) is warranted.  Joint administration will ease the administrative burden for the Court and the parties, and will protect creditors of the different estates against conflicts of interest.

Gibson, Dunn & Crutcher LLP

2

Although certain of the debtors have different creditors, certain debtors have guaranteed the obligations of the others and/or secured the performance of the obligations of other Debtors with the pledge of property.  In some instances, multiple debtors were parties to the same transaction or multiple related transactions.  Several of the debtor entities work in concert to form the Debtors' manufactured housing and RV divisions.  Therefore, many of the notices, applications, motions, and other pleadings filed, and much of the relief sought, in these cases will concern more than one, or all, of the Debtors.  Moreover, the Debtors anticipate that their chapter 11 cases will proceed on the same timetable.  Absent joint administration, the resources of the Debtors, the Court and other parties would be wasted by the filing and service of the same or similar pleadings in multiple cases.

The joint administration of the Debtors' chapter 11 cases will ease the administrative burden on the Court by allowing the Clerk of the Court to use a single general docket for these cases rather than maintaining and updating 45 different dockets.  Similarly, joint administration will eliminate the need for duplicative notices, applications and orders, allowing the Debtors, their creditors and other parties in interest to file one pleading in a consolidated case rather than several pleadings in the Debtors' several individual cases, to combine and streamline service of those pleadings and other notices on creditors and other parties in interest, and to monitor these chapter 11 cases by reviewing one docket rather than 45 separate dockets.  Joint administration will reduce the number of documents that must be prepared, filed and served in connection with these chapter 11 cases, reduce the administrative burden of coordinating these cases, and reduce the monitoring burden that these cases will impose on the Court, the Clerk of the Court, the Office of the United States Trustee and all other parties in interest.

The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because the rights of each creditor against the respective estates will be preserved.  This Motion for procedural joint administration is *not* a motion for substantive consolidation of the Debtors' estates and does not seek to change the relative rights and remedies of creditors against any of the individual Debtors.  Indeed, Local Bankruptcy Rule 2081-1(g) specifically provides that joint administration pursuant to such rule "shall not effect a substantive consolidation of the respective debtors' estates."  Therefore, the substantive rights of parties in

interest should not be prejudiced or otherwise negatively affected by the entry of an order directing the procedural joint administration of the Debtors' chapter 11 cases.

The Debtors engage in intercompany transfers on an accounting basis in the ordinary course of operating the business since all cash is managed through the accounts of FEI.  The debtors are in the process of reconciling intercompany accounting, but at this point they are unaware of any material issues giving rise to any conflicts between the several Debtor estates.  Should an actual conflict arise between the estates in the future, the Court can exercise its broad powers to oversee the Debtors' cases to alleviate any prejudice to creditors.  Pursuant to Federal Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(c).

Joint administration alone does not affect any substantive rights and is only a procedural tool created to reduce costs and administrative burdens generally.  Given the Court's discretion to fashion relief under Federal Bankruptcy Rule 1015(c) to deal with future conflicts, there is no reason for the Court to deny joint administration at the outset of these cases.  Accordingly, the Debtors have met the requirements of Federal Bankruptcy Rule 1015(b) and Local Bankruptcy Rules 1015-2 and 2081-1(g), and request the immediate entry of an order providing for the joint administration of the Debtors' chapter 11 cases.  Specifically, the Debtors request that the Court provide for joint administration by: (i) establishing a joint pleadings docket; (ii) approving the filing of joint pleadings caption in the form attached hereto as Exhibit A; and (iii) approving combined notices to creditors.

### III.
### EX PARTE RELIEF

An order of joint administration relates to the routine administration of a case and may be entered by the Court in its discretion on an *ex parte* basis.  *See* Local Bankruptcy Rule 2081-1(g).  Specifically, Local Bankruptcy Rule 2081-1(g) provides that where bankruptcy petitions are pending for affiliated entities, "the court may order the joint administration of the estates, without notice or a hearing."  Nevertheless, notice of this Motion has been provided as described in Section I hereof.  Due to the nature of the relief requested, Local Bankruptcy Rule 2081-1(g)'s provision for *ex parte*

Gibson, Dunn &
Crutcher LLP

1  relief, and the notice provided, the Debtors respectfully submit that no further notice of this Motion is

2  required.

3                                      **IV.**
                             <u>**CONCLUSION**</u>

4

5          The Debtors respectfully request that this Court enter an order substantially in the form of

6  <u>Exhibit B</u> hereto authorizing the joint administration of the Debtors' related chapter 11 cases.

7  Dated: March 10, 2009

8                                          CRAIG H. MILLET
                                           SOLMAZ KRAUS
9                                          GIBSON DUNN & CRUTCHER LLP

10

11                                         By:  /s/  Craig H. Millet
                                                Craig H. Millet

12                                         Proposed Attorneys for Debtors

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

**<u>EXHIBIT A</u>**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1

2

3

4                          UNITED STATES BANKRUPTCY COURT

5                        FOR THE CENTRAL DISTRICT OF CALIFORNIA

6                                  RIVERSIDE DIVISION

7

8      In re                                    CASE NO.

9      FLEETWOOD ENTERPRISES, INC., *et al.*,   Chapter 11

10              Debtors.                         Jointly Administered

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1
2
3
4
5
6
7                              <u>EXHIBIT</u> **B**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Proposed Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC.,<br><br>      Debtor. | CASE NO.<br><br>Chapter 11 |
| In re<br><br>FLEETWOOD HOLDINGS, INC.,<br><br>      Debtor. | CASE NO.<br><br>Chapter 11 |
| In re<br><br>FLEETWOOD GENERAL PARTNER OF TEXAS, INC.,<br><br>      Debtor. | CASE NO.<br><br>Chapter 11 |
| In re<br><br>FLEETWOOD HOMES INVESTMENT, INC.,<br><br>      Debtor. | CASE NO.<br><br>Chapter 11 |

1

2

3

4

| In re | CASE NO. |
| FLEETWOOD HOMES OF ARIZONA, INC., | Chapter 11 |
| Debtor. | |

5

6

7

8

9

| In re | CASE NO. |
| FLEETWOOD HOMES OF CALIFORNIA, INC., | Chapter 11 |
| Debtor. | |

10

11

12

13

| In re | CASE NO. |
| FLEETWOOD HOMES OF FLORIDA, INC., | Chapter 11 |
| Debtor. | |

14

15

16

17

| In re | CASE NO. |
| FLEETWOOD HOMES OF GEORGIA, INC., | Chapter 11 |
| Debtor. | |

18

19

20

21

| In re | CASE NO. |
| FLEETWOOD HOMES OF IDAHO, INC., | Chapter 11 |
| Debtor. | |

22

23

24

25

| In re | CASE NO. |
| FLEETWOOD HOMES OF INDIANA, INC., | Chapter 11 |
| Debtor. | |

26

27

28

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF KENTUCKY, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF NORTH CAROLINA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF OREGON, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF PENNSYLVANIA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF TENNESSEE, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF VIRGINIA, INC., | Chapter 11 |
| Debtor. | |

Gibson, Dunn &
Crutcher LLP

3

1

2

3

4

5

| In re | CASE NO. |
|---|---|
| FLEETWOOD HOMES OF WASHINGTON, INC., | Chapter 11 |
| Debtor. | |

6

7

8

9

| In re | CASE NO. |
|---|---|
| FLEETWOOD INTERNATIONAL, INC., | Chapter 11 |
| Debtor. | |

10

11

12

13

| In re | CASE NO. |
|---|---|
| FLEETWOOD MOTOR HOMES OF CALIFORNIA, INC., | Chapter 11 |
| Debtor. | |

14

15

16

17

18

| In re | CASE NO. |
|---|---|
| FLEETWOOD MOTOR HOMES OF INDIANA, INC., | Chapter 11 |
| Debtor. | |

19

20

21

22

23

| In re | CASE NO. |
|---|---|
| FLEETWOOD MOTOR HOMES OF PENNSYLVANIA, INC., | Chapter 11 |
| Debtor. | |

24

25

26

27

28

| In re | CASE NO. |
|---|---|
| FLEETWOOD TRAVEL TRAILERS OF CALIFORNIA, INC., | Chapter 11 |
| Debtor. | |

Gibson, Dunn &
Crutcher LLP

4

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD TRAVEL TRAILERS OF INDIANA, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD TRAVEL TRAILERS OF KENTUCKY, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD TRAVEL TRAILERS OF MARYLAND, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD TRAVEL TRAILERS OF OHIO, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD TRAVEL TRAILERS OF OREGON, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD TRAVEL TRAILERS OF TEXAS, INC., | Chapter 11 |
| Debtor. | |

Gibson, Dunn &
Crutcher LLP

1

2

3

4

| | |
|---|---|
| In re | CASE NO. |
| GOLD SHIELD, INC., | Chapter 11 |
| Debtor. | |

5

6

7

8

| | |
|---|---|
| In re | CASE NO. |
| GOLD SHIELD OF INDIANA, INC., | Chapter 11 |
| Debtor. | |

9

10

11

12

13

| | |
|---|---|
| In re | CASE NO. |
| HAUSER LAKE LUMBER OPERATIONS, INC., | Chapter 11 |
| Debtor. | |

14

15

16

17

| | |
|---|---|
| In re | CASE NO. |
| CONTINENTAL LUMBER PRODUCTS, INC., | Chapter 11 |
| Debtor. | |

18

19

20

21

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOME CENTERS OF NEVADA, INC., | Chapter 11 |
| Debtor. | |

22

23

24

25

26

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOME CENTERS OF TEXAS, INC., | Chapter 11 |
| Debtor. | |

27

28

Gibson, Dunn &
Crutcher LLP

In re

FLEETWOOD HOMES OF MISSISSIPPI, INC.,

        Debtor.

CASE NO.

Chapter 11

---

In re

FLEETWOOD RETAIL CORP.,

        Debtor.

CASE NO.

Chapter 11

---

In re

FLEETWOOD RETAIL CORP. OF ILLINOIS,

        Debtor.

CASE NO.

Chapter 11

---

In re

FLEETWOOD RETAIL CORP. OF WEST VIRGINIA,

        Debtor.

CASE NO.

Chapter 11

---

In re

FLEETWOOD RETAIL CORP. OF CALIFORNIA,

        Debtor.

CASE NO.

Chapter 11

---

In re

FLEETWOOD RETAIL CORP. OF NORTH CAROLINA,

        Debtor.

CASE NO.

Chapter 11

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD RETAIL CORP. OF TENNESSEE, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD RETAIL CORP. OF VIRGINIA, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD CAPITAL TRUST, | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| TRENDSETTER HOMES, INC., | Chapter 11 |
| Debtor. | |

| | |
|---|---|
| In re | CASE NO. |
| FLEETWOOD HOMES OF TEXAS, L.P., | Chapter 11 |
| Debtor. | |

Upon consideration of the Motion Of Debtors For Order Directing Joint Administration Of Related Chapter 11 Cases (the "Motion") filed by Fleetwood Enterprises, Inc. and its affiliated debtors and debtors-in-possession (together, the "Debtors"), the Exhibits thereto, the authorities set forth and arguments made in the Motion, and the Declaration of Andrew M. Griffiths In Support of First Day Pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § § 157 and 1334; and consideration of the Motion and the

Gibson, Dunn &
Crutcher LLP

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the

Motion having been provided; and further notice of the Motion not being required under Local

Bankruptcy Rule 2081-1(g); and it appearing that the relief requested is in the best interests of the

Debtors and their respective estates and creditors; and after due deliberation and good cause existing

to grant the relief requested in the Motion,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED.

2.    The Debtors' chapter 11 cases shall be jointly administered.

3.    A docket entry shall be made in each of the Debtors' chapter 11 cases substantially as

follows: "An order has been entered in this case directing the procedural consolidation and joint

administration of the chapter 11 cases of Fleetwood Enterprises, Inc. and its affiliated debtors, and

the docket in the case of Fleetwood Enterprises, Inc. (Case No. 09-_____ (___) should be consulted

for all matters concerning such cases."

4.    The Clerk of the Court shall maintain a single pleadings docket under the case number

assigned to Fleetwood Enterprises, Inc., which shall be the pleadings docket for all the Debtors'

chapter 11 cases.

5.    The captions of the Debtors' cases shall be modified to reflect joint administration, in

the form attached as Exhibit A to the Motion.  All pleadings shall indicate which Debtor or Debtors

are parties to, or are affected by, the particular matter.

6.    Separate claims registers shall be maintained for each Debtor by the Clerk of the

Court.

7.    The Debtors, their creditors, and other parties in interest are hereby authorized to serve

combined notices, pleadings and other papers as necessary to promote efficient administration of

these cases.

#### 

100536553_6.DOC

Gibson, Dunn &
Crutcher LLP