| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Daniel R. Shapiro      Bar # 151251<br>Law Office of Daniel R. Shapiro<br>8304 Limonite Ave. #D131<br>Riverside, CA 92509<br><br>☐ *Individual appearing without counsel*<br>☒ Attorney for:  Christie Lynn Davis, Estate of Edward Cameron Davis | **FILED**<br><br>MAY - 6 2009<br><br>*(stamp)* |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>   FLEETWOOD ENTERPRISES, INC.<br><br><br><br><br>                                                              Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 6:09-bk-14254-MJ<br><br>DATE:  6/3/09<br>TIME:   11:00 a.m.<br>CTRM: 302<br>FLOOR: 3rd |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT:  Christie Lynn Davis, Estate of Edward C. Davis          )
### (Action in Non-bankruptcy Forum)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**     ☐ **411 West Fourth Street, Santa Ana**

    ☐ **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**

    ☒ **3420 Twelfth Street, Riverside**

3.  a.  ☒  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and must appear at the hearing of this Motion.

    b.  ☐  This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

    ☐ at the hearing     ☐ at least _____ court days before the hearing.

    (1)  ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2)  ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

    (3)  ☐  A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time, and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re                          (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC.                              Debtor(s). | CASE NO.: 6:09-bk-14254-MJ |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 5/1/09

Law Office of Daniel R. Shapiro
_____
*Print Law Firm Name (if applicable)*


Daniel R. Shapiro
_____                    _____
*Print Name of Individual Movant or Attorney for Movant*      *Signature of Individual Movant or Attorney for Movant*

*January 2009*                                                                          **F 4001-1M.NA**

| In re        (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC.       Debtor(s). | CASE NO.: 6:09-bk-14254-MJ |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## (MOVANT:   Christie Lynn Davis, Estate of Edward C. Davis       )

1. **The Non-bankruptcy Action:** Movant moves for relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate with respect to the following pending lawsuit or administrative proceeding (the "Non-bankruptcy Action") in a non-bankruptcy forum:

   Case name: Christie Lynn Davis, Individually and as Administratrix of the Estate of Edward Cameron Davis, Deceased, Docket number: 2006-CV-124799      vs. Fleetwood Homes of Georgia, Inc. and Pass & Seymour
   Court or agency where pending: Superior Court of Fulton County, State of Georgia

2. **Case History:**
   a. [X] A voluntary   [ ] An involuntary   petition under Chapter   [ ] 7   [X] 11   [ ] 12   [ ] 13 was filed on *(specify date):* 3/10/09
   b. [ ] An Order of Conversion to Chapter   [ ] 7   [ ] 11   [ ] 12   [ ] 13 was entered on *(specify date):*
   c. [ ] Plan was confirmed on *(specify date):*
   d. [ ] Other bankruptcy cases affecting this action have been pending within the past two years. See attached Declarations.
   e. For additional case history, see attached continuation page.

3. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Non-bankruptcy Action to final judgment in the non-bankruptcy forum for the following reasons:
   a. [ ] The bankruptcy case was filed in bad faith specifically to delay, hinder or interfere with prosecution of the Non-bankruptcy Action.
   b. [X] The claim is insured. Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor(s) or estate property.
   c. [ ] Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   d. [ ] Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor(s) or estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   e. [ ] The claims are non-dischargeable in nature and can be most expeditiously resolved in the non-bankruptcy forum.
   f. [X] The claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.
   g. [ ] Other reasons to allow the Non-bankruptcy Action to proceed are set forth in an attached Declaration.

4. [ ] Movant also seeks annulment of the stay so that filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
   a. [X] Movant submits the attached Declaration(s) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   b. [ ] Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*          **F 4001-1M.NA**

| In re                          (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC.                          Debtor(s). | CASE NO.: 6:09-bk-14254-MJ |

c.  ☐  Other evidence *(specify)*:

6.  ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order granting the following:**

1. Relief from the stay to Movant (and its successors and assigns, if any) *(check boxes re all applicable relief requested)*:

   a.  ☒  Terminating the stay as to Debtor(s) and Debtor's(s') bankruptcy estate.

   b.  ☐  Annulling the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

   c.  ☐  Modifying or conditioning the stay as set forth in the attached continuation page:

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against Debtor(s) or estate property.

3.  ☐  Additional provisions requested:

   a.  ☒  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b.  ☒  That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   c.  ☐  That the Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

   d.  ☐  For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 5/1/09

Respectfully submitted,

Christie Lynn Davis, Estate of Edward C. Davis
*Movant Name*

Law Office of Daniel R. Shapiro
*Firm Name of Attorney for Movant (if applicable)*

By: *Daniel R Shapiro*
    *Signature*

Name:  Daniel R. Shapiro
       *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                      **F 4001-1M.NA**

| In re                          (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC.                    Debtor(s). | CASE NO.: 6:09-bk-14254-MJ |

## DECLARATION RE ACTION IN NON-BANKRUPTCY FORUM
### (MOVANT: Christie Lynn Davis, Estate of Edward C. Davi )

I, Jeremy S. McKenzie _____, declare as follows:
*(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding the state court lawsuit, administrative proceeding, or other action in a non-bankruptcy forum ("Non-bankruptcy Action") that is the subject of this Motion because:

   a. ☐ I am the Movant.

   b. ☒ I am the Movant's attorney of record in the Non-bankruptcy Action.

   c. ☐ I am employed by the Movant as *(state title and capacity)*:

   d. ☐ Other *(specify)*:

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Non-bankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3.  The Non-bankruptcy Action at issue is currently pending as:

   Case name: Christie Lynn Davis, Individually and as Administratrix of the Estate of Edward Cameron Davis, Deceased,
   Docket number: 2006CV124799
   Court or agency where pending: Superior Court of Fulton County, State of Georgia

4.  **Procedural Status:**

   a. The causes of action pleaded in the non-bankruptcy forum are *(list)*:
      Product - Strict Liability; Negligent Design; Negligent Failure to Warn; and Punitive Damages

      True and correct copies of the pleadings filed before the non-bankruptcy forum are attached hereto as Exhibit __A__.

   b. The Non-bankruptcy Action was filed on *(specify date)*: 10/25/06

   c. Trial or hearing began/is scheduled to begin on *(specify date)*:

   d. The trial or hearing is estimated to require the following number of court days *(specify)*: 1 week

   e. Other defendants to the Non-bankruptcy Action are *(specify)*: Pass & Seymour, Inc.

5.  **Grounds for relief from stay:**

   a. ☒ The claim is insured. The insurance carrier and policy number are *(specify)*:

      Upon information and belief, Fleetwood has an aggregate policy with Gibralter Insurance Company for $5,000,000.00. Plaintiff has not been provided with the policy number.

*(Continued on next page)*

January 2009                                                                 **F 4001-1M.NA**

| In re                          (SHORT TITLE) | CHAPTER:  11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC.                                      Debtor(s). | CASE NO.: 6:09-bk-14254-MJ |

b. ☒ The matter can be tried more expeditiously in the non-bankruptcy forum.

   (1) ☐ It is currently set for trial on:

   (2) ☒ It is in advanced stages of discovery and Movant believes that it will be set for trial by *(specify date)*:
The basis for this belief is *(specify)*:
Case was scheduled for mediation on April 9, 2009, prior to Fleetwood's bankruptcy filing. If mediation was unsuccessful, case was to have been scheduled for trial thereafter.

   (3) ☒ The matter involves non-debtor parties who are not subject to suit in the bankruptcy court.  A single trial in the non-bankruptcy forum is the most efficient use of judicial resources.

c. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Non-bankruptcy Action.

   (1) ☐ Movant is the only creditor (or the only substantial creditor) scheduled by the Debtor(s).

   (2) ☐ The timing of the petition filing shows that it was intended to delay or interfere with the Non-bankruptcy Action based upon the following facts *(specify)*:

   (3) ☐ Debtor(s) does(do) not have a reasonable likelihood of reorganizing in this Chapter ☐ 11 ☐ 13   bankruptcy case based upon the following facts *(specify)*:

d. ☐ For other facts justifying relief from stay, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** April 1 _____, 2009 , at Savannah, Georgia _____ *(city, state)*.

Jeremy S. McKenzie _____
*Print Declarant's Name*

_____
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 4001-1M.NA**

| In re                         (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC.                          Debtor(s). | CASE NO.: 6:09-bk-14254-MJ |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5610 Felspar Street
Riverside, CA 92509

A true and correct copy of the foregoing document described as Notice of Motion and Motion for Relief from the
Automatic Stay under 11 U.S.C. §362 _____ will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 5/6/09 _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

all of the listed parties are served by email

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/6/09 | Daniel R. Shapiro | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 4001-1M.NA**

| In re (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC. Debtor(s). | CASE NO.: 6:09-bk-14254-MJ |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Andrew K Alper
Frandzel Robins Bloom & Csat LC
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048-4920
(323) 852-1000
(323) 651-2577 (fax)
aalper@frandzel.com

Mark D Houle
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Dr, 7th Floor
Costa Mesa, Ca 92626-7122
(714) 436-6800
mark.houle@pillsburylaw.com

Paul Jasper
One Embarcadero Center Ste 400
San Francisco, CA 94111
415-951-1100
415-951-1180 (fax)
pjasper@dl.com

Solmaz Kraus
333 S Grand Ave, 52nd Fl
Los Angeles, CA 90017
213-229-7757
213-229-6756 (fax)
skraus@gibsondunn.com

Elizabeth A Lossing
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov

David W. Meadows
1801 Century Park East
Suite 1250
Los Angeles, CA 90067
310-557-8490
david@davidwmeadowslaw.com

Craig Millet
3161 Michelson Dr, Ste 1200
Irvine, CA 92612
949-451-3986
949-475-4651 (fax)
cmillet@gibsondunn.com

C Daniel Motsinger
Krieg DeVault LLP
One Indiana Square Ste 2800
Indianapolis, IN 46204-2079
317-238-6237
317-636-1507 (fax)
cmotsinger@kdlegal.com

Kimberly A Posin
Latham & Watkins LLP
355 S Grand Ave, Ste 100
Los Angeles, CA 90071-1560
213-485-1234
213-891-8763 (fax)
kim.posin@lw.com

Samuel Price
25152 Springfield Ct
Ste 345
Valencia, CA 91355
661-259-9000
661-554-7088 (fax)
sprice@donahoeyoung.com

Michael Reed
POB 1269
Round Rock, TX 78680
512-323-3200
512-323-3205 (fax)
kmorriss@mvbalaw.com

Rebecca J Winthrop
2029 Century Park East Ste 800
Los Angeles, CA 90067
424-204-4330
424-204-4350 (fax)
winthropr@ballardspahr.com

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

CHRISTIE LYNN DAVIS, Individually )
and as Administratrix of the Estate of )
EDWARD CAMERON DAVIS, )
Deceased, )
       )
          Plaintiff, )
       )
vs. )
       )
FLEETWOOD HOMES OF GEORGIA, )
INC. and FLEETWOOD RETAIL CORP. )
OF GEORGIA, )
       )
          Defendants. )

FILED IN OFFICE

OCT 2 5 2006

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

CIVIL ACTION NO: 2006CV 124799

## COMPLAINT

**COMES NOW**, CHRISTIE LYNN DAVIS, Individually and as Administratrix of

the Estate of EDWARD CAMERON DAVIS, Deceased, Plaintiff in the above-styled

action, and files her Complaint against Defendants FLEETWOOD HOMES OF

GEORGIA, INC. and FLEETWOOD RETAIL CORP. OF GEORGIA as follows:

### I.
### JURISDICTION AND VENUE

#### 1.

Plaintiff is a resident and citizen of the State of Georgia.

#### 2.

Plaintiff is the surviving spouse of Edward C. Davis, Deceased, and the

appointed and acting Administratrix of the Estate of Edward C. Davis. As such, she is

the proper party to pursue claims on behalf of the Estate of Edward C. Davis. She is also the proper party to pursue claims for the wrongful death of Edward C. Davis. Attached hereto as *"Exhibit A"* is a copy of the Letters of Administration from the Probate Court of Atkinson County, wherein Plaintiff Christie Lynn Davis is appointed Administratrix of Edward C. Davis' Estate.

3.

Defendant FLEETWOOD HOMES OF GEORGIA, INC. is a Delaware corporation registered to do business in Georgia and may be served through its registered agent, C. T. Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia, 30361.

4.

Defendant FLEETWOOD RETAIL CORP. OF GEORGIA is a Delaware corporation registered to do business in Georgia and may be served through its registered agent, C. T. Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia, 30361.

5.

Jurisdiction and venue are proper in this Court.

## II.
## FACTUAL ALLEGATIONS

6.

On December 22, 2005, Decedent Edward C. Davis was living in a mobile home, a 1999 Fleetwood (Westfield Model; Serial Number 97WW11).

7.

Upon information and belief; on the evening of December 22, 2005, Mr. Davis went into his bedroom, turned on the electric fan, and went to sleep in his bed.

8.

A loose connection in the electrical outlet in the bedroom (hereinafter referred to as the "subject electrical outlet") caused long-term overheating and when the electric fan was turned on, a load was created on the loose connection, causing the insulation to degrade, ultimately resulting in a smoldering fire.

9.

After the fire began, Mr. Davis woke up and attempted to exit his home.

10.

In an attempt to escape from the smoldering fire, Mr. Davis exited the bedroom, stumbled through the utility room into the kitchen and through the living room to the front door.

11.

Mr. Davis was found dead on the morning of December 23, 2005.

12.

As a result of Defendants' defective electrical outlet and Defendants' installation and utilization of the same, Mr. Edward Davis suffered an untimely and excruciating death.

13.

Decedent's death is a direct result of the above-mentioned electrical outlet's being defective, which resulted in the above-mentioned fire.

14.

Defendants were negligent in failing to properly design, manufacture, and/or assemble the above-mentioned mobile home and/or the subject electrical outlet, which were defective and resulted in a sudden fire.

### III.
### CAUSES OF ACTION

#### *COUNT ONE*
#### *PRODUCT-STRICT LIABILITY*

15.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 14 as if fully alleged herein.

16.

At all times relevant hereto, the mobile home manufactured by Defendants, including the subject electrical outlet contained therein, was being used in the manner instructed and directed by Defendants.

17.

At all times relevant hereto, said mobile home, including the subject electrical outlet contained therein, was employed in a manner consistent with its normal, ordinary, intended and foreseeable use.

18.

Said mobile home, including the subject electrical outlet contained therein, was in substantially the same condition when inhabited and used by Plaintiff and her husband, Decedent Edward C. Davis, at the time of the above-mentioned occurrence as it was at the time it left the Defendants' possession.

19.

The dangers, defects and risks associated with the mobile home, including the subject electrical outlet contained therein, were not those of the type generally ascertained or known by the public.

20.

Said mobile home, including the subject electrical outlet contained therein; when placed into the stream of commerce, was in a defective condition that made it unreasonably dangerous and unsafe for its intended use by ordinary users or consumers.

21.

Decedent Edward C. Davis' untimely and excruciating death was proximately caused by Defendants' defective mobile home, including the subject electrical outlet contained therein.

22.

Defendants are strictly liable to Plaintiff for the damages and injuries sustained as a result of the aforementioned defects in the mobile home, including the subject

electrical outlet contained therein, which was voluntarily marketed for sale by Defendants to the general public in the State of Georgia.

### COUNT TWO
### NEGLIGENT DESIGN

23.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 22 as if fully alleged herein.

24.

The mobile home purchased by Plaintiff and her husband, Decedent Edward C. Davis, was designed, manufactured, and/or placed in the stream of commerce by Defendants.

25.

Defendants knew, or, in the exercise of ordinary care, should have known, that the mobile home, including the subject electrical outlet contained therein, was inherently dangerous and defective in its design, manufacture and assembly.

26.

The mobile home, including the subject electrical outlet contained therein, was negligently designed, manufactured and assembled by Defendants in that it contained latent and hidden defects rendering it unforeseeably dangerous when used in its marketed and intended purpose.

27.

The mobile home, including the subject electrical outlet contained therein, subjected Plaintiff and her husband, Decedent Edward C. Davis, to an unreasonable risk of harm when used in its foreseeable, reasonable and intended manner.

28.

As a result of the Defendants' negligence, Decedent Edward C. Davis suffered an untimely and excruciating death.

29.

The damages sustained by Plaintiff are due to the negligence of the Defendants and without any negligence, assumption of the risk, or want of care on the part of the Plaintiff and/or her husband, Decedent Edward C. Davis.

### *COUNT THREE*
### *NEGLIGENT FAILURE TO WARN*

30.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 29 as if fully alleged herein.

31.

Defendants were negligent in failing to warn their consumers of the defects that existed in their product.

32.

Defendants have a duty of reasonable care, pursuant to O.C.G.A. § 51-1-11 (c), to warn the public of all the hazards, dangers and risks posed by the foreseeable use of their product and of which they have actual or constructive knowledge.

33.

Defendants knew or reasonably should have known of the hazards, dangers and risks arising from the foreseeable use of their product by consumers.

34.

Defendants failed to adequately warn and disclose to Plaintiff and/or her husband, Decedent Edward C. Davis, the hazards, dangers and risks associated with the use of their product.

35.

Defendants breached their duty to warn by (1) failing to adequately warn and disclose to the public and/or the owner of its product the potential hazards, dangers and risks associated with its product, and (2) by failing to adequately communicate this warning to the public and/or the owner of the product.

36.

The product was used in a foreseeable manner by Decedent, Edward C. Davis.

37.

Neither Plaintiff nor her husband, Decedent Edward C. Davis, had knowledge of the dangers associated with the Defendants' product.

38.

Decedent's untimely and excruciating death was the direct and proximate result of Defendants' failure to warn of the hazards, dangers and risks associated with the use of its product.

39.

Had Defendants made the necessary warnings or disclosures, Decedent Edward C. Davis would not have died in the subject fire.

40.

The damages sustained by Plaintiff were due to the negligence of the Defendants, and without any negligence, assumption of the risk or want of care on the part of the Plaintiff and/or her husband, Decedent Edward C. Davis.

## IV.
## DAMAGES

### *PUNITIVE DAMAGES*

41.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 40 as if fully alleged herein.

42.

Defendants' conduct as set out above amounts to a reckless disregard for the safety of the general public.

43.

Punitive damages are appropriate against Defendants in this action.

### *ATTORNEY'S FEES AND EXPENSES*

44.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 43 as if fully alleged herein.

45.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, thus entitling Plaintiff to an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

**WHEREFORE,** Plaintiff prays:

(A)    That Summons and Process be issued and served upon Defendants;

(B)    That Plaintiff recover the full value of the life of Edward C. Davis;

(C)    That Plaintiff, in her capacity as the Administratrix of the Estate of Edward C. Davis, recover damages for the pre-death pain and suffering sustained by Edward C. Davis;

(D)    That Plaintiff, in her capacity as the Administratrix of the Estate of Edward C. Davis, recover for the medical expenses and funeral, burial and other expenses of the Estate of Edward C. Davis;

(E)    For trial by a twelve person jury; and

STATE OF GEORGIA
COUNTY OF _____ATKINSON_____

## TEMPORARY LETTERS OF ADMINISTRATION

By _____JEFFERY P. MCGOWAN_____, Judge of the Probate Court of said County.

   WHEREAS, _____EDWARD CAMERON DAVIS_____ died domiciled
in this County, owning certain assets within this State; and the estate is unrepresented, and it appears
necessary that such assets be collected and preserved until permanent letters are issued;

   I do, therefore, hereby appoint _____CHRISTIE LYNN DAVIS_____

_____ as Temporary Administrator of the estate of the said decedent, for the sole purpose
of collecting and preserving the assets of the said decedent until permanent letters are issued; and thereupon
to deliver up such assets to whomsoever this Court shall commit the administration of the estate of said
decedent, as provided by law.

   Temporary administrators are authorized to carry out existing contracts of the decedent, carry on the
business of the decedent, and do such acts as are necessary for the protection and preservation of the estate
provided proper orders are secured from the probate court after due notice to all parties in interest.

   IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate Court
of said County and the seal of this office this _13 th_ day of _____FEBRUARY_____, 2006.


_Jeffrey P. McGowan_
Judge of the Probate Court

(SEAL)

NOTE: The following must be signed if the judge does not sign
      the original of this document:

Issued by:

_Linda Davis_
Clerk, Probate Court

EXHIBIT
"A"

GPCSF 26

## PETITION FOR TEMPORARY LETTERS OF ADMINISTRATION

GEORGIA,_____ATKINSON____COUNTY

To the Honorable Judge of the Probate Court:

The petition _____CHRISTIE LYNN DAVIS_____ , whose domicile is ___Route 2, Box 35K, Pearson, GA 31642_____ ,and whose mailing address is ___Route 2, Box 35K, Pearson, GA 31642_____ shows to the Court the following:

1.

____EDWARD_____     CAMERON_____     __DAVIS_____ whose
First                                     Middle                              Last Name
domicile was ___Route 2, Box 35K_____     Pearson_____     Atkinson_____ Georgia
            Street                                          City                   County          State
departed this life on __December 23_ ,  __2005_ ,  leaving an estate of real and personal property valued
at approximately _____No assets_____ .

2.

Petitioner's appointment is in the best interests of the estate by reason of the estate's being unrepresented and it is necessary for Temporary Letters of Administration to be granted for the sole purpose of collecting and preserving the assets of the decedent.

3.

Petitioner is entitled to be appointed Temporary Administrator by reason of (check one):

____ being the nominated executor in decedent's purported will (a copy of which is attached hereto and made a part hereof).

____ being unanimously selected by all the heirs.

_X_ being the sole heir or being the surviving spouse.

____ having been selected by a majority in interest of the heirs.

____ being an eligible person as defined in O.C.G.A. §53-6-1.

____ being a creditor of the decedent (evidence of the indebtedness is attached).

____ being the county administrator.

4.

Listed below are the names of all the decedent's heirs with the age or majority status, address, and relationship to decedent set opposite the name of each:

| Name | Age (Or over 18) | Address | Relationship |
|------|------------------|---------|--------------|
| Christie Lynn Davis | over 18 | Route 2, Box 35K, Pearson, GA 31642 | Wife |
| Drew Isaac Davis | age 5 | Route 2, Box 35K, Pearson, GA 31642 | Son |
| Miracle Hope Davis | age 2 | Route 2, Box 35K, Pearson, GA 31642 | Daughter |
| Calleigh Isabelle Davis | age 5 months | Route 2, Box 35K, Pearson, GA 31642 | Daughter |

5.

Additional Data: Where full particulars are lacking, state here the reasons for any such omission. If any heirs listed above are cousins, grandchildren, nephews or nieces of the decedent, please indicate the deceased ancestor through whom they are related to the decedent.

_____

_____

6.

To the knowledge of the petitioner, no other proceedings with respect to this estate are pending, or have been completed, in any other probate court in this state.

Wherefore, petitioner prays for an order appointing petitioner Temporary Administrator of said estate.

Signature of Attorney, Berrien L. Sutton
Address:                P. O. Box 496
                        Homerville, GA  31634
Telephone Number:       (912)  487-5273
State Bar #:            693450

## VERIFICATION

GEORGIA, ___ATKINSON___ COUNTY

Personally appeared before me the undersigned petitioner(s) who on oath state(s) that the facts set forth in the foregoing petition are true.

Petitioner,   Christie Dynn Davis

Residence Address:  Route 2, Box 35K,

Pearson, GA  31642

Telephone Number:   (912) 393-5562

Sworn to and subscribed before me, this __13th__ day of __Feb.__, 2006.

Clerk of Probate Court or Notary Public

PROBATE COURT OF __ATKINSON__ COUNTY

STATE OF GEORGIA

RE: ESTATE OF                    )        ESTATE NO._____
                                 )
EDWARD CAMERON DAVIS,            )        RE:    PETITION FOR TEMPORARY
DECEASED                         )               LETTERS OF ADMINISTRATION

## ORDER

The petition of __CHRISTIE LYNN DAVIS__ for Temporary Letters of Administration on the estate of __EDWARD CAMERON DAVIS__, deceased, has been duly filed. It appears that said decedent died domiciled in said county, that said petitioner is lawfully qualified for said administration, that such appointment will be in the best interests of the estate, and that it is necessary that temporary letters should issue for the sole purpose of collecting and preserving the assets of said decedent until permanent letters are granted. It is, therefore, ordered that the petitioner be, and is hereby appointed Temporary Administrator of the estate, and that Letters be issued upon said Administrator's giving bond with approved surety in the sum of _____-0-_____ dollars and taking the oath as the law requires; provided, however, that no disbursements from said estate may be made by said Temporary Administrator unless permission is granted by further order of this Court for the purpose of preserving the estate.

_Feb. 13  2006_
DATE

_Jeffrey P. Mc Gowan_
JUDGE OF THE PROBATE COURT

## OATH

Georgia, __ATKINSON__ County

I do solemnly swear or affirm that __EDWARD CAMERON DAVIS__, deceased, died intestate, leaving the estate currently unrepresented, so far as I know or believe, and that I will well and truly administer on all the estate of the decedent, and discharge to the best of my ability all my duties as Temporary Administrator. So help me God.

_Christie Lynn Davis_
Temporary Administrator, CHRISTIE LYNN DAVIS

Sworn to and subscribed before me
this __13th__ day of _Feb._,
_2006_.

_Linda Davis_
Clerk, Probate Court

## CERTIFICATE IN ACCORDANCE WITH
## UNIFORM PROBATE COURT RULE 21(F)

I certify that the content of the foregoing is identical in all material respects with Georgia probate court standard form entitled **Petition for Temporary Letters of Administration**, except for additions or deletions indicated as required by the Uniform Probate Court Rules.

_____
Date

_____
Signature of Attorney, Berrien L. Sutton
Address:          P. O. Box 496
                  Homerville, GA 31634
Telephone Number: (912) 487-5273
State Bar#:        693450

(F)     That Plaintiff recover such other and further relief as this Court deems just

and proper.


This _23rd_ day of October, 2006.

Berrien L. Sutton (signed with express permission)
Berrien L. Sutton
Georgia Bar No. 693450

SUTTON & ASSOCIATES, P.C.
Post Office Box 496
Homerville GA 31634
(912) 487-5273

Brent J. Savage
Georgia Bar No. 627450
William H. Pinson, Jr.
Georgia Bar No. 0580600
Martha W. Williams
Georgia Bar No. 153090

SAVAGE, TURNER, PINSON & KARSMAN
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

CHRISTIE LYNN DAVIS, Individually )
and as Administratrix of the Estate of )
EDWARD CAMERON DAVIS, )
Deceased, )
                                  )
       Plaintiff, )
                                  )
vs.                               )      CIVIL ACTION NO: 2006CV124799
                                  )
FLEETWOOD HOMES OF GEORGIA, )
INC. and PASS & SEYMOUR, INC., )
                                  )
       Defendants. )

FILED IN OFFICE

APR – 9 2007

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

---

## FIRST AMENDED AND RECAST COMPLAINT

**COMES NOW**, CHRISTIE LYNN DAVIS, Individually and as Administratrix of

the Estate of EDWARD CAMERON DAVIS, Deceased, Plaintiff in the above-styled

action, and files her First Amended and Recast Complaint against Defendants

FLEETWOOD HOMES OF GEORGIA, INC. (hereinafter "Fleetwood") and PASS &

SEYMOUR, INC. (hereinafter "P&S"), as follows:

### I.
### JURISDICTION AND VENUE

1.

Plaintiff is a resident and citizen of the State of Georgia.

2.

Plaintiff is the surviving spouse of Edward C. Davis, Deceased, and the appointed and acting Administratrix of the Estate of Edward C. Davis. As such, she is the proper party to pursue claims on behalf of the Estate of Edward C. Davis. She is also the proper party to pursue claims for the wrongful death of Edward C. Davis.

3.

Defendant FLEETWOOD HOMES OF GEORGIA, INC. is a Delaware corporation registered to do business in Georgia and may be served through its registered agent, C. T. Corporation System, 1201 Peachtree Street N.E., Atlanta, Georgia, 30361.

4.

Defendant PASS & SEYMOUR, INC. is a New York corporation registered to do business in Georgia and may be served through its registered agent, Corporation Process Company, 180 Cherokee Street, N.E., Marietta, Georgia, 30060.

5.

Jurisdiction and venue are proper in this Court.

## II.
## FACTUAL ALLEGATIONS

6.

On December 22, 2005, Decedent Edward C. Davis was living in a mobile home, a 1999 Fleetwood (Westfield Model; Serial Number 97WW11).

7.

On the evening of December 22, 2005, Edward C. Davis went into his bedroom, turned on the electric fan, and went to sleep in his bed.

8.

A defect in the electrical outlet in the bedroom caused a smoldering fire.

9.

After the fire started, Mr. Davis woke up and attempted to exit his home, stumbling throughout the mobile home and into the living room, before he succumbed to the injuries he sustained from the fire.

10.

Mr. Davis was found dead in the living room on the morning of December 23, 2005.

11.

As a result of Defendant P & S's defective electrical outlet and Defendant Fleetwood's improper installation and utilization of said electrical outlet, Edward Davis suffered an untimely and excruciating death.

12.

Edward Davis's death was a direct result of the defective and improperly installed electrical outlet, which resulted in the above-mentioned fire.

13.

Defendant P & S was negligent in failing to properly design, manufacture, and/or assemble the above-mentioned electrical outlet.

14.

Defendant Fleetwood was negligent by improperly installing a defective electrical outlet in the subject mobile home, which resulted in a sudden fire.

### III.
### CAUSES OF ACTION

#### *COUNT ONE*
#### *PRODUCT-STRICT LIABILITY*

15.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 14 as if fully alleged herein.

16.

At all times relevant hereto, the subject mobile home, including the defective electrical outlet contained therein, was being used in the manner instructed and directed by Defendants.

17.

At all times relevant hereto, said mobile home, including the defective electrical outlet contained therein, was employed in a manner consistent with its normal, ordinary, intended and foreseeable use.

18.

Said mobile home, including the defective electrical outlet contained therein, was in substantially the same condition when inhabited and used by Plaintiff and her husband, Edward C. Davis, at the time of the above-mentioned occurrence as it was at the time it was purchased.

19.

The dangers, defects and risks associated with the mobile home, including the defective electrical outlet contained therein, were not those of the type generally ascertained or known by the public.

20.

Said mobile home, including the defective electrical outlet contained therein, when placed into the stream of commerce, was in a defective condition that made it unreasonably dangerous and unsafe for its intended use by ordinary users or consumers.

21.

Decedent Edward C. Davis's untimely and excruciating death was proximately caused by the Defendants' defective mobile home and the defective electrical outlet contained therein.

22.

Defendants are strictly liable to Plaintiff for the damages and injuries sustained as a result of the aforementioned defects in the mobile home, and the defective

electrical outlet contained therein, which were voluntarily marketed for sale by Defendants to the general public in the State of Georgia.

## COUNT TWO
## NEGLIGENT DESIGN

23.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 22 as if fully alleged herein.

24.

The mobile home purchased by Plaintiff and her husband, Decedent Edward C. Davis, was designed, manufactured, and/or placed in the stream of commerce by Defendant Fleetwood.

25.

The defective electrical outlet contained within the subject mobile home was designed, manufactured and placed in the stream of commerce by Defendant P&S.

26.

Defendant Fleetwood knew, or, in the exercise of ordinary care, should have known, that the mobile home, including the defective electrical outlet contained therein, was inherently dangerous and defective in its design, manufacture and assembly.

27.

The mobile home, including the defective electrical outlet contained therein, was negligently designed, manufactured and assembled by Defendant Fleetwood in that it contained latent and hidden defects rendering it unforeseeably dangerous when used in its marketed and intended purpose.

28.

The mobile home, including the defective electrical outlet contained therein, subjected Plaintiff and her husband, Decedent Edward C. Davis, to an unreasonable risk of harm when used in its foreseeable, reasonable and intended manner.

29.

As a result of the Defendants' negligence, Decedent Edward C. Davis suffered an untimely and excruciating death.

30.

The damages sustained by Plaintiff are due to the negligence of the Defendants and without any negligence, assumption of the risk, or want of care on the part of the Plaintiff and/or her husband, Decedent Edward C. Davis.

### COUNT THREE
### NEGLIGENT FAILURE TO WARN

31.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 30 as if fully alleged herein.

32.

Defendants were negligent in failing to warn their consumers of the defects that existed in their products.

33.

Defendants have a duty of reasonable care, pursuant to O.C.G.A. § 51-1-11 (c), to warn the public of all the hazards, dangers and risks posed by the foreseeable use of their products and of which they have actual or constructive knowledge.

34.

Defendants knew or reasonably should have known of the hazards, dangers and risks arising from the foreseeable use of their products by consumers.

35.

Defendants failed to adequately warn and disclose to Plaintiff and/or her husband, Decedent Edward C. Davis, the hazards, dangers and risks associated with the use of their product.

36.

Defendants breached their duty to warn by (1) failing to adequately warn and disclose to the public and/or the owner of its products the potential hazards, dangers and risks associated with its products, and (2) by failing to adequately communicate this warning to the public and/or the owner of the products.

37.

The products were used in a foreseeable manner by Decedent, Edward C. Davis.

38.

Neither Plaintiff nor her husband, Decedent Edward C. Davis, had knowledge of the dangers associated with the Defendants' products.

39.

Decedent Edward C. Davis's untimely and excruciating death was the direct and proximate result of Defendants' failure to warn of the hazards, dangers and risks associated with the use of its products.

40.

Had Defendants made the necessary warnings or disclosures, Decedent Edward C. Davis would not have died in the subject fire.

41.

The damages sustained by Plaintiff were due to the negligence of the Defendants, and without any negligence, assumption of the risk or want of care on the part of the Plaintiff and/or her husband, Decedent Edward C. Davis.

## IV.
## DAMAGES

### *PUNITIVE DAMAGES*

42.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 41 as if fully alleged herein.

43.

Defendants' conduct as set out above amounts to a reckless disregard for the safety of the general public.

44.

Punitive damages are appropriate against Defendants in this action.

## *ATTORNEY'S FEES AND EXPENSES*

45.

Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 through 44 as if fully alleged herein.

46.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, thus entitling Plaintiff to an award of attorney's fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

**WHEREFORE,** Plaintiff prays:

(A)     That Summons and Process be issued and served upon Defendants;

(B)     That Plaintiff recover the full value of the life of Edward C. Davis;

(C)     That Plaintiff, in her capacity as the Administratrix of the Estate of Edward C. Davis, recover damages for the pre-death pain and suffering sustained by Edward C. Davis;

(D)     That Plaintiff, in her capacity as the Administratrix of the Estate of

        Edward C. Davis, recover for the medical expenses and funeral, burial

        and other expenses of the Estate of Edward C. Davis;

(E)     For trial by a twelve person jury; and

(F)     That Plaintiff recover such other and further relief as this Court deems

        just and proper.

This _____ day of April, 2007.

_____
Berrien L. Sutton
Georgia Bar No. 693450

SUTTON & ASSOCIATES, P.C.
Post Office Box 496
Homerville GA 31634
(912) 487-5273

_____
Brent J. Savage
Georgia Bar No. 627450

SAVAGE, TURNER, PINSON & KARSMAN
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

CHRISTIE LYNN DAVIS,               )
Individually and as Administratrix of )
the Estate of EDWARD CAMERON   )
DAVIS, Deceased,                   )
                                   )   CIVIL ACTION FILE
                        Plaintiff,  )
                                   )   NO. 2006CV124799
v.                                  )
                                   )
FLEETWOOD HOMES OF              )
GEORGIA, INC. and                  )
FLEETWOOD RETAIL CORP. OF     )
GEORGIA,                           )
                                   )
                        Defendants.  )

## ANSWER ON BEHALF OF FLEETWOOD RETAIL CORP. OF GEORGIA

COMES NOW Fleetwood Retail Corp. of Georgia ("Fleetwood Retail"), one of the Defendants in the above styled litigation, and within the time required by law, serves and files this its answer to Plaintiff's Complaint and says:

## FOR A FIRST DEFENSE

Fleetwood Retail Corp. of Georgia avers that it neither sold nor had any connection whatever with the manufactured home or the transactions and occurrences that form the subject matter of this litigation with the result that Plaintiff's claims against it fail to state any claim against it both as a matter of law and as a matter of fact.

## FOR A SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A THIRD DEFENSE

Fleetwood Retail was not guilty of any negligence in connection with the transactions and occurrences that form the subject matter of Plaintiff's Complaint with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A FOURTH DEFENSE

Fleetwood Retail was not guilty of any actionable negligence in connection with the transactions and occurrences that form the subject matter of Plaintiff's Complaint with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A FIFTH DEFENSE

Fleetwood Retail is not liable in the premises because no tortous act or omission on its part proximately caused or proximately contributed to cause the damages alleged by Plaintiff.

## FOR A SIXTH DEFENSE

If Fleetwood Retail were negligent -- and Fleetwood Retail denies that it was negligent in any particular -- nevertheless the negligence of Plaintiff's decedent was equal to or greater than any alleged negligence on the part of Fleetwood Retail with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A SEVENTH DEFENSE

Plaintiff's decedent, Edward Cameron Davis, failed to exercise ordinary care for his own safety and protection and such failure was the sole proximate cause of his injury and death with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR AN EIGHTH DEFENSE

Plaintiff's decedent, Edward Cameron Davis, was guilty of negligence proximately contributing to his injury and death.

## FOR A NINTH DEFENSE

The sole proximate cause of Plaintiff's decedent's injury and death was a combination of the negligence of Plaintiff's decedent, Edward Cameron Davis, and the negligence of a person or persons, firm or firms, corporation or corporations for whose acts or omissions Fleetwood Retail was and is in no way liable with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

3

## FOR A TENTH DEFENSE

The sole proximate cause of the damage to Plaintiff's decedent's injury and death was the negligence of a person or persons, firm or firms, corporation or corporations for whose acts or omissions Fleetwood Retail was and is in no way liable with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR AN ELEVENTH DEFENSE

The alleged negligence of Fleetwood Retail was insulated by the subsequent acts and conduct of another or others with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A TWELFTH DEFENSE

Plaintiff's decedent, Edward Cameron Davis, assumed the risk of injury in this matter by exposing himself to an open and obvious danger with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A THIRTEENTH DEFENSE

If Fleetwood Retail were negligent -- and Fleetwood Retail denies that it was negligent in any particular -- nevertheless, Plaintiff's decedent, Edward Cameron Davis, in the exercise of ordinary care could have avoided the consequences to himself of any alleged negligence on the part of Fleetwood Retail with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

4

## FOR A FOURTEENTH DEFENSE

There was no defect in the subject manufactured home with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A FIFTEENTH DEFENSE

If there were any defect in the subject manufactured home -- and Fleetwood Retail denies that there was any such defect -- nevertheless, there was no causal connection between any alleged defect in the manufactured home on the one hand and Plaintiff's decedent's injury and death on the other with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A SIXTEENTH DEFENSE

If there were any other act or omission which would otherwise render Fleetwood Retail liable to Plaintiff -- and Fleetwood Retail denies that any such act or omission occurred -- nevertheless the alleged conduct Fleetwood Retail was insulated by the subsequent acts and omissions of another or others with the result that Fleetwood Retail has no liability in the premises.

## FOR A SEVENTEENTH DEFENSE

If there were any defect in the subject manufactured home -- which is denied -- the conditions which led to the manufactured home's alleged improper condition resulted from misuse, negligence, alteration, modification, accident, or lack of maintenance by a person or persons, firm or firms, corporation or corporations for

whose acts or omissions Fleetwood Retail was and is in no liable with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR AN EIGHTEENTH DEFENSE

Any and all causes of action purported to be set forth in Plaintiff's Complaint are barred by the doctrines of express or implied preemption as a result of compliance of the subject manufactured home with all applicable governmental and industry law and/or standards.

## FOR A NINETEENTH DEFENSE

Fleetwood Retail did not breach any duty of any kind to Plaintiff or to Plaintiff's decedent with the result that Plaintiff is not entitled to recover against Fleetwood Retail in this cause.

## FOR A TWENTIETH DEFENSE

Fleetwood Retail shows that it was not guilty of any negligence, fault, or wrongful or intentional conduct whatsoever with the result Fleetwood Retail has no liability to Plaintiff and Plaintiff's Complaint should be dismissed.

## FOR A TWENTY-FIRST DEFENSE

To the extent that Plaintiff asserts a demand for punitive damages, Fleetwood Retail specifically incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517

6

U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## FOR A TWENTY-SECOND DEFENSE

To the extent that Plaintiff claims punitive damages against Fleetwood Retail, Fleetwood Retail affirmatively pleads the following in respect of punitive damages:

(a)　An award of punitive damages in this civil action would amount to a deprivation of property without due process of law and a violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Georgia;

(b)　An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Georgia;

(c)　The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of Georgia;

7

(d)    An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of Georgia; and

(e)    Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment and the corresponding provisions of the Constitution of the State of Georgia.

## FOR A TWENTY-THIRD DEFENSE AND BY WAY OF FURTHER ANSWER TO THE INDIVIDUALLY NUMBERED PARAGRAPHS OF PLAINTIFF'S COMPLAINT

### I.

### JURISDICTION AND VENUE

### 1.

Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the allegations contained in paragraph 1 of Plaintiff's Complaint but rather demands strict proof thereof.

### 2.

Paragraph 2 of Plaintiff's Complaint is a paragraph referencing the capacity of Plaintiff to sue and attaches certain exhibits appointing Plaintiff as administratrix of the estate of Edward C. Davis. As such, the paragraph requires

no response by Fleetwood Retail. However, to the extent that Plaintiff seeks an admission that Plaintiff is, in fact, the appropriate party plaintiff, Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the truth or authenticity of the documents attached as Exhibit A to the Complaint. Furthermore, to the extent paragraph 2 of Plaintiff's Complaint purports to cast liability either directly or indirectly on Fleetwood Retail, said paragraph is denied.

3.

The allegations of paragraph 3 of Plaintiff's Complaint are not directed to Fleetwood Retail and thus require no response by this defendant. However, upon information and belief, Fleetwood Retail states that Fleetwood Homes of Georgia, Inc. is a Georgia corporation with its principal place of business in Georgia.

4.

Fleetwood Retail denies the allegations of paragraph 4 of Plaintiff's Complaint to the extent that it alleges that it is a Delaware corporation. To the contrary, Fleetwood Retail avers that it is a Georgia corporation and that in a proper case it may be served through its registered agent as set forth in paragraph 4 of Plaintiff's Complaint.

5.

Fleetwood Retail does not contest the jurisdictional and venue allegations of paragraph 5 of Plaintiff's Complaint; however, to the extent that said paragraph

purports to cast liability either directly or indirectly upon Fleetwood Retail, said paragraph is denied.

## II.
## FACTUAL ALLEGATIONS

### 6.

Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the allegations contained in paragraph 6 of Count II of Plaintiff's Complaint but rather demands strict proof thereof.

### 7.

Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the allegations contained in paragraph 7 of Count II of Plaintiff's Complaint but rather demands strict proof thereof.

### 8.

Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the allegations contained in paragraph 8 of Count II of Plaintiff's Complaint but rather demands strict proof thereof.

### 9.

Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the allegations contained in paragraph 9 of Count II of Plaintiff's Complaint but rather demands strict proof thereof.

## 10.

Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the allegations contained in paragraph 10 of Count II of Plaintiff's Complaint but rather demands strict proof thereof.

## 11.

Fleetwood Retail is without sufficient knowledge, information, or belief either to admit or to deny the allegations contained in paragraph 11 of Count II of Plaintiff's Complaint but rather demands strict proof thereof.

## 12.

Fleetwood Retail denies the allegations contained in paragraph 12 of Count II of Plaintiff's Complaint.

## 13.

Fleetwood Retail denies the allegations contained in paragraph 13 of Count II of Plaintiff's Complaint.

## 14.

Fleetwood Retail denies the allegations contained in paragraph 14 of Count II of Plaintiff's Complaint.

## III.
## CAUSES OF ACTION

## COUNT ONE
## PRODUCT-STRICT LIABILITY

### 15.

Fleetwood Retail readopts and realleges as though set out herein verbatim its answers and responses to paragraphs 1-14 of Plaintiff's Complaint.

### 16.

Fleetwood Retail denies the allegations contained in paragraph 16 of Count One (Product-Strict Liability) of Plaintiff's Complaint.

### 17.

Fleetwood Retail denies the allegations contained in paragraph 17 of Count One (Product-Strict Liability) of Plaintiff's Complaint.

### 18.

Fleetwood Retail denies the allegations contained in paragraph 18 of Count One (Product-Strict Liability) of Plaintiff's Complaint.

### 19.

Fleetwood Retail denies the allegations contained in paragraph 19 of Count One (Product-Strict Liability) of Plaintiff's Complaint.