CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Debtors and Debtors in Possession

FILED & ENTERED

MAY 29 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tolleson   DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | CASE NO. 09-14254-MJ |
| FLEETWOOD ENTERPRISES, INC., et al., | Chapter 11 |
| Debtors. | [Jointly Administered] |
| | **ORDER APPROVING (I) BIDDING PROCEDURES FOR SALE OF RV ASSETS, (II) BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (III) NOTICE PROCEDURES, (IV) ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) DATE FOR SALE HEARING** |
| | **Hearing:**<br>Date:      May 27, 2009<br>Time:      1:30 p.m.<br>Place:     Courtroom 302<br>               3420 Twelfth Street<br>               Riverside, CA 92501<br>Judge:     Honorable Meredith A. Jury |

Upon consideration of the motion (the "Motion") of Fleetwood Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving (i) the Sale Procedures, (ii) the Break-up Fee and the Expense Reimbursement, (iii) notice procedures, (iv) the Assumption and Assignment Procedures, and (v) the date of the Sale Hearing; and upon consideration of the Exhibits to the Motion, and the authorities set forth and arguments made in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § § 157 and 1334; and the Court having found that the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and that venue is proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the hearing held regarding the sale; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  Unless otherwise noted, all capitalized terms used but not defined herein shall have the meanings given to such terms in the Motion.

C.      The Sale Procedures attached as **Exhibit A** to this Order are reasonably calculated to maximize the value received by the Debtors for the RV Assets.

D.      The amount of the Break-Up Fee and Expense Reimbursement are fair and reasonable, were negotiated by the parties at arms' length and in good faith, and are: (a) actual, necessary costs

and expenses of preserving the Debtors' estates within the meaning of 11 U.S.C. § 503(b); (b) consistent with the real and substantial benefits that the Purchaser has conferred upon the Debtors' estates; (c) reasonable and appropriate considering the size and nature of the proposed sale of the RV Assets and the Purchaser's efforts in connection with the sale; (d) required to induce the Purchaser to continue pursuing the sale; and (e) necessary costs of sale of the RV Assets and a sound and appropriate exercise of the Debtors' business judgment.  The Break-Up Fee and Expense Reimbursement have induced the Purchaser to submit a bid that will serve as a minimum bid upon which the Debtors, their creditors, and other bidders can rely.  The Purchaser has provided a material benefit to the Debtors and their creditors by increasing the likelihood that the best possible purchase price for the RV Assets will be received.

E.      The Assumption and Assignment Procedures attached as **Exhibit B** to this Order are fair and reasonably necessary to expedite the closing of the sale of RV Assets.

F.      The forms of Auction and Sale Notice and Notice of Assumption and Assignment attached as **Exhibits C** and **D**, respectively, to this Order, if served by the Debtors as described in the Motion, provide sufficient notice of the events and deadlines set forth therein pursuant to Bankruptcy Rules 2002, 6004 and 6006.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Subject to the terms of this Order, the relief requested in the Motion is granted in its entirety.

2.      The Sale of the Debtors' RV Assets to American Industrial Partners L.P. ("Initial Bidder" or "Purchaser") or a qualified over bidder shall be governed by the Sale Procedures, attached as **Exhibit A** hereto, which are hereby authorized, approved and made part of this Order as if fully set forth herein and shall be the exclusive method for the sale of the RV Assets.  The Debtors are authorized to take all of the actions contemplated by the Sale Procedures, including conducting a sale by auction (the "Auction") of the RV Assets to the Initial Bidder or qualified over bidder pursuant to the Sale Procedures and the terms of this Order.

3.      Subject to the approval of an Asset Purchase Agreement ("APA") to be considered by the Court at the Sale Approval Hearing set for hearing below, payment of the Break-Up Fee to the Initial Bidder in the amount of $1,000,000 and the reimbursement of up to an additional $750,000 of reasonable and documented out of pocket due diligence fees/expenses (including attorneys' fees and expenses) incurred by the Initial Bidder as the Expense Reimbursement is approved.

4.      The Assumption and Assignment Procedures, attached as **Exhibit B** hereto, are hereby authorized, approved and made part of this Order as if fully set forth herein.

5.      The Debtors are authorized to file the Sale Motion as an omnibus motion for assumption and assignment of the Assumed Contracts pursuant to Bankruptcy Rule 6006(f)(6).

6.      The Court hereby schedules a Sale Hearing to be held **June 24, 2009 at 1:30 p.m.** (Pacific Time) before the Honorable Meredith A. Jury, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Central District of California, Riverside Division, Courtroom 302, 3420 Twelfth Street, Riverside, CA 92501, to consider the entry of an order, inter alia, approving the sale of the RV Assets free and clear of all liens, claims, interests and encumbrances and the assumption and assignment of the Assumed Contracts.  The Debtors may adjourn the Sale Hearing one or more times without further notice by making an announcement in open Court or by the filing of a hearing agenda announcing the adjournment.

7.      The motion to approve the sale of the Debtors' RV Assets ("Sale Motion"), which shall attach the proposed APA with the Initial Bidder, shall be filed and served on or before May 29, 2009. Any opposition to the Sale Motion shall be filed and served on or before June 17, 2009 (with the exception of objections to assumption and assignment which shall be filed and served by June 19, 2009 pursuant to the Assumption and Assignment Procedures).  Any Reply in support of the Sale Motion shall be filed and served on or before June 22, 2009.

8.      Immediately after entry of this Order, the Debtors shall provide notice of the Sale Procedures, the time and place of the Auction, and the time and place of the Sale Hearing by sending the Auction and Sale Notice attached as **Exhibit C** to this Order, to (i) counsel for the Official Committee of Unsecured Creditors, (ii) counsel for the indenture trustee of the 14% notes, (iii) counsel for the prepetition secured lenders, (iv) all parties who assert liens with respect to the RV

Assets, (v) all parties to the Assumed Contracts, (vi) the United States Trustee, (vii) the Department

of Defense, (viii) the Securities and Exchange Commission, (ix) the Internal Revenue Service, (x) the

United States Attorney's Office, (xi) the United States Attorney General's Office, (xii) California

Employment Development Department, (xiii) the Riverside District Attorney, (xiv) the California

Franchise Tax Board, (xv) all taxing authorities or recording offices which have a reasonably known

interest in the relief requested, (xvi) federal, state and local regulatory authorities, (xvii) all non-

debtor parties to Assumed Contracts; (xviii) each entity that previously expressed an interest in

purchasing the RV Assets, and (xix) the general service list established in these bankruptcy cases

pursuant to Bankruptcy Rule 2002 and in compliance with First Day Orders of this Court entered in

this case as to notice.

9.      No more than two (2) days after the schedules to the APA are substantially complete

and the Assumed Contracts have been identified, the Debtors shall serve Notices of Assumption and

Assignment substantially in the form attached as **Exhibit D** to this Order upon all Non-Debtor Parties

(as defined in the Assumption and Assignment Procedures) to the Assumed Contracts.

10.      Pursuant to Bankruptcy Rule 6006(f), the Debtors shall file with the Court and deliver

to (i) counsel to the Purchaser, (ii) the U.S. Trustee, and (iii) counsel to the Official Committee of

Unsecured Creditors an alphabetized listing of all Non-Debtor Parties, together with a declaration

confirming that the Notices of Assumption and Assignment have been sent to each Non-Debtor Party.

11.      To the extent that any Non-Debtor Party wishes to object regarding (i) the proposed

Cure Amount (as defined in the Assumption and Assignment Procedures); (ii) the need to cure a

default or early termination event, including any default or early termination event with respect to the

Debtors and each of their respective affiliates, successors and assigns (a "Default") other than a

Default relating to the commencement of a case under the Bankruptcy Code by any of the Debtors, or

the insolvency or financial condition of any of the Debtors; (iii) the assurances of Purchaser's future

performance under the applicable Assumed Contract/s; or (iv) any other objection to the proposed

assumption and assignment, then such Non-Debtor Party must, no later than **5:00 p.m. Pacific Time**

**on June 19, 2009** (the "Objection Deadline"), file a written objection with the Court, serve such

written objection upon (a) counsel to the Debtors: Gibson, Dunn & Crutcher LLP, attn: Craig H.

Millet; fax: (949) 475-4651; email: cmillet@gibsondunn.com; (b) counsel to the Purchaser: Nixon Peabody LLP, attn: Victor Milione, fax: (866) 947-1974, email: vmilione@nixonpeabody.com; and (c) counsel for the Official Committee of Unsecured Creditors, Attn: Hamid R. Rafatjoo, fax: (310) 201-0760, email: hrafatjoo@pszjlaw.com, and deliver a courtesy copy of the objection to the Chambers of Judge Jury, United States Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, CA 92501.  All objections must state the grounds therefor, including (i) if the Non-Debtor Party objects to the Debtors' proposed Cure Amount, specifying the Non-Debtor Party's alleged cure amount (including all relevant details regarding specific dates, charges, and calculations of amounts alleged to be due under the applicable Assumed Contract), and/or (ii) describing such other Defaults that the Non-Debtor Party alleges must be cured to effect assignment of the applicable Assumed Contract.  Objections filed pursuant to these procedures shall be heard at the Sale Hearing.

12.     To the extent that any Non-Debtor Party does not timely file and serve an objection as set forth herein, such Non-Debtor Party will be deemed (i) to have consented to the Cure Amount, if any; (ii) to have agreed that the Purchaser has provided adequate assurance of future performance of the applicable Assumed Contract/s within the meaning of Bankruptcy Code section 365(b)(1)(C); (iii) to have agreed that all Defaults under the applicable Assumed Contract/s arising or continuing prior to the proposed assignment have been cured as a result or precondition of the proposed assignment, such that the Debtors and the Purchaser shall have no liability or obligation with respect to any Default occurring or continuing prior to the proposed assignment; (iv) to have waived any right to terminate the applicable Assumed Contract/s or designate an early termination date under the applicable Assumed Contract/s as a result of any Default that occurred and/or was continuing prior to the assignment date; and (v) to have consented to the assumption and assignment to Purchaser of the applicable Assumed Contract/s.

13.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

14.     All objections to the Motion or the relief requested therein (and all reservations of

rights included therein) are overruled to the extent they have not been withdrawn, waived or

otherwise resolved.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the

implementation of this Order.

###

RV Sale Procedures Order.doc

DATED: May 29, 2009

_____
United States Bankruptcy Judge

CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | CASE NO. 09-14254-MJ |
| FLEETWOOD ENTERPRISES, INC., et al., | Chapter 11 |
| Debtors. | [Jointly Administered] |
| | **AMENDED EXHIBIT A TO ORDER APPROVING (I) BIDDING PROCEDURES FOR SALE OF RV ASSETS, (II) BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (III) NOTICE PROCEDURES, (IV) ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) DATE FOR SALE HEARING** |

**Hearing:**
Date:      May 27, 2009
Time:      1:30 p.m.
Place:     Courtroom 302
           3420 Twelfth Street
           Riverside, CA 92501
Judge:     Honorable Meredith A. Jury

## SALE AND BIDDING PROCEDURES

Fleetwood Enterprises, Inc. and certain of its affiliated debtors and debtors in possession (collectively, "Seller") expect to enter into an Asset Purchase Agreement (the "APA"), with a certain purchaser or one of its affiliates (the "Purchaser"), pursuant to which the Seller contemplates the sale (the "Sale") of substantially all assets related to its recreational vehicle business (the "RV Assets").  Any action or decision to be taken by Seller, as described below, shall be taken in consultation with the Official Committee of Unsecured Creditors Committee ("Committee") and the Debtors prepetition secured lenders, Bank of America, as agent, ISIS Lending LLC and Deutsche Bank as Indenture Trustee for the 14% note holders, ("Prepetition Secured Lenders.")

As contemplated by and incorporated into that certain Order Approving (i) Sale Procedures for Sale of RV Assets, (ii) Break-Up Fee and Expense Reimbursement, (iii) Notice Procedures, (iv) Assumption and Assignment Procedures, and (v) Date For Sale Hearing (the "Sale Procedures Order"), the following procedures (the "Sale Procedures") shall be the exclusive mechanism governing the Sale.

## I.     Access of Prospective Bidders to Non-Public Information

To receive non-public information concerning the RV Assets, each interested person or entity (other than the Purchaser) must deliver (unless previously delivered) to the advisors to the Seller, Greenhill & Co., LLC ("Greenhill"), 300 Park Avenue, 22nd Floor, New York, New York 10022 (Attn: David E. Burns) dburns@greenhill.com, counsel to the Seller, Gibson, Dunn & Crutcher LLP, 3161 Michelson Drive, Irvine, California 92612 (Attn:  Rod Anavim) ranavim@gibsondunn.com, and counsel to the Committee, Pachulski, Stang, Ziehl & Jones LLP,

10100 Santa Monica Blvd, 11th Floor, Los Angeles, CA 90067-4100 (Attn: Hamid Rafatjoo)

hrafatjoo@pszjlaw.com:

    **A.**    **Indication of Interest Letter.**

An indication of interest letter, which shall include: (i) identifying the requesting party, and (ii) any assets expected to be excluded or any additional assets desired to be included.

    **B.**    **Confidentiality Agreement.**

An executed confidentiality agreement which may be obtained from Greenhill.

    **C.**    **Determination of Non-Public Information Recipients.**

The Seller shall have the discretion to determine whether a party (other than the Purchaser) may receive non-public information concerning the RV Assets (each, a "Prospective Bidder") based upon the Seller's evaluation of the Indication of Interest Letter submitted by such party, as well as other commercial and competitive considerations.

    **D.**    **Notification of Non-Public Information Recipients; Due Diligence.**

Upon determining that a party qualifies as a Prospective Bidder and, therefore, qualifies to receive non-public information, the Seller shall promptly notify the Prospective Bidder in writing and provide the Prospective Bidder with access to (i) the same confidential evaluation materials and information initially provided by the Seller to each other Prospective Bidder and (ii) such other financial information and other data related to the Seller and the RV Assets as the Prospective Bidder may reasonably request that the Seller, in its business judgment, determines to be reasonable and appropriate, which requests may include reasonable access to the senior management of the Seller. In the event that any information or due diligence access is granted to any Prospective Bidder beyond any information or due diligence access which has been granted to the Purchaser, the Seller shall provide to the Purchaser the same additional information or due diligence access.

## II.    Submission of Bids and Determining Qualified Bids

### A.    Terms and Conditions of a Qualified Bid.

Each offer, solicitation or proposal (a "Bid") from any interested person or entity who has previously submitted to the Seller adequate Evidence of Financial Capability (each, a "Potential Bidder") must be in writing and satisfy each of the following conditions to be deemed a "Qualified Bid" and for the Potential Bidder (other than the Purchaser) to be considered as a "Qualified Bidder:"

#### 1.    Identification of Bidder; Financial Capability.

The Bid shall identify the Potential Bidder and the applicable Bidder's Sponsor (as defined below) (if any) and their representatives who are authorized to act on their behalf regarding the contemplated transaction.  If the Potential Bidder is a newly formed acquisition vehicle, the Bid must include evidence (in the form of binding commitment letters, current financial statements, guarantees or otherwise) that the Potential Bidder and/or the Potential Bidder's Sponsor as defined below, is able to fulfill all other obligations in connection with the contemplated transactions including, but not limited to, paying liquidated damages, if any.

#### 2.    Corporate Authority.

A Bid shall contain written evidence of the approval of the contemplated transaction by the Potential Bidder's Board of Directors (or comparable governing body); provided, however, that, if the Potential Bidder is an entity specially formed for the purpose of acquiring the RV Assets, then the Potential Bidder must furnish evidence or other information acceptable to the Seller of the approval of the contemplated transactions by the Board of Directors (or comparable governing body) of controlling equity holder(s) of the Potential Bidder (the "Bidder's Sponsor").

3

### 3.    *Nature of Bids for the RV Assets.*

A Bid must be a good faith offer to purchase the RV Assets on more favorable terms to the Seller as those set forth in the Purchase Agreement.  A Bid shall include a copy of the APA marked to show all changes requested by the Potential Bidder.  Bids shall not be conditioned on obtaining financing, shareholder approval or the outcome of due diligence, including environmental due diligence, by the Potential Bidder.  Each Potential Bidder must agree that if its Bid is selected as the Successful Bid or the Alternate Bid (each as defined below), the Bid will remain binding and irrevocable until the closing of the Sale.

### 4.    *Minimum Bid.*

The consideration proposed by the Bid must be in cash, or a combination of cash and/or assumed liabilities, and the cash component of the proposed Bid must equal or exceed the sum of:

(a)    The minimum cash component of the Purchase Price of $35 million (as defined in the Purchase Agreement); plus,

(b)    The "Minimum Overbid Amount," which shall be $2,250,000.  The Minimum Overbid Amount represents: (i) a break-up fee payable to the Purchaser in the amount of $1,000,000 (the "Break-Up Fee"), (ii) a reimbursement of actual, reasonable and necessary expenses of the Purchaser in the amount of $750,000 (the "Expense Reimbursement") and (iii) an overbid in the amount of $500,000.

### 5.    *No Break-Up Fee, Etc. for Potential Bidders*

A Bid may not request any break-up fee, termination fee, expense reimbursement or similar type of payment, nor shall any Qualified Bidder (other than the Purchaser) be entitled to any break-up fee, termination fee, expense reimbursement or similar type of payment.  Neither the tendering of a Bid nor the determination that a Bid is either a Qualified Bid or the Successful

Bid (as defined below) shall in any way entitle the Potential Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment.

### 6.    *Good Faith Deposit*

Each Bid from a Potential Bidder must be accompanied by a deposit in the amount of 10% of the total value of its Bid (each such deposit, a "<u>Good Faith Deposit</u>").  Each Good Faith Deposit shall be in the form of a bank check or wire transfer pursuant to instructions issued by the Seller, and shall be treated according to the terms specified herein.

### 7.    *Bid Deadline*

Provided that the Sale Approval Motion attaching the APA is filed by May, 29, 2009, the Seller and the Bid Notice Parties must receive a Bid in writing, on or before the Bid Deadline, which shall be **June 18, 2009 at 4:00 p.m. Pacific Time (the "<u>Bid Deadline</u>")**.

**FOR THE AVOIDANCE OF DOUBT, POTENTIAL BIDDERS SHOULD BE AWARE THAT ANY QUALIFIED BIDDER THAT DOES NOT SUBMIT A QUALIFIED BID BY THE BID DEADLINE WILL NOT BE ALLOWED TO (1) PERFORM ANY FURTHER DILIGENCE, (2) PARTICIPATE IN THE AUCTION UNDER ANY CIRCUMSTANCES OR (3) SUBMIT ANY OFFER AFTER THE BID DEADLINE OR AFTER THE AUCTION.**

### B.    Determination of Qualified Bids.

### 1.    *Purchaser*

Notwithstanding anything in these Bidding Procedures to the contrary, the Purchaser is deemed a Qualified Bidder, and the Purchaser's Bid shall be deemed a Qualified Bid, for all applicable purposes under these Bidding Procedures with respect to the Sale, any Auction (as defined below) or otherwise.

###   2.   *Evaluation of Other Bids*

The Seller, in consultation with the Committee, shall determine in its sole discretion whether the bid of a Potential Bidder is a Qualified Bid.  The Seller reserves the right to reject any Bid (even if such Bid constitutes a Qualified Bid) if the Seller determines, in its sole discretion, that such Bid is inadequate or insufficient or the Seller determines, in its sole discretion, that such Bid is not in conformity with the requirements of the Bankruptcy Code or any related rules, the terms set forth in the Bidding Procedures or contrary to the best interests of the Seller and its estate.  Any party may seek the Court's review of the Seller's determination that a Potential Bidder is not a Qualified Bidder; *provided*, *however*, that any such challenge must be raised and concluded prior to the commencement of the Auction.  The Seller's determination of the Qualified Bidders shall become irrevocable and unreviewable once the Auction has commenced.

Promptly after determining that a Bid received from a Potential Bidder satisfies each of the conditions set forth in Part A hereof and, therefore, constitutes a Qualified Bid, the Seller shall notify the Potential Bidder that it has been selected as a Qualified Bidder.

### C.   Negotiation and Modification of Qualified Bids

Between the Bid Deadline and the Auction, the Seller and the Committee may discuss, negotiate or seek clarification of any Qualified Bid from a Qualified Bidder.  Without the written consent of the Seller, a Qualified Bidder may not modify, amend or withdraw its Qualified Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Qualified Bid for the Seller, during the period that such Qualified Bid remains binding as specified herein in accordance with Section II D below.

D.      **Notice of the Auction**

If, in addition to the Purchaser's bid, the Seller receives one or more Qualified Bids, an auction (the "Auction") will be held on **June 22, 2009, at 10:00 a.m. Pacific Time** at the offices of Gibson, Dunn & Crutcher LLP, 3161 Michelson Drive, Irvine, California 92612 or at any such other location as the Seller may hereafter designate (with notice of such alternate location given to all Qualified Bidders).  On or before 1:00 p.m. Pacific Time on June 19, 2009, the Seller shall provide each Qualified Bidder (including the Purchaser):

(a)     written notice of the Auction; and

(b)     a copy of the Qualified Bid that the Seller and the Committee believe constitutes the highest and best offer and with which it intends to commence the Auction (the "Pre-Auction Successful Bid").

III.    **The Auction**

A.      **Attendance at and Participation in the Auction.**

The only parties eligible to participate in the Auction shall be Qualified Bidders (including the Purchaser) who have submitted a Qualified Bid to the Seller prior to the Bid Deadline that was not rejected by the Seller prior to the Auction.  Representatives of, and advisors to, the Qualified Bidders, the applicable Bidder's Sponsor, the professionals and/or representatives of the Committee, representatives of the Seller's Prepetition Secured Lenders and the United States Trustee for the Central District of California (collectively, the "Observers") shall be entitled to attend the Auction.

B.      **The Auction Process.**

1.      *The Seller Shall Conduct the Auction.*

The Seller and its representatives shall direct and preside over the Auction.  The bidding at the Auction shall start at the purchase price stated in the Pre-Auction Successful Bid and continue, in one or more rounds of bidding, so long as during each round at least one

Overbid (as defined below) is submitted.  All Overbids shall be made and received on an open basis, such that all material terms of each Overbid will be fully disclosed to all other bidders. The Seller shall maintain a transcript of all bids made and announced at the Auction, including all Overbids and the Successful Bid.

### 2.       *No Collusion*.

Each Qualifying Bidder (including the Purchaser) shall be required to acknowledge and agree in writing that it has not engaged (and agrees not to engage) in any collusion with respect to any Bids, the Auction or the Sale.

### 3.       *Terms of Overbids.*

An "<u>Overbid</u>" is any bid made at the Auction after the Seller's announcement of the Pre-Auction Successful Bid, (such bid meeting the requirements of Section II A 4 above) that is in the Seller's sole discretion determined to be in an increment of at least $250,000 greater than the immediately preceding bid, and that otherwise complies with the terms and conditions for a Qualified Bid as set forth above.  In the event an Auction is conducted, the Purchaser shall be permitted, but is not required to, submit an Overbid.

### 4.       *Announcing Overbids.*

The Seller shall announce the material terms of each Overbid at the Auction, and shall disclose its valuation of the total consideration offered in each such Overbid (and the basis for its determination) in order to confirm that each Overbid meets the requisite bid increment and to provide a floor for further Overbids.

### 5.    *Additional Terms and Conditions*

The Seller, in its sole discretion, may adopt additional rules for the Auction at or prior to the Auction that, in its sole discretion, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bidding Procedures Order.

## IV.    Identification of the Successful Bidder and Acceptance of Successful Bid

### A.    Identification of the Successful Bidder and Alternate Bidder.

At the close of the Auction, the Seller, in consultation with the Committee, shall determine and identify, in its sole discretion and in the exercise of its business judgment, which Qualified Bidder had (i) the highest and best bid (the "Successful Bid," and the bidder being the "Successful Bidder") and (ii) the next highest and best bid (the "Alternate Bid," and the bidder being the "Alternate Bidder"), all of which will be determined by considering, among other things:

(a)    the number, type and nature of any changes to the APA requested by each Qualified Bidder and whether such Bids are on different terms than those set forth in the Purchase Agreement; it being understood that certain modifications (including those that (i) increase the certainty of closing without delay, (ii) limit or eliminate seller indemnities, (iii) limit or eliminate any restrictions of the sale proceeds, and (iv) increase certainty with respect to liquidated damages for a buyer breach) may be viewed as improving the value of a Bid;

(b)    the extent to which any requested modifications to the APA are likely to delay the closing, and the likely cost to the Seller of any such modifications or delay;

(c)    the total consideration to be received by the Seller under the terms of each Bid;

(d)    each Qualified Bidder's ability to timely close a transaction and make any deferred payments, if applicable;

(e)    any savings in severance costs based on the number of employees projected to remain employed under the terms of each Bid;

(f)    the likelihood of subsequent indemnity claims by each Qualified Bidder against the Seller and the sale process; and

(g)     the net benefit to the estate (taking into account, among other things, the requirement that the Seller is obligated to pay the Purchaser the amount of the Break-Up Fee and the Expense Reimbursement if the Purchaser is not the Successful Bidder) and the likely timing and amount of distributions to creditors resulting from each Bid.

In announcing the Successful Bid and the Alternate Bid, the Seller shall announce the material terms of each such bid and the basis for determining the total consideration offered.  If no Auction is held, then the Bid of the Purchaser as represented by the APA shall be deemed to be the Successful Bid.

**B.      Acceptance of Bid from Successful Bidder.**

The Seller presently intends to sell the RV Assets to the Successful Bidder, pursuant to the APA as modified by the terms of the Successful Bid.  The Seller shall be bound by the Successful Bid only when such Bid has been approved by the Court at the Sale Hearing (as defined below).

Except as otherwise provided in the APA as modified by the terms of the Successful Bid, and to the fullest extent permitted by the jurisdiction of the Bankruptcy Court, all of the Seller's right, title and interest in and to the RV Assets shall be sold free and clear of all liens, claims, encumbrances, and interests thereon and there against other than Permitted Encumbrances and Assumed Liabilities.

If the Seller sells any or all of the RV Assets to a Successful Bidder other than the Purchaser, the Seller will pay the Break-Up Fee and the Expense Reimbursement in accordance with the Purchase Agreement, as approved by the Court, except that no such Break-Up Fee or Expense Reimbursement shall be paid to Purchaser if Purchaser is the Successful Bidder. .

**VI.    The Sale Hearing**

The hearing (the "Sale Hearing") to consider entry of the Sale Approval Order shall be held on **June 24, 2009, at 1:30 p.m. Pacific Time** or as soon thereafter as counsel may be heard,

in the Courtroom of the Honorable Meredith A. Jury, and may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.  At the Sale Hearing, if no other Qualified Bid was received, the Seller will seek entry of an order, inter alia, authorizing and approving the sale of the RV Assets to the Purchaser pursuant to the terms and conditions set forth in the Purchase Agreement, or, if a Qualified Bid other than the Qualified Bid of Purchaser as set forth in the APA was identified as the Successful Bid, to the Successful Bidder pursuant to the APA as modified by the terms of the Successful Bid.

**VII.**    **Second Highest or Best Bid**

If for any reason the Successful Bidder fails to consummate the purchase of the RV Assets within the time permitted in the Purchase Agreement, the Alternate Bidder with the second highest and best bid for the RV Assets will automatically be deemed to have submitted the highest and best bid.  At the Sale Hearing, the Seller will seek approval to sell the RV Assets to the Alternate Bidder on the terms of the Alternate Bid without further notice or order of the Court.

If the failure to consummate the Sale with the Successful Bidder is the result of a breach by such bidder, the Seller specifically reserves the right to seek damages from such Successful Bidder or the related Bidder's Sponsors.

**VIII.**    **Treatment of Good Faith Deposit**

Each Good Faith Deposit (including the $5.3 million deposit provided by the Purchaser) shall be held pursuant to an escrow agreement (the form of which is to be provided by the Seller upon request), which provides among other things that the Good Faith Deposit will be forfeited to the Seller if (i) the Qualified Bidder attempts to modify, amend or withdraw its Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Bid for the Seller, during the time the Bid remains binding and irrevocable under these Bid

Procedures, or (ii) the Qualified Bidder is selected as the Successful Bidder or Alternate Bidder and fails to consummate the purchase of the RV Assets according to these Bid Procedures.  The Seller shall promptly return to Qualified Bidder(s) any Good Faith Deposit made by such Qualified Bidder(s) only in the following circumstances; (i) a Bid that the Seller determines not to be a Qualified Bid; (ii) any Qualified Bid that the Seller does not select as the Successful Bid or Alternate Bid at the Auction; and (iii) any Alternate Bid, upon the closing of the Sale with the Successful Bidder.

100651335_1.DOC

12

| | |
|---|---|
| In re:<br><br>　　　Fleetwood Enterprises, Inc.　　　Debtors: | CHAPTER　　11<br><br>CASE NUMBER　09-14254-MJ |

### SERVICE LIST FOR THE ENTERED ORDER

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER APPROVING (I) BIDDING PROCEDURES FOR SALE OF RV ASSETS, (II) BREAK-UP FEE AND EXPENSE REIMBURSEMENT, (III) NOTICE PROCEDURES, (IV) ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (V) DATE FOR SALE HEARING was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

I.　　**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of (*insert date of service*), the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

*Andrew K Alper on behalf of Creditor GE Commercial Distribution Finance Corporation and GELCO Corporation dba GE Capital Fleet Services*
*aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com*

*Hilary L Barnes on behalf of Interested Party Courtesy NEF*
*hilary.barnes@quarles.com, sybil.aytch@quarles.com*

*John J Bingham on behalf of Interested Party Courtesy NEF*
*jbingham@dgdk.com*

*Mark S Blackman on behalf of Creditor 21st Mortgage Corporation*
*MBlackman@AlpertBarr.Com*

*Timothy Bortz on behalf of Creditor Timothy Bortz*
*tbortz@state.pa.us*

*John A Boyd on behalf of Interested Party Courtesy NEF*
*fednotice@tclaw.net*

*Louis J Cisz on behalf of Creditor California Self-Insurers' Security Fund*
*lcisz@nixonpeabody.com*

*Peter A Davidson on behalf of Plaintiff Alicia Rice*
*pdavidson@ecjlaw.com*

*Matthew B George on behalf of Creditor Ronald Doud*
*mbg@girardgibbs.com*

*Jeffrey T Gwynn on behalf of Creditor Dave Carter & Associates, Inc.*
*jgwynn@gwynn-law.com*

*Mark D Houle on behalf of Interested Party New York Mellon Trust Co., N.A.*
*mark.houle@pillsburylaw.com*

*Paul Jasper on behalf of Creditor Deutsche Bank Trust Company Americas*
*pjasper@dl.com*

*Yale K Kim on behalf of Creditor Brigade Capital Management, LLC*
*ykim@allenmatkins.com*

*Solmaz Kraus on behalf of Debtor Fleetwood Enterprises, Inc.*
*skraus@gibsondunn.com, skraus@gibsondunn.com*

*Mary D Lane on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims*
*mlane@pszjlaw.com*

*Daniel C Lapidus on behalf of Plaintiff Robert Myers*
*dan@lapiduslaw.com*

*Matthew A Lesnick on behalf of Creditor AT&T Capital Services Inc.*
*matt@lesnicklaw.com*

*Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)*
*elizabeth.lossing@usdoj.gov*

*Donald K Ludman on behalf of Creditor SAP America, Inc.*
*dludman@brownconnery.com*

*Gregory O Lunt on behalf of Creditor Bank of America, N.A.*
*gregory.lunt@lw.com*

*Rose D Manos on behalf of Creditor FEMA Trailer*
*rmanos@nexsenpruet.com*

*Rose D Manos on behalf of Interested Party Courtesy NEF*
*manos@nexsenpruet.com*

*David W. Meadows on behalf of Creditor American Electric Power*
*david@davidwmeadowslaw.com*

*Craig Millet on behalf of Debtor Continental Lumber Products, Inc.*
*cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com*

*Byron Z Moldo on behalf of Plaintiff Alicia Rice*
*bmoldo@ecjlaw.com, tmelendez@ecjlaw.com*

*John D Monte on behalf of Creditor Maytag Corporation*
*montelaw@earthlink.net*

*C Daniel Motsinger on behalf of Creditor ProLiance Energy, LLC*
*cmotsinger@kdlegal.com*

*Leo D Plotkin on behalf of Creditor Textron Financial Corporation*
*lplotkin@lsl-la.com*

*Kimberly A Posin on behalf of Creditor Latham & Watkins LLP*
*kim.posin@lw.com*

*Samuel Price on behalf of Creditor National General Assurance Company*
*sprice@donahoeyoung.com*

*Hamid R Rafatjoo on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims*
*hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com*

*Michael Reed on behalf of Creditor Bell County TAD, et al*
*kmorriss@mvbalaw.com, dgibson@mvbalaw.com;dgoff@mvbalaw.com*

*Jeffrey H. Reeves on behalf of Plaintiff Fleetwood Enterprises, Inc.*
*jreeves@gibsondunn.com*

*Martha E Romero on behalf of Creditor c/o Martha E. Romero Texas Taxing Authorities*
*Romero@mromerolawfirm.com*

*Diane W Sanders on behalf of Creditor McLennan County*
*austin.bankruptcy@publicans.com*

*Mark C Schnitzer on behalf of Attorney Mark Schnitzer*
*mschnitzer@rhlaw.com*

*United States Trustee (RS)*
*ustpregion16.rs.ecf@usdoj.gov*

*Anne A Uyeda on behalf of Debtor Fleetwood Enterprises, Inc.*
*auyeda@gibsondunn.com*

*Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer*
*mwanslee@gustlaw.com, rstein@gustlaw.com*

*Michael D Warner on behalf of Creditor IDG USA LLC d/b/a Boring-Smith an Industrial Distribution Group, Inc. Company*
*echou@warnerstevens.com*

*Martha A Warriner on behalf of Creditor Esco Industries, Inc.*
*mwarriner@rhlaw.com*

*Sharon Z Weiss on behalf of Creditor LazyDays RV Supercenter, Inc.*
*sweiss@richardsonpatel.com*

*Elizabeth Weller on behalf of Creditor Dallas County - Tarrant County*
*dallas.bankruptcy@publicans.com*

*Rebecca J Winthrop on behalf of Creditor Westchester Fire Insurance Company*
*winthropr@ballardspahr.com*

- Service information continued on attached page

II.    **SERVED BY THE COURT VIA U.S. MAIL**:  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

- Service information continued on attached page

III.    **TO BE SERVED BY THE LODGING PARTY**:  Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered

1    order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email
2    address(es) indicated below:

3    Available upon request to Claims Noticing Agent, FleetwoodInfo@kccllc.com

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28