CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for
Debtors and Debtors in Possession

**FILED & ENTERED**

**JUL 06 2009**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtors. | CASE NO. 09-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered]<br><br>**ORDER SETTING FINAL BAR DATES TO FILE PROOFS OF CLAIM AND APPROVING RELATED NOTICE PROCEDURES**<br><br>**Hearing:**<br>Date:    July 1, 2009<br>Time:   1:30 p.m.<br>Place:  Courtroom 302<br>         3420 Twelfth Street<br>         Riverside, CA 92501<br>Judge: Honorable Meredith A. Jury |

      Upon consideration of the motion (the "Motion") filed by Fleetwood Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order setting a final date to file proofs of claim and approving related notice procedures; the Declaration of Leonard J. McGill in Support of the Motion (the "McGill Declaration"); and any objections to the Motion having been withdrawn or overruled on the merits, this Court finds and concludes that: (a) the Court has jurisdiction over the subject matter of the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28

1

U.S.C. § 157(b); (c) the legal and factual bases set forth in the Motion and in the declarations establish just cause for the relief granted herein; (c) the Debtors' diligence with respect to identification of creditors was sufficient and no further diligence is necessary for the Debtors to satisfy their duty to identify known creditors, (d) the mailing version of the Bar Date Notice attached to the Motion will provide adequate notice of the Bar Date to the Debtors' known creditors, (e) the Debtors' mailing of the notice of the Bar Date only to counsel of record for the Represented Litigation Claimants for whom the Debtors lack personal information is adequate, (f) the publication version of the Bar Date Notice attached to the Motion will provide adequate notice of the Bar Date to unknown creditors that may hold or be entitled to assert a claim against the Debtors, (g) the relief requested in the Motion is (i) necessary and appropriate to carry out the provisions of the Bankruptcy Code, (ii) essential to the continued operation of the Debtors' businesses and (iii) in the best interests of the Debtors, their estates and their creditors; and (e) notice of the Motion was sufficient, and no other or further notice need be provided.

Based upon the above findings and conclusions, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in its entirety.

<u>SETTING OF BAR DATE; EXCLUDED CLAIMS</u>

2. Pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, all persons and entities (collectively, "Creditors"), holding or wishing to assert against any of the Debtors claims as defined in section 101(5) of the Bankruptcy Code **ARE REQUIRED TO FILE ON OR BEFORE AUGUST 28, 2009 AT 5:00 P.M. (PREVAILING PACIFIC TIME) (THE "BAR DATE") A SEPARATE COMPLETED AND EXECUTED PROOF OF CLAIM FORM** (substantially in the form annexed to the Motion as <u>Exhibit</u> <u>B</u> or Official Bankruptcy Form No. B10) on account of any claims such Creditors hold or wish to assert against each of the Debtors; *provided*, *however*, that proofs of claim or interest are not required, at this time, to be filed by Creditors holding or wishing to assert claims against the Debtors of the types set forth in clauses (A) through and including (K) below (collectively, the "Excluded Claims"):

(A) Claims that were listed in the Schedules and Statements or any amendments thereto (a) that are ***not*** designated as "contingent," "unliquidated" or "disputed" ***and*** (b) that are ***not*** disputed by the holders thereof as to the Schedules and Statements' description of (i) the claim amount, (ii) the classification of the claim, or (iii) the Debtor that is identified as owing the claim;

(B) Claims for which a proof of claim, in a form substantially similar to Official Bankruptcy Form No. 10, already has been properly filed with the Clerk of the United States Bankruptcy Court for the Central District of California (Riverside) against the correct Debtor; ***provided, however***, that proofs of claim or requests for payment under 11 U.S.C. § 503(b)(9) are not Excluded Claims;

(C) Claims previously allowed or paid in full by any of the Debtors during these chapter 11 cases as authorized by order of the Court;

(D) Claims of current officers or directors of a Debtor for indemnification and .or contribution arising as a result of such officer's or director's postpetition service to a Debtor;

(E) Claims related to or under Fleetwood's 401(k) Plan;

(F) Claims allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as expenses of administration, including claims for goods and services provided to, and accepted by, the Debtors after the Petition Date;

(G) Claims of individual holders of the public debt securities of any Debtor and of lenders under the prepetition Amended and Restated Secured Bank Credit Agreement, led by Bank of America, N.A., as administrative agent (collectively, the "Debt Instruments"), to the extent that the claims are based exclusively upon principal, interest and other applicable fees and charges arising under those public debt securities or bank debt, provided that individual holders of public debt securities or bank debt must file a proof of claim by the Bar Date if they wish to assert any claims related to the public debt securities or bank debt other than for principal, interest and other applicable fees and charges; provided, however, that this exclusion does not apply to the indenture trustee or designated agent under any of those Debt Instruments, who must file a proof of claim on or before the Bar Date against any Debtor who is a primary obligor under those public debt securities or bank debt, which will be deemed to apply with equal force against any Debtor who is a guarantor of such public debt securities without the need for the filing of a duplicate proof of claim against the guarantor;

(H) claims of one Debtor against any of the other Debtors;

(I) claims of any direct or indirect non-debtor subsidiary of Fleetwood Enterprises, Inc. against any of the Debtors;

(J) claims of any direct or indirect non-debtor subsidiary of Fleetwood Enterprises, Inc. against any of the Debtors; and

(K) equity interests, which interests are based *exclusively* upon the ownership of common or preferred stock in a corporation, a general or limited partner interest in a limited partnership, a membership interest in a limited liability company or warrants or rights to sell or subscribe to such security or interest (any such interest being referred to as an "Interest"); *provided* that holders of Interests who wish to assert a claim against any of the Debtors that arises out of or relates to the ownership or purchase of an Interest, including, but not limited to, claims (for damages or rescission) arising out of or relating to any transaction in the Debtor's interests, such as the sale, issuance, or distribution of the Interest, must file a proof of claim on or prior to the Bar Date, unless another exception set forth herein applies.

**SUPPLEMENTAL STATUTORY BAR DATES**

3. Pursuant to Local Bankruptcy Rule 3001-1, supplemental statutory bar dates (the "Statutory Bar Dates") shall apply to the following three categories of creditors:

**(A) Claims Arising from Rejection of Executory Contracts**

4. Any holder of a claim arising from the rejection of an unexpired lease or executory contract of a Debtor (an "Agreement") shall be required to file a proof of claim by 5:00 p.m. (prevailing Pacific Time) on the later of (a) the Bar Date or (b) the date provided in any order authorizing the Debtor to reject the Agreement or, if no date is provided, then 30 days after the date of any order authorizing the Debtors to reject an Agreement. Proofs of claim for any other claims that arose prior to the Petition Date with respect to an Agreement must be filed by the Bar Date.

**(B) Claims of Governmental Units**

5. Any holder of a claim that is a governmental unit shall be required to file a proof of claim by 5:00 p.m. (prevailing Pacific Time) on the later of (a) the Bar Date or (b) the date that is 180 days after the order for relief was entered in these cases, or September 8, 2009, because the 180th day falls on the Labor Day weekend and holiday.

**(C) Claims Arising from Avoidance of a Transfer under Chapter 5 of the Bankruptcy Code**

6. Any holder of a claim arising from the avoidance of a transfer under Chapter 5 of the Bankruptcy Code shall be 5:00 p.m. (prevailing Pacific Time) on the later of (a) the Bar Date or (b) the date that is 30 days after the entry of judgment avoiding the transfer.

**AUTHORITY TO ESTABLISH ADDITIONAL, CLAIM-SPECIFIC BAR DATES**

7. The Debtors are authorized to establish additional, claim-specific supplemental bar dates, with respect to (a) notices that are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to bondholders and equity holders) that decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, (c) additional potential claimants that become known as the result of the Bar Date noticing process, (d) subsequent amendments to the Schedules and Statements that alter a creditor's rights as described below, and (e) other similar circumstances that may arise; *provided, however*, the Debtors shall not be required to provide any additional notice to creditors where the Bar Date Notice was mailed in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

8. With respect to subsequent amendments to the Schedules and Statements, the Debtors shall continue to retain the right (a) to dispute, or assert offenses or defenses against, any filed claim or any claim listed or reflected in the Schedules and Statements as to nature, amount, liability, classification or otherwise; or (b) subsequently to designate any claim as disputed, contingent or unliquidated; provided, however, that if the Debtors amend the Schedules and Statements to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, then the Debtors shall establish a Supplemental Bar Date with respect to such claims that is the later of (i) the applicable Bar Date or Statutory Bar Date or (ii) twenty (20) days after the date that said claimant is served with notice of the amendment to file a proof of claim or to amend any previously filed proof of claim in respect of such amended scheduled claim. Notwithstanding

the foregoing, nothing set forth herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

9. The Debtors shall advise the Court of any such additional Supplemental Bar Date by filing a notice of Supplemental Bar Date, which identifies the Supplemental Bar Date and the claimants that are subject thereto. In addition to filing the notice of Supplemental Bar Date with the Court, the Debtors shall mail a Bar Date Package (modified to include a Supplemental Bar Date Notice substantially in the form of the Bar Date Notice) to known creditors who are subject to the Supplemental Bar Date.

10. The Debtors are further authorized to provide 23 days' notice of any Supplemental Bar Date because that date may be established later in the case at a time when delay resulting from an extended notice period could hinder the progress of these chapter 11 cases.

**AUTHORITY TO EXTEND BAR DATE**

11. The Debtors are authorized, in their discretion, to extend any Bar Date, Statutory Bar Date or Supplemental Bar Date by stipulation if the Debtors determine that such extension is in the best interests of the Debtors and their respective estates.

**PROCEDURES FOR SUBMISSION OF CLAIMS**

12. All proofs of claim must (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant, (d) include as attachments any documents on which the claim is based and (e) conform substantially to the form attached to the Motion as Exhibit B or to Official Bankruptcy Form No. B10.

13. A creditor's proof of claim may be filed without the writings upon which the claim is based, as required by Bankruptcy Rule 3001(c) and (d); *provided* that upon the request of the Debtors or any other party in interest in these cases, any creditor that received such written consent shall be required to transmit promptly such writings to the Debtors or the other party in interest, but in no event later than ten days from the date of such request.

14. Creditors shall submit proofs of claim in person, by courier, hand deliver, overnight delivery, or first class mail to the Bankruptcy Court, in care of Kurtzman Carson Consultants

LLC, the Debtors' court-appointed claims agent in these cases ("KCC"), at the following addresses:

| Mailing | Overnight Delivery/Hand Delivery |
|---|---|
| United States Bankruptcy Court<br>Fleetwood Claims Processing<br>c/o Kurtzman Carson Consultants LLC<br>PO Box 1070<br>Riverside, CA 92502-1070 | United States Bankruptcy Court<br>Fleetwood Claims Processing<br>c/o Kurtzman Carson Consultants LLC<br>3420 Twelfth Street<br>Riverside, California 92501 |

15. A proof of claim will be deemed timely filed only if the original is actually received at one of the addresses set forth in Paragraph 14, above, on or before the 5:00 p.m. (prevailing Pacific Time) on the applicable Bar Date, Statutory Bar Date or Supplemental Bar Date, as applicable.

16. Proofs of claim sent by facsimile or other electronic means shall not be accepted.

17. Each proof of claim form must specifically set forth the specific full name and proper chapter 11 case number of the applicable Debtor against which a claim is asserted, and a separate proof of claim must be filed with respect to each Debtor against which a claim is asserted. A proof of claim listing no reference to a particular Debtor or a proof of claim listing all of the Debtors shall be deemed to be filed against Fleetwood Enterprises, Inc., Case No. 09-14254-MJ only.

### CONSEQUENCE OF FAILURE TO FILE TIMELY PROOF OF CLAIM

18. Any holder of a claim against one or more of the Debtors, who is required to file a proof of claim on or before the Bar Date or any applicable Statutory or Supplemental Bar Date , but fails to do so, will be forever barred, estopped and enjoined from asserting such claim against such Debtor (or filing a proof of claim with respect thereto), and the applicable Debtor and its estate and property will be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder will not be permitted to vote to accept or reject any plan of reorganization or participate in any distribution in such Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim.

**AUTHORITY TO USE SERVICES OF CLAIMS AGENT**

19. The Debtors are authorized, but not required, to use the services of their court-appointed claims agent, Kurtzman Carson Consultants LLC, exclusively, as applicable, to coordinate the mailing of the Bar Date Notice Packages, processing of proofs of claim, in coordination with the Clerk's Office, as provided in the order authorizing the retention of KCC. The Debtors are authorized, but not required, to maintain a claims hotline for creditor calls. To the extent KCC requires any additional assistance with maintaining, photocopying and transmitting proofs of claim, the Debtors request that KCC be authorized to employ and pay necessary service providers, subject to prior approval of the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services.

**MAILING OF BAR DATE NOTICES**

20. No later than fifteen calendar days after entry of this Order, the Debtors shall mail a proof of claim form with instructions, substantially in the form attached to the Motion as <u>Exhibit B</u> and written notice of the Bar Date and Statutory Bar Dates, substantially in the form attached to the Motion as <u>Exhibit C</u> (collectively, the "Bar Date Package") to the following entities:

    (a)     the United States Trustee for the Central District of California;

    (b)     counsel to the Creditors' Committee;

    (c)     counsel to the agent for the Debtors' prepetition secured bank lenders;

    (d)     the indenture trustee or fiscal agent for each of the public debt securities issued or guaranteed by the Debtors and their counsel;

    (e)     the Securities and Exchange Commission;

    (f)     the Internal Revenue Service;

    (g)     all federal and state environmental agencies;

    (h)     all other federal and state governmental agencies identified by the Debtors;

    (i)     those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

    (j)     all persons or entities that have filed proofs of claim against the Debtors as of the date of entry of the Bar Date Order;

(k)   all persons or entities listed in the Debtors' Schedules as a holder of a claim against any Debtor or as a party to an executory contract or unexpired lease with any Debtor, using the last known address;

(l)   parties to litigation with the Debtors, according to the notice procedures outlined below;

(m)   the Debtors' current employees and any employees terminated on or after March 7, 2007;

(n)   all known beneficial holders of the Debtors' public debt and equity securities;

(o)   the United States Attorney for the Central District of California and Attorney General for the State of California and other relevant State Attorney Generals; and

(p)   all other known holders of claims as of the date of entry of the Bar Date Order, using the last known address.

**NOTICE TO HOLDERS OF PUBLIC SECURITIES**

21.  With respect to "street name" holders (the "Street Name Holders") of the Debtors' public debt securities and the Debtors' public equity securities as of the Petition Date, the Debtors are authorized to provide nominee record holders, such as brokerage firms and clearing houses, that hold on behalf of Street Name Holders with sufficient copies of the Bar Date Package to enable these record holders to distribute a Bar Date Package to each and every Street Name Holder.  The Debtors shall not be required to provide actual notice to any holder of the Debtors' public debt securities or the Debtors' public equity securities if the holder obtained an interest in such public debt securities or public equity securities after the Petition Date.

**NOTICE TO REPRESENTED LITIGATION CLAIMANTS**

22.  The Debtors are authorized to provide notice of the Bar Date to Represented Litigation Claimants (as that term is defined in the Motion) by serving the Bar Date Package on their counsel of record only.

**SUPPLEMENTAL MAILINGS**

23.  The Debtors are authorized to make supplemental mailings of the Bar Date Notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to bondholders and equity holders) that decline to pass along notices to

these parties and instead return their names and addresses to the Debtors for direct mailing and (c) additional potential claimants that become known as the result of the Bar Date noticing process. The Debtors are authorized to make such supplemental mailings of Bar Date Notices in these and similar circumstances at any time up to 23 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors. However, the Debtors shall not be required to provide any additional notice to creditors where the Bar Date Notice was mailed in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

**PUBLICATION OF THE BAR DATE NOTICE**

24. The Debtors are authorized to give notice of the Bar Date by publication to creditors to whom notice by mail is impracticable including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. The Debtors are authorized to publish the Bar Date Notice, in a form substantially similar to that form annexed hereto as Exhibit D (the "Bar Date Publication Notice") in the following newspapers: The Los Angeles Times, The Wall Street Journal (national edition), USA Today, and The Press-Enterprise. The Debtors may, in their sole discretion, (i) shorten the Bar Date Publication Notice or determine to reduce the number of newspapers in which the Bar Date Publication Notice is placed or (ii) augment the Bar Date Publication Notice to address issues related to certain creditor groups or other issues.

25. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

26. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

27. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

####

100662772_3.DOC

DATED: July 6, 2009

_____
United States Bankruptcy Judge

| In re: | | CHAPTER | 11 |
|---|---|---|---|
| Fleetwood Enterprises, Inc. | Debtors: | CASE NUMBER | 09-14254-MJ |

**SERVICE LIST FOR THE ENTERED ORDER**

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER SETTING FINAL BAR DATES TO FILE PROOFS OF CLAIM AND APPROVING RELATED NOTICE PROCEDURES** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

I.     **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of (*insert date of service*), the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

*Andrew K Alper on behalf of Creditor GE Commercial Distribution Finance Corporation and GELCO Corporation dba GE Capital Fleet Services*
*aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com*

*Hilary L Barnes on behalf of Interested Party Courtesy NEF*
*hilary.barnes@quarles.com, sybil.aytch@quarles.com*

*John J Bingham on behalf of Interested Party Courtesy NEF*
*jbingham@dgdk.com*

*Mark S Blackman on behalf of Creditor 21st Mortgage Corporation*
*MBlackman@AlpertBarr.Com*

*William C Bollard on behalf of Debtor Fleetwood Enterprises, Inc.*
*eal@jbblaw.com*

*Timothy Bortz on behalf of Creditor Timothy Bortz*
*tbortz@state.pa.us*

*John A Boyd on behalf of Interested Party Courtesy NEF*
*fednotice@tclaw.net*

*Louis J Cisz on behalf of Creditor California Self-Insurers' Security Fund*
*lcisz@nixonpeabody.com*

*Peter A Davidson on behalf of Plaintiff Alicia Rice*
*pdavidson@ecjlaw.com*

*Caroline Djang on behalf of Creditor Atwood Mobile Products LLC*
*crd@jmbm.com*

*Richard T Egger on behalf of Interested Party Courtesy NEF*
*richard.egger@bbklaw.com*

*Matthew B George on behalf of Creditor Ronald Doud*

*mbg@girardgibbs.com*

*Jeffrey T Gwynn on behalf of Creditor Dave Carter & Associates, Inc.*
*jgwynn@gwynn-law.com*

*Michael J Heyman on behalf of Creditor AL-KO Kober Corporation*
*michael.heyman@klgates.com*

*Mark D Houle on behalf of Interested Party New York Mellon Trust Co., N.A.*
*mark.houle@pillsburylaw.com*

*Sophie A Hubscher on behalf of Creditor Peggy Richan*
*sophie@korperlemonlaw.com*

*Jay W Hurst on behalf of Creditor Texas Comptroller of Public Accounts*
*jay.hurst@oag.state.tx.us*

*Paul Jasper on behalf of Creditor Deutsche Bank Trust Company Americas*
*pjasper@dl.com*

*Yale K Kim on behalf of Creditor Brigade Capital Management, LLC*
*ykim@allenmatkins.com*

*Solmaz Kraus on behalf of Debtor Fleetwood Enterprises, Inc.*
*skraus@gibsondunn.com, skraus@gibsondunn.com*

*Mary D Lane on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims*
*mlane@pszjlaw.com*

*Daniel C Lapidus on behalf of Plaintiff Robert Myers*
*dan@lapiduslaw.com*

*Matthew A Lesnick on behalf of Creditor AT&T Capital Services Inc.*
*matt@lesnicklaw.com*

*Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)*
*elizabeth.lossing@usdoj.gov*

*Donald K Ludman on behalf of Creditor SAP America, Inc.*
*dludman@brownconnery.com*

*Gregory O Lunt on behalf of Creditor Bank of America, N.A.*
*gregory.lunt@lw.com*

*Rose D Manos on behalf of Creditor FEMA Trailer*
*rmanos@nexsenpruet.com*

*Rose D Manos on behalf of Interested Party Courtesy NEF*
*manos@nexsenpruet.com*

*David W. Meadows on behalf of Creditor American Electric Power*
*david@davidwmeadowslaw.com*

*Craig Millet on behalf of Debtor Continental Lumber Products, Inc.*
*cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com*

*Byron Z Moldo on behalf of Plaintiff Alicia Rice*

bmoldo@ecjlaw.com, tmelendez@ecjlaw.com

John D Monte on behalf of Creditor Maytag Corporation
montelaw@earthlink.net

C Daniel Motsinger on behalf of Creditor ProLiance Energy, LLC
cmotsinger@kdlegal.com

Randy P Orlik on behalf of Creditor ISIS Lending, LLC
rorlik@coxcastle.com

Leo D Plotkin on behalf of Creditor Textron Financial Corporation
lplotkin@lsl-la.com, dsmall@lsl-la.com

David M Poitras on behalf of Creditor Atwood Mobile Products LLC
dpoitras@jmbm.com

Kimberly A Posin on behalf of Creditor Latham & Watkins LLP
kim.posin@lw.com

Samuel Price on behalf of Creditor National General Assurance Company
sprice@donahoeyoung.com

Hamid R Rafatjoo on behalf of Creditor Committee Official Committee of Creditors Holding Unsecured Claims
hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com

Michael Reed on behalf of Creditor Bell County TAD, et al
kmorriss@mvbalaw.com, dgibson@mvbalaw.com;dgoff@mvbalaw.com

Jeffrey H. Reeves on behalf of Plaintiff Fleetwood Enterprises, Inc.
jreeves@gibsondunn.com

Martha E Romero on behalf of Creditor c/o Martha E. Romero Texas Taxing Authorities
Romero@mromerolawfirm.com

Diane W Sanders on behalf of Creditor McLennan County
austin.bankruptcy@publicans.com

Mark C Schnitzer on behalf of Attorney Mark Schnitzer
mschnitzer@rhlaw.com

Howard Steinberg on behalf of Other Professional Greenhill & Co., LLC
hsteinberg@irell.com, awsmith@irell.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Anne A Uyeda on behalf of Debtor Fleetwood Enterprises, Inc.
auyeda@gibsondunn.com

Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer
mwanslee@gustlaw.com, rstein@gustlaw.com

Michael D Warner on behalf of Creditor IDG USA LLC d/b/a Boring-Smith an Industrial Distribution Group, Inc. Company
echou@warnerstevens.com

*Martha A Warriner on behalf of Creditor Esco Industries, Inc.*
*mwarriner@rhlaw.com*

*Sharon Z Weiss on behalf of Creditor LazyDays RV Supercenter, Inc.*
*sweiss@richardsonpatel.com*

*Elizabeth Weller on behalf of Creditor Dallas County - Tarrant County*
*dallas.bankruptcy@publicans.com*

*Rebecca J Winthrop on behalf of Creditor Westchester Fire Insurance Company*
*winthropr@ballardspahr.com*

- Service information continued on attached page

II. **SERVED BY THE COURT VIA U.S. MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

- Service information continued on attached page

III. **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Available upon request to Claims Noticing Agent, FleetwoodInfo@kccllc.com