CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
KENNETH A. GLOWACKI, JR., SBN 217762, KGlowacki@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtors. | CASE NO. 09-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered]<br><br>**APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE FOR DEBTORS' MOTION FOR AN ORDER AUTHORIZING DEBTORS TO REJECT MOTOR HOME DEALER SALES AND SERVICE AGREEMENTS AND JOINT DEFENSE AGREEMENTS RELATED THERETO**<br><br>[Declaration of Craig H. Millet Filed Concurrently Herewith]<br><br>[No Hearing Required Under Local Bankruptcy Rule 9075-1] |

# I.
# INTRODUCTION

Fleetwood Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby move this Court for the entry of an order under Local Bankruptcy Rule 9075-1 for an Order Setting A Hearing on Shortened Notice.

**The purpose of the order is as follows**:

To allow the Debtors' Motion for an Order Authorizing Debtors to Reject Motor Home Dealer Sales and Service Agreements and Joint Defense Agreements Related Thereto (the "Motion") to be heard on the same day as a related Motion for an Order Modifying the Automatic Stay to Permit Continuation of State Court Action (the "Motion to Modify the Automatic Stay") [Docket No. 1136] that is based, in part, on the argument that relief is warranted because the agreements at issue have not yet been rejected.

For the reasons set forth below, the Debtors respectfully request that this Court set the hearing on the Debtors' Motion for September 16, 2009 at 1:30 p.m.---the same date as the Motion to Modify the Automatic Stay.

# II.
# NATURE OF RELIEF SOUGHT IN THE MOTION

By their Motion, the Debtors seek entry of an order authorizing and approving the Debtors' rejection of (i) the Motor Home Dealer Sales And Service Agreements (the "Dealer Agreements") and (ii) all Joint Defense Agreements related thereto (the "JDAs"), between the Debtors and approximately 300+ dealers that sell and service the Debtors' motor homes (the "Dealers"). As discussed in further detail in the Motion, the Debtors have determined, in their business judgment, that it is in the best interest of their estates to reject the Dealer Agreements and the related JDAs at this time. The fact that JDAs are derivative of the Dealer Agreements means that a rejection of the Dealer Agreements also acts as a rejection of any related JDA. Because the Debtors are no longer in the business of manufacturing and selling motor homes, the Debtors no longer need a worldwide network of dealerships. Therefore, the Dealer Agreements and the JDAs are of no further benefit to the Debtors' estates.

# III.
# THE NATURE OF THE REQUESTED RELIEF NECESSITATES HEARING THE MOTION ON SHORTENED TIME

The relief requested by the Motion will directly affect the relief sought by Lazy Days R.V. Center ("Lazy Days") in their Motion to Modify the Automatic Stay, filed August 20, 2009 [Docket No. 1136], set to be heard before this Court on September 16, 2009 at 1:30 p.m.

On May 21, 2009, Fleetwood Enterprises, Inc. ("FEI") filed an adversary action, No. 09-01250, against William and Maureen Andresen and Lazy Days seeking a preliminary and permanent injunction against ongoing litigation in Florida State Court (the "Andresen Action"). The purpose of this adversary action was to extend the automatic stay applicable to FEI in the Andresen Action to Lazy Days, its co-defendant in that Action. At the time of the bankruptcy filing, Lazy Days was a dealer of the Debtors' motor home products. After the Debtors' bankruptcy filing, Lazy Days demanded that the Debtors indemnify and defend it in the Andresen Action pursuant to the terms of its Dealer Agreement. Therefore, fearing that continued litigation of the Andresen Action would expose FEI unfairly to liability, FEI filed the above-referenced adversary action and obtained a stay on behalf of Lazy Days.

On August 20, 2009, Lazy Days filed its Motion to Modify the Automatic Stay, seeking to extend the stay granted by this Court in the Andresen Action to a separate state court action brought by John and Kelly Schalmo, Chelsea Decker and William and Ruth McClintock against FEI and Lazy Days (the "Schalmo Action"). The Motion to Modify the Automatic Stay is set to be heard before this Court on September 16, 2009 at 1:30 p.m. However, if the Debtors' Motion is granted, the Dealer Agreement between Lazy Days and FEI will be rejected. Therefore, there will no longer be a contractual agreement requiring FEI to indemnify Lazy Days in either the Andresen or the Schalmo Actions. As such, the Debtors believe that it would be an efficient use of judicial resources for their Motion to be heard at or before the time of the Motion to Modify the Automatic Stay.

Gibson, Dunn & Crutcher LLP

Therefore, the Debtors respectfully request that the Court grant this application and set the Motion to be heard on shortened notice and that this Court schedule the hearing on September 16, 2009 at 1:30 p.m.

Dated: August 26, 2009

        CRAIG H. MILLET
        KENNETH A. GLOWACKI, JR.
        SOLMAZ KRAUS
        GIBSON, DUNN & CRUTCHER LLP

By: _____/s/ Craig H. Millet_____
                  Craig H. Millet

Attorneys for Debtors and Debtors in Possession

100718922_1.DOC