JULANDER, BROWN & BOLLARD
William C. Bollard, Bar No. 105489, william@jbblaw.com
Richard L. Brown, Bar No. 90783, rlb@jbblaw.com
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355

Special Counsel for Debtors
and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re | CASE NO. 09-14254-MJ |
| FLEETWOOD ENTERPRISES, INC., et al., | Chapter 11 |
| Debtors. | [Jointly Administered] |
| | **MOTION TO ALLOW PAYMENT OF JULANDER, BROWN & BOLLARD'S PROFESSIONAL FEES AND EXPENSES PURSUANT TO SECTIONS 11 U.S.C. §§ 105(a) AND 331** |
| | **[Declarations Of William C. Bollard And Craig H. Millet In Support Thereof Filed Concurrently Herewith]** |
| | [No hearing required unless requested per L.B.R. 9013(o)] |

Julander, Brown & Bollard ("JBB"), special counsel for Fleetwood Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), files this Motion to allow payment of JBB's professional fees and expenses pursuant to 11 U.S.C. §§ 105(a) and 331 and, specifically, in accordance with the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order"), entered on May 13, 2009. In support of this Motion, JBB states as follows:

## I. NATURE OF RELIEF SOUGHT

JBB seeks Court approval for payment of fees and disbursements for the period from May 13, 2009 through June 30, 2009 (the "Interim Compensation Period") in the amounts as set forth more specifically below.

## II. GENERAL BACKGROUND, JURISDICTION AND EVIDENTIARY SUPPORT

On March 10, 2009 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 19, 2009, the Office of the United States Trustee appointed the official committee of unsecured creditors. Pursuant to the Federal Rules of Bankruptcy Procedure, the Debtors' chapter 11 cases are being jointly administered for procedural purposes.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Statements establishing the general facts with respect to the Debtors' business and the filing of these chapter 11 cases are set forth in Motion Of The Debtors For An Order Setting An Expedited Hearing On "First Day Pleadings" filed on March 10, 2009, and are incorporated herein by reference.

On June 19, 2009, the Court signed an Order Approving the Employment of Julander, Brown & Bollard LLP As Special Counsel For Debtors In Possession Nunc Pro Tunc To May 15, 2009, which Order was entered on June 22, 2009.

JULANDER, BROWN & BOLLARD
9110 IRVINE CENTER DRIVE
IRVINE, CALIFORNIA 92618
TEL. (949) 477-2100 • FAX (949) 477-6355

On May 27, 2009, JBB filed a Complaint To Avoid And Recover Preferential And Fraudulent Transfers Pursuant To 11 U.S.C. §§ 547, 548, 550 AND 502 in Adversary Proceeding No. 09:01258 MJ.

On July 21, 2009, JBB filed a Statement of Julander, Brown & Bollard of Fees For Professional Services Rendered And Disbursements Incurred As Special Counsel For The Debtors For The Period From May 13, 2009 Through June 30, 2009 in accordance with the Interim Compensation Order.

On July 30, 2009, counsel for the Creditor's Committee filed an Objection to JBB's Statement of Fees without contacting JBB or making any attempt to meet and confer on the matter as is required by the Order Establishing Procedure For Interim Compensation And Reimbursement Of Expenses For Professionals dated May 13, 2009.

Upon receipt of the Objection, JBB contacted counsel for the Creditor's Committee and requested that it withdraw the Objection and properly meet and confer with regard to JBB's fee statement. On August 24, 2009, the Creditor's Committee's withdrew its Objection. Subsequent efforts to resolve the issues that formed the basis for the Objection did not result in an agreement between JBB and the Creditor's Committee, necessitating the filing of this Motion. (See, Declaration of William C. Bollard)

## III. ALLOWANCE OF COMPENSATION

Section 331 of the Bankruptcy Code allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title . . . not more than once every 120 days after an order for relief in a case under this title[.]" Instruction for section 331 disbursements is "provided under section 330 of this title."

Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award a trustee, an examiner or a professional employed pursuant to 11 U.S.C. § 327 reasonable compensation for its services and reimbursement of its expenses. Specifically, section 330 of the Bankruptcy Code provides as follows:

JULANDER, BROWN & BOLLARD
9110 IRVINE CENTER DRIVE
IRVINE, CALIFORNIA 92618
TEL. (949) 477-2100 • FAX (949) 477-6355

> (a)(1) After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 –
>
>    (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person; and
>
>    (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

Section 330(a)(3) of the Bankruptcy Code provides that in determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors, including:

>    (A)    the time spent on such services;
>
>    (B)    the rates charged for such services;
>
>    (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
>    (E)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(E).

As analyzed below, JBB submits that the elements governing awards of compensation justify the allowance requested.

   (1)    THE TIME AND LABOR REQUIRED

The fees incurred for services rendered by JBB during the Interim Compensation Period totaled $41,425.50 and expenses totaled $386.03 for a total of $41,811.53 for both fees and expenses. JBB does not hold a retainer which could be applied against fees due. Pursuant to the Order Establishing Procedure For Interim Compensation And Reimbursement Of Expenses For

4

JULANDER, BROWN & BOLLARD
9110 IRVINE CENTER DRIVE
IRVINE, CALIFORNIA 92618
TEL. (949) 477-2100 • FAX (949) 477-6355

Professionals dated May 13, 2009, JBB seeks payment at this time of $33,140.40, which is 80% of the total fees due ($41,425.50). JBB also requests payment of 100% of its expenses incurred of $386.03, for a total of $33,526.43.[1]

As is explained in the Declaration of Craig H. Millet ("Millet Declaration"), shortly following the Petition Date, it became urgent and important to establish that the liens held by the 14% Note Holders were subject to bona fide dispute under section 363(f)(4). Further, given the aggressive positions taken by the 14% Note Holders since early in the case, the Debtors strongly believed then (and still do) that it was in the best interests of the Debtors estate to aggressively plan for, move ahead and litigate the avoidance action against the 14% Note Holders.

JBB was asked to quickly come up to speed on a complex matter involving the claimed secured interest by dozens of nationally-recognized financial institutions seeking to assert a combined security interest of more than $81 Million against the Debtors' estates. After meeting with the Debtors and their principal bankruptcy counsel, reviewing numerous documents (including a series of filings with the SEC), JBB was able to properly identify the required defendant, conduct pre-litigation strategy with the Debtors and their counsel and promptly file an Adversary Complaint, which has created a legitimate dispute regarding the validity of the claimed security. (See, Millet Declaration).

In order to prosecute the action, before even drafting a complaint, JBB had to review and comprehend an extraordinarily complex transaction that included both the issuance of the 5% Debentures, the Exchange Offer and other SEC filings, the issuance of the 14% Notes, the security pledged by numerous operating Debtor subsidiaries, the guaranties provided by those subsidiaries, the history of the Debtors and the history of the bankruptcy case to date. The documents including the Indentures, S4 filings and exhibits that needed to be reviewed were voluminous.

---

[1] JBB seeks reimbursement for messenger services utilized to deliver documents to the United States Bankruptcy Court. Travel expenses (if incurred) include the cost of transportation, tips, parking and Internet use while traveling. Postage charges, including overnight mail (if incurred) include the cost of such postage or overnight mail fees. A complete itemization of expenses for which JBB seeks reimbursement is included in Exhibit A.

During the Interim Compensation Period, 99.45 recorded hours were expended by JBB's partners, associates and paraprofessionals in providing the requested professional services. Exhibit A annexed hereto details the time and labor expended by JBB on behalf of the Debtors. The number of hours spent by JBB correlates with the Debtors' diligent efforts to analyze, prepare and present a bona fide dispute with Deutsch Bank Trust Company Americas, as Trustee and as Collateral Agent of the Fleetwood Enterprises, Inc. under the Indenture dated as of December 12, 2008 ("Deutsch Bank") regarding its claimed secured interest in approximately $81 Million of Debtor's assets. The proper presentation of this bona fide dispute was necessary to establish Debtor's position with respect to various anticipated and actual objections made by Deutsch Bank and others to the proposed sales of certain of Debtors' assets. In doing so, Debtors anticipated and planned for ongoing litigation in the Adversary Proceeding by considering pre-litigation and litigation strategy, all in an effort to achieve the orderly disposition of Debtors' assets.

(2) THE RATES CHARGED FOR SUCH SERVICES

During the Interim Compensation Period, JBB's hourly billing rates ranged from $450 to $500 per hour for partners, $150 to $300 for associates, and $100 to $130 for paraprofessionals. The amounts charged to the Debtors for the particular services rendered approximate the rates charged other clients of the firm for such services. Indeed, if its retention in these matters were not pursuant to the Bankruptcy Code, JBB would charge the Debtors and expect to receive, on a current basis, an amount at least equal to the amount requested herein for the professional services rendered.

In connection with the provision of its legal services, JBB has sought, within the parameters required for effective legal representation, to minimize legal expenses. Moreover, consistent with its belief that strict fee management inures to the benefit of the Debtors, their creditors, the Court, and ultimately the public, JBB diligently monitored the integrity of its bills. JBB carefully reviewed the entries of all professionals and paraprofessionals who worked on these cases to determine the reasonableness of the monthly totals for services rendered.

/ / /

/ / /

(3) THE NECESSITY OF THE SERVICES AND BENEFIT TO THE ESTATE

As explained in the Millet Declaration, the efforts of JBB in preparing the adversary complaint and preparing for litigation has provided important value to the estates and their efforts to effect an orderly disposition of their assets by insuring that the "bona fide dispute" with the 14% Note Holders was properly established and "at issue" prior to any major sales under section 363. Indeed, through JBB the estate was prepared to aggressively move ahead to litigate the issues raised in adversary action, including the resolution of certain major issues quickly under Rule 56. With a quick resolution of certain issues, the Debtors hoped to avoid the many objections filed by the 14% to every motion. JBB's services laid essential groundwork for accomplishing the Debtors' primary objective of an orderly disposition of its assets, thus fostering the policies reflected in the Bankruptcy Code.

(4) CUSTOMARY COMPENSATION

JBB relies on the Court's experience and knowledge with respect to the compensation awards in similar cases. Given that frame of reference, JBB submits that, in light of the circumstances of the case and the substantial benefits derived from JBB's assistance, compensation in the amount requested is fair and reasonable.

(5) WHETHER SERVICES WERE PERFORMED IN A REASONABLE AMOUNT OF TIME

JBB represents and would demonstrate to this Court that the services were performed in a reasonable amount of time, given the complexity of the issues involved and the many and varied legal issues facing the Debtors. JBB's detailed and thorough contemporaneous time records demonstrate that the time expended on various tasks was necessary and appropriate to the vigorous representation of the Debtors. All appropriate attempts have been made to limit the hours worked to the lowest amount feasible, and to avoid duplication of effort and other unnecessary costs. In this particular engagement, JBB attorneys rendered services on behalf of the Debtors under severe time constraints. Some of the services were performed well after regular business hours.

/ / /

/ / /

**JULANDER, BROWN & BOLLARD**
9110 IRVINE CENTER DRIVE
IRVINE, CALIFORNIA 92618
TEL. (949) 477-2100 • FAX (949) 477-6355

**(6) WHETHER COMPENSATION IS REASONABLE**

JBB's services have been rendered in a very efficient manner by attorneys who have achieved a high degree of expertise in the subject matter of the Adversary Proceeding. JBB's highly professional attorneys have ensured that the representation of the Debtors has progressed in an efficient and expeditious manner. JBB thus represents and would demonstrate that the compensation sought for the services rendered and expenses incurred in connection with the Adversary Proceeding are reasonable and commensurate with those rates charged by comparably skilled practitioners. JBB's fee request is based upon the normal hourly rates that JBB charges its non-bankruptcy clients. Taking into consideration the time and labor spent, the nature and extent of the representation, and the nature of these proceedings, JBB believes the allowance requested is reasonable.

Based on the factors to be considered under sections 330 and 331 of the Bankruptcy Code, the efforts and results of JBB's services more than justify allowance in full of JBB's compensation and reimbursement request.

## IV.  CONCLUSION

WHEREFORE, for the reasons set forth herein, JBB respectfully requests that this Court enter an Order approving the payment to JBB of 80% of its requested fees and 100% of its expenses in the combined amount of $33,526.43, and for such other and further relief as the Court may deem just and proper.

DATED: August 27, 2009            Respectfully submitted,

JULANDER, BROWN & BOLLARD

By:     \s\ William C. Bollard           .
        William C. Bollard
        Special Counsel for Debtor and Debtor-in-Possession

# EXHIBIT A

Attorney's Fees and Costs
May 13, 2009 to June 30, 2009

*Law Offices of*

# JULANDER, BROWN & BOLLARD

9110 Irvine Center Drive  
Irvine, CA  92618  
Telephone: (949) 477-2100  
Facsimile: (949) 477-6355

INVOICE NO.: 21328  
June 01, 2009

Fleetwood Enterprise

Re: Fleetwood v. Deutsche Bank  
(3FLE01-02)

For Professional Services and Payments

| | |
|---|---:|
| Balance Forward For This Matter | $0.00 |
| Professional Fees | $27,720.00 |
| Reimbursable Expenses | $197.46 |
| Total Charges for this Period | $27,917.46 |
| Late Charge | $0.00 |
| Payments Received | $0.00 |
| Credit | $0.00 |
| **TOTAL AMOUNT DUE ON THIS MATTER** | **$27,917.46** |

LAW OFFICES OF JULANDER, BROWN & BOLLARD

Fleetwood Enterprise  
Re: Fleetwood v. Deutsche Bank  
  (3FLE01-02)

INVOICE NO.: 21328  
June 01, 2009  
Page 2

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| | A100 | | | |
| 5/13/2009 | WCB | Activities<br>Telephone conference with Craig Millet regarding Debtor-In-Possession Fleetwood Enterprises, Inc. and adversary action for preference(.35); Reviewed bankruptcy file on-line (.30); Analysis and prepared notes to the file (.10). (no charge per William C. Bollard) | 0.75<br>500.00/hr | NO CHARGE |
| 5/14/2009 | WCB | Activities<br>Review e-mail from Craig Millet regarding bankruptcy matter (.10); Sent e-mail to Craig Millet (.15); Analysis and prepared notes to the file (.05). | 0.30<br>500.00/hr | 150.00 |
| 5/15/2009 | WCB | Activities<br>Telephone conference with Craig Millet regarding serving as special counsel for Debtor-In-Possession Fleetwood Enterprises, Inc. in preferential transfer avoidance action (.40); Reviewed documents sent by prospective client (2.10); Reviewed legal research regarding preference actions and potential defenses (.90); Analysis and prepared notes to the file (.10). | 3.40<br>500.00/hr | 1,700.00 |
| 5/18/2009 | WCB | Activities<br>Reviewed bankruptcy file for Debtor-In-Possession Fleetwood Enterprises, Inc. (2.20); Reviewed organizational chart for Fleetwood entities(.60); Reviewed indenture documents (.80); Analysis and prepared notes to the file (.15). | 3.75<br>500.00/hr | 1,875.00 |
| 5/19/2009 | WCB | Activities<br>Reviewed e-mail from Craig Millet (.20); Reviewed First Day Motions and Griffiths' declaration (1.20); Reviewed Deutsch Bank Trust Company Americas documents (1.0); Brief conference with Richard L. Brown regarding reviewing indenture documents (.40); Reviewed Debtor-In-Possession Fleetwood Enterprises, Inc. S-4s (2.0); Prepared rough outline for complaint (.80); Analysis and prepared notes to the file (.15). | 5.75<br>500.00/hr | 2,875.00 |
| 5/20/2009 | WCB | Activities<br>Reviewed e-mail from client (.20); E-mail to Craig Millet (.20); Conference with Craig Millet and Len McGill regarding preferential transfer avoidance claim against Deutsch Bank Trust Company Americas (3.60); Reviewed additional documents from client (1.00); Telephone conference with Richard L. Brown regarding assistance in reviewing documents and drafting complaint (.40); Reviewed bankruptcy file on-line (1.10); Conference with paralegals regarding complaint and exhibits (.50); Analysis and prepared notes to the file (.10). | 7.30<br>500.00/hr | 3,650.00 |
| 5/21/2009 | EAL | Activities<br>Prepare draft version of application for employment and supporting declarations (.50); Prepare draft version of adversary complaint (2.00). | 2.50<br>130.00/hr | 325.00 |
| | RLB | Activities<br>Review bankruptcy file (.50); Review 14% note indenture documents (2.10); Review Securities and Exchange Commission S-4 documents for 14% notes and security (2.0); Conference with William C. Bollard | 6.00<br>450.00/hr | 2,700.00 |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                          | Hrs/Rate          | Amount   |
|------------|-----|------|------|------|
|            |     | regarding parties, concerns and claims for relief (.40); Research avoidance statutes (.20); Draft memorandum regarding parties (.10); Prepare draft complaint (.70). | | |
| 5/21/2009  | WCB | Activities<br>Conference with Richard L. Brown regarding parties, concerns and claims for relief (.40); Reviewed e-mail from Solmaz Kraus regarding complaint and parties (.20); Exchanged e-mail messages with Craig Millet (.30); Prepared draft application for employment (.60); Reviewed and revised draft complaint against Deutsch Bank Trust Company Americas (1.80); Conference with Richard L. Brown regarding S-4s and support for naming Deutsch Bank without other 14% Noteholders (.60); Reviewed Indenture documents (1.15); Analysis and prepared notes to the file (.10). | 5.15<br>500.00/hr | 2,575.00 |
| 5/22/2009  | RLB | Activities<br>Review and revise complaint (1.0); Review documents regarding parties and background (.60); Conference with William C. Bollard regarding complaint and strategy (.30); Review and revise retainer agreement (.10). | 2.00<br>450.00/hr | 900.00 |
|            | WCB | Activities<br>Conference with Richard L. Brown regarding complaint and strategy (.30); Reviewed and revised draft complaint (1.80); Reviewed legal research regarding possible additional claims in adversary action (1.20); Reviewed documents in file (.30); Reviewed bankruptcy file on-line (.50); Telephone conference with Craig Millet (.70); Telephone conference with Len McGill (.50); Analysis and prepared notes to the file (.45). | 5.75<br>500.00/hr | 2,875.00 |
| 5/23/2009  | WCB | Activities<br>Reviewed and revised complaint draft against Deutsch Bank Trust Company Americas (1.50); Reviewed e-mail from Craig Millet (.20); Reviewed Griffiths declaration and other first day motion material (.70); Analysis and prepared notes to the file (.25). | 2.65<br>500.00/hr | 1,325.00 |
| 5/25/2009  | EAL | Activities<br>Review Securities and Exchange Commission documents and first day motion material (2.0); Review and revise adversary complaint (.50). | 2.50<br>130.00/hr | 325.00 |
|            | WCB | Activities<br>Reviewed e-mail from client (.20); Sent e-mail to client with draft complaint for review and comment (.25); Prepared engagement agreement (.50); Sent e-mail to Craig Millet (.10); Reviewed and revised complaint against Deutsch Bank Trust Company Americas (2.40); Analysis and prepared notes to the file (.10). | 3.45<br>500.00/hr | 1,725.00 |
|            | RLB | Activities<br>Review e-mails and attachments (.20); Review and revise complaint (.30). | 0.50<br>450.00/hr | 225.00 |
| 5/26/2009  | EAL | Activities<br>Final review of adversary complaint and associated documents for filing. | 2.00<br>130.00/hr | 260.00 |

LAW OFFICES OF JULANDER, BROWN & BOLLARD

| Fleetwood Enterprise | INVOICE NO.: 21328 |
|---|---|
| Re: Fleetwood v. Deutsche Bank | June 01, 2009 |
| (3FLE01-02) | Page 4 |

| | | | | Hrs/Rate | Amount |
|---|---|---|---|---:|---:|
| 5/26/2009 | RLB | Activities | Review indenture (.40); Review e-mails (.10); Conference with William C. Bollard regarding allegations regarding collateral agent (.50); Review complaint regarding parties and holders (.50). | 1.50<br>450.00/hr | 675.00 |
| | WCB | Activities | Conference with Richard L. Brown regarding allegations regarding indenture trustee/collateral agent issue (.50); Reviewed documents request from Whipporwill (.50); Brief telephone conversation with client regarding documents responsive to request and applicable litigation objections (.50); Finalized complaint for filing (1.50); Exchanged e-mail with Craig Millet and client (.10); Analysis and prepared notes to the file (.05). | 3.15<br>500.00/hr | 1,575.00 |
| 5/27/2009 | WCB | Activities | Attended sale hearings and cash collateral hearing (2.50); Brief conference with client and Craig Millet (.25); Reviewed and revised engagement agreement (.10); Conference with Richard L. Brown regarding status and strategy (.50); Analysis and prepared notes to the file (.50). (Write down $725 per William C. Bollard) | 3.85 | 1,200.00 |
| | RLB | Activities | Review various e-mails (.10); Conference with Elizabeth A. Lewis regarding filing, summons and concerns (.20); Conference with William C. Bollard regarding status and strategy (.20). | 0.50<br>450.00/hr | 225.00 |
| 5/29/2009 | WCB | Activities | Reviewed e-mail from Craig Millet regarding Whipporwill's request to review client's finanacial documents in connection with evaluating sale of company assets and litigation issues (.35); Reviewed document requests (.25); Reviewed press article regarding adversary action (.15); Analysis and prepared notes to the file (.10). | 0.85<br>500.00/hr | 425.00 |
| | RLB | Activities | Review various e-mails (.10); Conference with paralegal Elizabeth A. Lewis regarding summons and service issues (.20). | 0.30<br>450.00/hr | 135.00 |

| | | | |
|---|---|---:|---:|
| | SUBTOTAL: | [ 63.90 | 27,720.00] |
| | TOTAL PROFESSIONAL FEES<br>CLIENT EXPENSES: | 63.90 | $27,720.00 |

| | | | | Qty/Price | |
|---|---|---|---|---:|---:|
| | E107 | | | | |
| 5/26/2009 | WCB | Delivery Services/Messengers<br>Delivery of Adversary Complaint to United States Bankruptcy Court. | | 1<br>109.98 | 109.98 |
| 5/27/2009 | WCB | Delivery Services/Messengers<br>Messenger retrieval of documents from United States Bankruptcy Court Riverside. | | 1<br>87.48 | 87.48 |

LAW OFFICES OF JULANDER, BROWN & BOLLARD

| | |
|---|---|
| Fleetwood Enterprise | INVOICE NO.: 21328 |
| Re: Fleetwood v. Deutsche Bank | June 01, 2009 |
| (3FLE01-02) | Page 5 |

|  | **Qty/Price** | **Amount** |
|---|---|---|
| SUBTOTAL: |  | [ 197.46] |
| TOTAL CLIENT EXPENSES |  | $197.46 |
| TOTAL FEES & EXPENSES |  | $27,917.46 |
| BALANCE DUE |  | $27,917.46 |

**Please be advised that effective June 1, 2009, our office is able to accept all major credit cards. Please contact Carol Collins at 949-477-2100, x220 if you have any questions or would like to make a payment via credit card.**

| In re: | CHAPTER 11 |
|---|---|
| *Fleetwood Enterprises, Inc.* | CASE NUMBER 09-14254-MJ |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9110 Irvine Center Drive, Irvine, CA 92618

A true and correct copy of the foregoing document described **MOTION FOR ALLOWANCE OF PAYMENT OF JULANDER, BROWN & BOLLARD'S PROFESSIONAL FEES AND EXPENSES PURSUANT TO SECTIONS 11 U.S.C. §§ 105(a) AND 331** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On August 27, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**:
Hon. Meredith A. Jury
United States Bankruptcy Court
3420 Twelfth Street, Courtroom 304
Riverside, CA 92501-3819

X   Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 20, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**SERVED VIA EMAIL:**

**DEBTOR:**
Leonard J. McGill
Senior Vice President - General Counsel and Secretary
Fleetwood Enterprises, Inc.
3125 Myers Street
Riverside, CA 92513
Email: Len.McGill@fleetwood.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                        **F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| *Fleetwood Enterprises, Inc.* | CASE NUMBER 09-14254-MJ |
| Debtor(s). | |

**COUNSEL FOR DEBTOR:**
Craig H. Millet
Solmaz Kraus
Gibson, Dunn & Crutcher, LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Email: cmillet@gibsondunn.com & skraus@gibsondunn.com

**UNITED STATES TRUSTEE:**
Office of the United States Trustee
3685 Main Street, Suite 300
Riverside, CA 92501
Attn: Frank Cadigan and Elizabeth A. Lossing
Email: frank.cadigan@usdoj.gov & elizabeth.lossing@usdoj.gov

**COUNSEL TO CREDITORS' COMMITTEE:**
Hamid Rafatjoo
Pachulski, Stang, Ziehl, Young & Jones P.C.
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067
Email: hrafatjoo@pszjlaw.com

**COUNSEL TO BANK OF AMERICA:**
Gregory Lunt
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Email: gregory.lunt@lw.com

**COUNSEL TO DEUTSCHE BANK:**
Todd L. Padnos
Dewey & LeBoeuf LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303
Email: tpadnos@dl.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 27, 2009 | Elizabeth Lewis | /s/ Elizabeth Lewis |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**