1  BRAD D. KRASNOFF, State Bar No. 125065
   krasnoff@lbbslaw.com
2  SCOTT LEE, State Bar No. 204564
   slee@lbbslaw.com
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012-2601
   Telephone:  (213)250-1800
5  Facsimile:  (213)250-7900

6  Attorneys for Creditor PHILIPS PRODUCTS, INC.

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        RIVERSIDE DIVISION

11 | In re:                          ) Case No.: 6:09-bk-14254-MJ
                                     )
12 | FLEETWOOD ENTERPRISES, INC., et  ) [Jointly Administered]
   | al.,                            )
13 |                                 ) Chapter 11
   |                                 )
14 |              Debtors.           ) NOTICE OF MOTION AND MOTION OF
   |                                 ) PHILIPS PRODUCTS, INC. FOR
15 |                                 ) ALLOWANCE OF ADMINISTRATIVE
   |                                 ) EXPENSE CLAIM PURSUANT TO 11
16 |                                 ) U.S.C. §503(b)(9); MEMORANDUM
   |                                 ) OF POINTS AND AUTHORITIES;
17 |                                 ) DECLARATION OF RONALD K. MASON
   |                                 ) IN SUPPORT THEREOF
18 |                                 )
   |                                 )
19 |                                 ) Hearing Date:
   |                                 ) Date: October 7, 2009
20 |                                 ) Time: 1:30 p.m.
   |                                 ) Ctrm: 302
21 |                                 )
   |                                 )
22

23 TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY JUDGE,

24 ALL PARTIES IN INTEREST AND THEIR COUNSEL OF RECORD:

25        PLEASE TAKE NOTICE that on October 7, 2009, at 1:30 p.m.,

26 in Courtroom 302 of the above-entitled Court located at 3420

27 Twelfth Street, Riverside, California 92501, Creditor PHILIPS

28 PRODUCTS, INC. ("PPI" or "Movant") shall move and hereby moves,

1 | this Court for an order granting the Motion Of Philips Products,
2 | Inc. For Allowance Of Administrative Expense Claim Pursuant To 11
3 | U.S.C. §503(b)(9) ("Motion").

PLEASE TAKE FURTHER NOTICE that the Motion is based upon the Motion, Memorandum of Points and Authorities, Declaration of Ronald K. Mason, and such other oral and documentary evidence as may be presented to the Court at or before the hearing on the Motion.

PLEASE TAKE FURTHER NOTICE that if you wish to oppose or respond to the Motion, pursuant to Local Bankruptcy Rule 9013-1(f), all responses or oppositions to the Motion must be filed with the Court and served upon counsel for PPI no later than fourteen (14) days before the date designated for hearing. Failure to timely file a response or an opposition may be deemed as consent to the relief sought.

DATED: August 27, 2009

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
BRAD D. KRASNOFF
SCOTT LEE
Attorneys for Creditor PHILIPS PRODUCTS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

PPI, through this Motion, seeks the allowance and immediate payment of $166,562.00 for certain goods delivered to and received by Fleetwood Enterprises, Inc. ("FEI") and/or other related debtors (collectively, "Debtors"), within 20 days before the Debtors' bankruptcy filings on March 10, 2009. As such, PPI asserts that it is entitled to an administrative priority claim totaling $166,562.00 under 11 U.S.C. §§503(b)(9) and 507(a)(2).

## II.

## STATEMENT OF FACTS

1. The instant case ("Bankruptcy Case"), as well as other cases filed by each of the Debtors, were commenced by the filings of voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on March 10, 2009 ("Filing Date"). The Debtors, including FEI, continued to operate their businesses as Debtors-In-Possession.

2. PPI sold doors, windows and vents to the Debtors. PPI was a long time vendor to the Debtors prior to the Filing Date.

3. During the 20 days before the Filing Date ("20 Day Period"),[1] the Debtors received deliveries of certain doors, windows and/or vents (collectively, "Goods") from PPI worth $166,562.00. The Goods were sold and delivered to the Debtors by PPI in the ordinary course of the Debtors' business. True and correct copies of the unpaid invoices which reflect the foregoing

---

[1] The 20 Day Period runs from February 18, 2009 to the Filing Date.

4810-6113-8948.1

-3-

sale transaction (collectively, "Invoices") are collectively attached to the Declaration of Ronald K. Mason as **Exhibit "A"**.

4. The Invoices were not paid and still remain unpaid by the Debtors.

III.

ARGUMENT

A. <u>The Court Should Enter An Order Allowing Philips Products, Inc. An Administrative Claim Against FEI In The Amount Of $166,562.00 Under 11 U.S.C. §§503(b)(9) And 507(a)(2)</u>

11 U.S.C. §503(b)(9) provides as follows:

> "(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including --
> ...
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

Additionally, 11 U.S.C. §507(a)(2) provides as follows:

> "(a) The following expenses and claims have priority in the following order:
> ...
> (2) Second, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28."

Pursuant to Uniform Commercial Code ("UCC") §2103(1)(c), receipt of goods means taking physical possession of goods by a buyer. See <u>In re Trico Steel Co., LLC</u>, 282 B.R. 318, 323-24 (Bankr.D.Del. 2002).

4810-6113-8948.1                    -4-

The UCC further defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale..." UCC §2105.

In the instant case, PPI has satisfied all of the requirements for allowance of an administrative claim under 11 U.S.C. §§503(b)(9) and 507(a)(2).

First, PPI sold and delivered the Goods to the Debtors within the 20 Day Period (See **Exhibit "A"**).

Second, the total value of the Goods sold and delivered to the Debtors within the 20 day Period was $166,562.00 (See **Exhibit "A"**).

Third, the Goods were sold to the Debtors in the ordinary course of the Debtors' business. As referenced above, PPI sold doors, windows and vents to the Debtors. PPI was a long time vendor to the Debtors prior to the Filing Date. The Debtors, including FEI, manufactured and sold mobile homes through a chain of dealers. To that end, the Debtors normally ordered and purchased the Goods from PPI to be installed in their mobile homes. The order and receipt of the Goods from PPI for the purpose of manufacturing mobile homes for sale was part of the Debtors' ordinary course of business (See **Exhibit "A"**).

Finally, the Invoices were not paid and still remain unpaid by the Debtors (See **Exhibit "A"**).

///
///
///
///
///

IV.

CONCLUSION

Based on the foregoing, PPI respectfully requests that the Court enter its Order: (1) allowing an administrative expense claim against FEI under 11 U.S.C. §§503(b)(9) and 507(a)(2) in the amount of $166,562.00, (2) requiring immediate payment of $166,562.00, and (3) granting all other appropriate relief as may be just and proper under the circumstances.[2]

DATED: August 27, 2009
LEWIS BRISBOIS BISGAARD & SMITH LLP

By_____
BRAD D. KRASNOFF
SCOTT LEE
Attorneys for Creditor PHILIPS PRODUCTS, INC.

---

[2] PPI seeks an order authorizing administrative claim against FEI. However, PPI reserves its right to seek an administrative claim against one or more of the other Debtors to the extent that additional information later obtained by PPI, if any, determines that such entity(ies) is(are) actually responsible for payment of all or part of said administrative claim.

4810-6113-8948.1
-6-

# DECLARATION OF RONALD K. MASON

I, RONALD K. MASON, hereby declare as follows:

1. I am an individual over the age of 18 and am the president of PHILIPS PRODUCTS, INC. ("PPI" or "Movant"). I submit this Declaration in support of the within Motion Of Philips Products, Inc. For Allowance Of Administrative Expense Claim Pursuant To 11 U.S.C. §503(b)(9) ("Motion").

2. As part of my job responsibilities, I am responsible for, among other things, monitoring the status of the invoices and delivery of goods from PPI to Fleetwood Enterprises, Inc. ("FEI") and/or other related debtors (collectively, "Debtors"). I am also a custodian of records for the documents described herein.

3. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently thereto.

4. Each of the documents described in this Declaration was either created by PPI in the ordinary course of business, or was received by PPI in the ordinary course of business, and each document has been maintained by PPI in the ordinary course of business ever since. Moreover, each document was created at or near the time of the event set forth therein.

5. PPI sold doors, windows and vents to the Debtors. PPI was a long time vendor to the Debtors prior to March 10, 2009 ("Filing Date").

6. During the 20 days before the Filing Date ("20 Day Period"),[3] the Debtors received deliveries of certain doors,

---

[3] The 20 Day Period runs from February 18, 2009 to the Filing Date.

4810-6113-8948.1 -7-

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

windows and/or vents (collectively, "Goods") from PPI worth $166,562.00. The Goods were sold and delivered to the Debtors by PPI in the ordinary course of the Debtors' business. True and correct copies of the unpaid invoices which reflect the foregoing sale transaction (collectively, "Invoices") are collectively attached hereto as **Exhibit "A"**.

7. The Invoices were not paid and still remain unpaid by the Debtors.

8. My current understanding is that FEI is the responsible party for the unpaid Invoices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 28th day of August 2009, at Elkhart, Indiana.

_____
RONALD K. MASON

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4810-6113-8948.1

**Note:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 221 North Figueroa Street, 12th Floor, Los Angeles, California 90012-2601

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION OF PHILIPS PRODUCTS, INC. FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §503(b)(9); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD K. MASON IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August__, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

[ ] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):

On August 28, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[ X ] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 28 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

[ X ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 28, 2009     Ronni E. King     /s/ Ronni King
Date     Type Name     Signature

4810-6113-8948.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

# SERVICE LIST

**VIA U.S. MAIL**

**U.S. TRUSTEE**
Office of the U.S. Trustee
Attn: Elizabeth A. Lossing, Esq.
3685 Main Street, Suite 300
Riverside, CA 92501

**ATTORNEY FOR DEBTOR**
Craig Millet, Esq.
Michele I. Maryott, Esq.
Solmaz Kraus, Esq.
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412

**PHILIPS PRODUCTS, INC.**
Mr. Ronald K. Mason, President
Philips Products, Inc.
3221 Magnum Drive
P.O. Box 2327
Elkhart, Indiana 46515

**KURTZMAN CARSON CONSULTANTS**
United States Bankruptcy Court
Fleetwood Claims Processing
c/o Kurtzman Carson Consultants LLC
P.O. Box 1070
Riverside, CA 92502-1070

**VIA HAND DELIVERY**

**KURTZMAN CARSON CONSULTANTS**
United States Bankruptcy Court
Fleetwood Claims Processing
c/o Kurtzman Carson Consultants LLC
3420 Twelfth Street
Riverside, CA 92501

**DEBTOR**
Fleetwood Enterprises, Inc.
3125 Myers Street
Riverside, CA 92513

**COUNSEL FOR OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS**
Mary D. Lane, Esq.
Hamid R. Rafatjoo, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, CA 90067

**THE HONORABLE MEREDITH A. JURY**
United States Bankruptcy Court
Central District of California,
Riverside Division
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819

4810-6113-8948.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW