CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
JEFFREY H. REEVES, SBN 156648, JReeves@gibsondunn.com
ANNE A. UYEDA, SBN 235306, AUyeda@gibsondunn.com
MARK J. GLEASON, SBN 253407, MGleason@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtors. | CASE NO. 09-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered]<br><br>**DEBTOR'S OPPOSITION TO MOTION OF LAZY DAYS R.V. CENTER, INC. FOR ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT CONTINUATION OF STATE COURT ACTION**<br><br>**[Declarations of Thabita A. Philip-Guide Filed Concurrently Herewith]**<br><br>**[Evidentiary Objections and Motion to Strike Portions of Declaration of Judy Bolton Filed Concurrently Herewith]**<br><br>**Hearing:**<br>Date: September 16, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 302<br>       3420 Twelfth Street<br>       Riverside, CA 92501<br>Judge: Honorable Meredith A. Jury |

# TABLE OF CONTENTS

Page

I. INTRODUCTION: THE MOVANT LACKS STANDING ................................................................ 1

II. BACKGROUND OF THE SCHALMO ACTION ........................................................................ 2

    A. The Accident and the Parties to the Schalmo Action.................................................... 2

    B. The Debtor's Relationship with Lazy Days................................................................... 2

    C. The Debtors' Rejection of the Dealer Sales and Service Agreement ........................... 3

    D. Gibraltar Insurance Policy............................................................................................. 3

III. THE MOVANT HAS FAILED TO ESTABLISH CAUSE FOR THIS COURT TO GRANT RELIEF FROM STAY ............................................................................................. 4

    A. The Movant's Assertion of an Indemnity Right Does Not Constitute Cause to Modify the Automatic Stay nor Justify a "Blank Check" Administrative Claim for Full Indemnity .................................................................................................. 4

        1. The Movant Improperly Attempts to Convert its Motion to Modify the Automatic Stay into a Motion for Allowance and Immediate Payment of an Administrative Claim................................................................ 4

        2. Because The Movant can Assert its Alleged Indemnity Rights by Filing a Proof of Claim, Its Alleged Indemnity Rights do not Justify Modifying the Automatic Stay ............................................................ 6

    B. The Other "Factors" Cited by the Movant do not Establish Cause to Modify the Automatic Stay ........................................................................................... 6

    C. The Schalmo Plaintiffs Have Waived Any Right to a Jury Trial as to the Debtor, and it Would be Inappropriate Now for the Movant Through this Motion to Reverse That Outcome ................................................................................ 8

IV. THE DEBTOR DOES NOT OBJECT TO A PRELIMINARY INJUNCTION EXTENDING THE STAY TO THE SCHALMO ACTION, BUT DISAGREES WITH THE MOVANT'S ASSERTED JUSTIFICATIONS FOR THE INJUNCTION. ...................................................................................................................... 9

V. NOTICE REGARDING REPLY BRIEF.................................................................................... 12

VI. CONCLUSION........................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acevedo v. Van Dorn Plastic Machinery Co.*,
  68 B.R. 495 (Bankr. E.D.N.Y. 1986) ................................................................................ 6

*Benedor Corp. v. Conejo Enters., Inc.*,
  96 F.3d 346 (9th Cir. 1996) ................................................................................... 4, 8

*In re Airlift Int'l, Inc.*,
  761 F.2d 1503 (11th Cir. 1985) ............................................................................ 3, 5

*In re Hakim*,
  212 B.R. 632 (Bankr. N.D. Cal. 1997) ...................................................................... 7

*In re Hassanally*,
  208 B.R. 46 (9th Cir. BAP 1997) .......................................................................... 5, 6

*In re Jensen*,
  127 B.R. 27 (9th Cir. BAP 1991) ............................................................................. 6

*In re Jim Walter Resources,*
  172 B.R. 380 (Bankr. M.D.Fla. 1994) ...................................................................... 8

*In re Kemble,*
  776 F.2d 802 (9th Cir. 1985) .................................................................................... 7

*In re Levy,*
  87 B.R. 107 (Bankr. N.D. Cal. 1988) ....................................................................... 6

*In re M. Frenville Co.*,
  744 F.2d 332 (3d Cir. 1984) ..................................................................................... 6

*In re Nofziger,*
  227 Fed.Appx. 788 (11th Cir. 2007) ......................................................................... 9

*In re Plumberex*,
  311 B.R. 551 (Bankr. C.D. Cal. 2004) ...................................................................... 7

*In re THC Financial Corp.*,
  686 F.2d 799 (9th Cir. 1982) .................................................................................... 6

*In re Tricare Rehab. Sys., Inc.*,
  181 B.R. 569 (Bankr. N.D. Ala. 1994) ..................................................................... 5

*In re Tucson Estates*,
  912 F.2d 1162 (9th Cir. 1990) .................................................................................. 8

*Mazzeo v. Lenhart*,
  167 F.3d 139 (2d Cir. 1999) ..................................................................................... 4

**Statutes**

11 U.S.C. § 365(g)(1) ..................................................................................................... 3

11 U.S.C. § 502(g) ..................................................................................................... 3, 5

**Other Authorities**

2 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 101.05[1] ................. 5

Gibson, Dunn &
Crutcher LLP

i

# I.
# **INTRODUCTION: THE MOVANT LACKS STANDING**

At the outset, it is important to understand who is seeking relief from stay, and who is not. The plaintiffs ("Schalmo Plaintiffs") in the underlying state court personal injury action (the "Schalmo Action") have not and do not seek relief from stay. They have filed a proof of claim submitting to Bankruptcy Court jurisdiction and are apparently willing to have their claim determined in the bankruptcy case. Rather, the instant motion to modify the automatic stay (the "Motion") is brought by Lazy Days R.V. Center, Inc. (the "Movant"), an RV dealer who is a co-defendant with Fleetwood Motor Homes of Indiana, Inc. (the "Debtor"). However, the Movant has neither filed a cross-action against the Debtor for indemnity nor sought any other relief against the Debtor in the Schalmo Action. Despite that it has no claim against the Debtor in the pending litigation and the Schalmo Plaintiffs do not seek relief from stay, the Movant, asks this Court to ***order the plaintiffs to proceed against the Debtor*** in the Schalmo Action and also ***order the Debtor to indemnify and defend the Movant*** in the Schalmo Action as well.

Although the personal injury claims of the Schalmo Plaintiffs may be covered by Gibraltar insurance, the Movant's alleged indemnity rights are *not* covered and give rise only to a prepetition claim. Any as yet unasserted indemnity claim that the Movant may have can be pursued by filing a proof of claim. The other factors the Movant cites to in support of the request for relief from stay do not establish "cause" here. The Movant has failed to show an urgent need for the Debtor to participate in the Schalmo Action and has not established that the state court is the most efficient forum to resolve the Schalmo Action since the Movant has no pending claims against the Debtor in the Schalmo Action to be resolved. If the Schalmo Action proceeds without the Debtor, the Movant can argue that the Debtor (or the other defendants) and not the Movant is liable to the Schalmo Plaintiffs just as effectively as if the Debtor were present. The presence of the Debtor will not bring any more "assets" to the Schalmo Action that the Movant can use to satisfy any claims the Scahlmo Plaintiffs may have.

Although, the Debtor vehemently opposes relief from stay requiring it to participate in the Schalmo Action now or anytime in the future, the Debtor does not oppose extension of the automatic stay to the entire Schalmo Action through the effective date of the Debtor's plan of reorganization, as

sought in the alternative in the Movant's Motion for Preliminary Injunction in the related adversary action.

## II.
## BACKGROUND OF THE SCHALMO ACTION

### A. The Accident and the Parties to the Schalmo Action

On or about August 11, 2004, the Schalmo Plaintiffs allegedly suffered injuries in an accident in their motor home which they claim was the result of an allegedly defective tire manufactured by co-defendant Goodyear Tire & Rubber Company. (Decl. of Judy Bolton re Support of Mot. for Order Modifying the Automatic Stay ("Bolton Decl."), Ex. B (complaint) ¶ 12.) On July 12, 2006, the Schalmo Plaintiffs filed the Schalmo Action in Florida state court. *Id.* In the operative complaint, the Fourth Amended Complaint and Demand for Jury Trial ("Complaint"), the Schalmo Plaintiffs allege that Debtor, Fleetwood Motor Homes of Indiana, Inc., manufactured the motor home, which was originally sold to a different owner by the Movant and later re-sold by the Movant to John and Kelly Schalmo, two of the Schalmo Plaintiffs. (Decl. of Thabita A. Philip-Guide in Supp. of this Opp'n ("Philip-Guide Decl.") ¶ 5, Ex. A. ¶¶ 10-11.) The Complaint asserts causes of action for strict liability and negligence against the Movant, the Debtor, and Goodyear Tire & Rubber Company. (*See generally* Philip-Guide Decl., Ex. A.)

The Schalmo Action has been stayed as to the Debtor since March 10, 2009, when the Debtor and 45 affiliates filed Chapter 11 petitions, but has been ongoing as to all other parties.

### B. The Debtor's Relationship with Lazy Days

On or about October 1, 2007, Debtors Fleetwood Motor Homes of Indiana, Inc., Fleetwood Motor Homes of Pennsylvania, Inc., and Fleetwood Motor Homes of California, Inc. (collectively, the "Fleetwood Subsidiaries"), and the Movant entered into a Dealer Sales and Service Agreement ("Dealer Agreement") whereby the Fleetwood Subsidiaries appointed the Movant as an authorized retail dealer for the sale and service of certain motor homes. (Bolton Decl. ¶ 3, Ex. A.) The Dealer Agreement provides that the Fleetwood Subsidiaries shall "defend, indemnify, and hold harmless . . . [the Movant] . . . and its owners, employees, agents and successors with respect to any claim, lawsuit, judgment or expense, including reasonable attorney's fees, resulting from any claim alleged to have

been caused by a defect in the design, material or workmanship" of a motor home produced by the Fleetwood Subsidiaries and sold to the Movant. (Bolton Decl., Ex. A at ¶ 4.19.1.)

## C. The Debtors' Rejection of the Dealer Sales and Service Agreement

On August 26, 2009, the Debtors filed their Motion for an Order Authorizing Debtors to Reject Motor Home Dealer Sales and Service Agreements and Joint Defense Agreements Related Thereto (Docket No. 1154, filed August 26, 2009) ("Motion to Reject"), which is set for hearing on September 16, 2009 at 1:30 p.m., coinciding with the hearing on the Motion (see Docket No. 1164, filed August 27, 2009). The Motion to Reject seeks to reject, among other things, the Dealer Agreement with the Movant and any related Joint Defense Agreement between the Debtors and the Movant. (*Compare* Bolton Decl., Ex. A at 8 (identifying the Movant as Dealer No. 205915) *with* Decl. of Andrew M. Griffiths in Supp. of Motion to Reject (Docket No. 1155) ¶ 4, Ex. A at item no. 190 (identifying the Dealer Agreement and related Joint Defense Agreements with Lazy Days RV Center, Inc., Dealer No. 205915, as agreements the Debtors seek to reject by the Motion to Reject).)

If the Court approves the Motion to Reject, then the Dealer Agreement is deemed terminated immediately prior to the filing of the bankruptcy cases. *See* 11 U.S.C. §§ 365(g)(1); 502(g). Therefore, the Movant's contractual indemnity rights would give rise to only a prepetition claim. *See In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1509 (11th Cir. 1985) ("where [an executory] contract is [rejected by the Debtor] prior to confirmation, the breach of the executory contract . . . is deemed to have occurred pre-petition, giving rise to a pre-petition claim under [Bankruptcy Code] section 502(g), but not an administrative expense under section 503(b).").

## D. Gibraltar Insurance Policy

The Debtor is insured under a product liability insurance policy issued by Gibraltar Insurance Company, Ltd. ("Gibraltar"), a wholly-owned subsidiary of Debtor Fleetwood Enterprises, Inc., covering the period from November 1, 2003 through November 1, 2004 (the "Gibraltar Policy"). (*See* Philip-Guide Decl. ¶ 6, Ex. B.) The Gibraltar Policy is an occurrence policy and, in this policy year, it provides $7,500,000 of coverage per occurrence *and* in the aggregate. (Philip-Guide Decl. ¶ 6, Ex. B at Declarations, Products/Completed Operations Liability Coverage Form ("Coverage Form") § 1.b(2), Endorsement No. 23.) The Gibraltar Policy provides coverage for personal injury

claims under particular circumstances. (*See* Philip-Guide Decl., Ex. B, Coverage Form § 1.a.) However, claims for indemnity and defense cost from a dealer, such as that sought by the Movant, are not insured under the Gibraltar Policy nor any other policy of insurance held by the Debtor. (*See generally* Philip-Guide Decl., Ex. B.)

### III.
### THE MOVANT HAS FAILED TO ESTABLISH CAUSE FOR THIS COURT TO GRANT RELIEF FROM STAY

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors . . . . [and] permits the debtor to . . . be relieved of the financial pressures that drove him into bankruptcy." *Benedor Corp. v. Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). The Court must find "cause" in order to grant relief from the automatic stay. 11 U.S.C. § 362(d)(1). "'Cause' has no clear definition and is determined on a case-by-case basis." *Benedor Corp.*, 96 F.3d at 352. The initial burden of establishing "cause" rests with the party seeking relief from the stay, and "absent a showing of cause, the court should simply deny relief from the stay." *Mazzeo v. Lenhart*, 167 F.3d 139, 142 (2d Cir. 1999) (citations omitted). The Movant has failed to meet its burden of establishing "cause" involving the Movant justifying a modification of the automatic stay.

**A. The Movant's Assertion of an Indemnity Right Does Not Constitute Cause to Modify the Automatic Stay nor Justify a "Blank Check" Administrative Claim for Full Indemnity**

**1. The Movant Improperly Attempts to Convert its Motion to Modify the Automatic Stay into a Motion for Allowance and Immediate Payment of an Administrative Claim**

The Motion asks the Court to modify the automatic stay to require that the Debtor proceed with the Schalmo Action, "providing full indemnity as required by statute." (Mot. at 9:20-23; *see also id.* at 13:24-25 (requesting that the Debtor be ordered to indemnify and defend the Movant in the Schalmo Action)). It appears that the Movant is requesting full and immediate payment from the Debtor on the Movant's mere assertion of an alleged right to indemnity, which is essentially a request for allowance and payment of administrative expenses in an unspecified amount. This is improper procedurally, as the Motion is styled only as requesting modification of the automatic stay and is not

predicated on Section 503 of the Bankruptcy Code, which authorizes the payment of administrative expenses.

Furthermore, this request, which is not supported by law, is improper on the merits. The Movant cites *In re Tricare Rehab. Sys., Inc.*, 181 B.R. 569, 578-79 (Bankr. N.D. Ala. 1994), as having approved and ordered "similar relief from stay." (Mot. 9:20-25.) To the contrary, *Tricare* only supports the Movant's request that any judgment in the Schalmo Action not be enforced against the Debtor outside of the bankruptcy court; *Tricare* says *nothing* regarding indemnity, particularly the Debtor's obligation to fully indemnify another party. *See generally Tricare*, 181 B.R. 569.

The Movant's right to indemnity gives rise only to a prepetition claim, as the Movant admits when it states that if it is entitled to indemnity from the Debtor by contract or statute, it can simply seek payment "from the Debtors through the claims process." (*See* Mot. at 11:17-12:2); *see also* 2 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 101.05[1] (stating that "claim" is broadly defined and may include indemnity claims). Indeed, once the Dealer Agreement is rejected, any claim for indemnity based on the Debtor's breach of the agreement, including failure to indemnify, is automatically considered a prepetition claim. *See* 11 U.S.C. § 502(g); *In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1509 (11th Cir. 1985) ("where [an executory] contract is [rejected by the Debtor] prior to confirmation, the breach of the executory contract . . . is deemed to have occurred pre-petition, giving rise to a pre-petition claim under [Bankruptcy Code] section 502(g), but not an administrative expense under section 503(b).").

In *In re Hassanally*, 208 B.R. 46, 47 (9th Cir. BAP 1997), a bank filed suit against the debtor post-petition, claiming that the debtor had negligently constructed a home prior to filing bankruptcy. The *Hassanally* court ruled that the construction defect claim was a pre-petition contingent claim because it was based on the Debtor's *prepetition conduct*, even though the Bank did not discover the defects until postpetition. *Id.* at 54-55. Here, each of the acts giving rise to the Movant's indemnity rights occurred prepetition, *i.e.*, the Schalmos were injured in 2004 and filed suit against both the Movant and Debtor in 2006, and the Movant entered into the Dealer Agreement in 2007. Therefore, the Movant had a contingent claim based on its indemnity rights in the Schalmo Action no later than

2007 and has only a prepetition claim based on those rights.[1]  *See*, *e.g.*, *In re THC Financial Corp.*, 686 F.2d 799, 802-04 (9th Cir. 1982) (contractual right to indemnity gives rise to a contingent claim at the time the agreement is signed, requiring the indemnitee to file a proof of claim in the indemnitor's bankruptcy case in order to preserve its claim); *Acevedo v. Van Dorn Plastic Machinery Co.*, 68 B.R. 495, 496, 498-99 (Bankr. E.D.N.Y. 1986) (holding that a debtor's duty to indemnify a party in a products liability suit arising from prepetition injuries gives rise to a prepetition claim, subject to bankruptcy court jurisdiction).

### 2. Because The Movant can Assert its Alleged Indemnity Rights by Filing a Proof of Claim, Its Alleged Indemnity Rights do not Justify Modifying the Automatic Stay

Though not entirely clear, the Movant appears to argue that there is "cause" for granting its requested modification of the automatic stay because the Debtor has an alleged statutory duty to indemnify the Movant in the Schalmo Action and that, without explaining how, Movant will be deprived of due process if it is required to defend itself in the Schalmo Action without such indemnification.  However, the alleged statutory right is derivative of Movant's status as a "dealer." Once the Dealer Agreement is rejected, any claim arising under state law would be a pre-petition claim.  Indeed, the Movant has not filed a cross action or other action to assert the alleged statutory right to indemnification and Movant's due process rights are otherwise protected by the Bankruptcy Code's claims resolution process.

### B. The Other "Factors" Cited by the Movant do not Establish Cause to Modify the Automatic Stay

As stated by the Movant, courts typically consider 12 factors in determining whether to grant relief from the automatic stay, though no single factor is determinative and the court is not required to

---

[1]  Only the Third Circuit Court of Appeals has taken a contrary position, holding that a "claim" for indemnity that is not based on a contract arises for bankruptcy purposes only when the right to indemnity accrues under state law.  *See In re M. Frenville Co.*, 744 F.2d 332, 335-37 (3d Cir. 1984).  However, the *Frenville* decision has been roundly criticized and is not followed outside of the Third Circuit.  *See In re Hassanally*, 208 B.R. 46, 47 (9th Cir. BAP 1997) (declining to follow *Frenville* as it noted most courts, including the Ninth Circuit, had done); *In re Jensen*, 127 B.R. 27, 30-33 (9th Cir. BAP 1991) (declining to follow *Frenville*); *Grady v. A.H. Robbins Co.*, 839 F.2d 198 (4th Cir. 1988) (same); *In re Levy*, 87 B.R. 107, 108-10 (Bankr. N.D. Cal. 1988) (cross-claim against debtor for *indemnity* had been discharged in bankruptcy, rejecting a state court ruling that relied solely on *Frenville*, which has been implicitly rejected by the Ninth Circuit).

treat them with equal weight. *In re Plumberex*, 311 B.R. 551, 559-60 (Bankr. C.D. Cal. 2004) (finding no cause to lift the automatic stay). The Movant asserts that six of these factors provide "cause" for granting its requested modification of the automatic stay; however, besides simply listing them, the Movant makes little, if any, attempt to analyze these factors under the facts of this case. (*See* Mot. at 7-9.) In fact, the cited factors do not establish "cause" to modify the stay as requested by the Movant.

The Movant asserts that relief from stay is appropriate because the Florida state court has "special expertise" to resolve the state law issues in the Schalmo Action. Importantly, ***the Schalmo Plaintiffs themselves do not seek relief from stay, and the Movant has no claim pending against the Debtor in the Schalmo action that requires adjudication. The Movant should not be allowed to force other litigants to resolve their dispute in a forum that neither of them wants.*** In any event, before granting relief from stay, bankruptcy courts also consider "the difficulty or unsettled nature of the applicable state law." *In re Hakim*, 212 B.R. 632, 640 n.21 (Bankr. N.D. Cal. 1997). Here, Movants do not assert that the laws governing the products liability claims in the Schalmo Action are any more complex or unsettled than most issues adjudicated in this Court or the District Court for the Central District of California.

The Movant also asserts that judicial economy will be better served by granting its requested relief, relying solely on *In re Kemble,* 776 F.2d 802, 807 (9th Cir. 1985). While this is a factor for consideration by the Court, the facts of *In re Kemble* do not support relief from stay here. The *Kemble* court upheld the lower court's withdrawal of the reference as to a case that was set for *retrial* on the issue of damages where the parties had engaged in "extensive preparation for the damages retrial." 776 F.2d at 803-05, 807. The Movant here makes no showing that the Schalmo Action has proceeded to a point where judicial economy dictates that it be resolved by the Florida state court at this time.

In addition, the Movant asserts that the "balance of hurt" favors granting its requested relief. However, the Movant makes no attempt to identify, let alone compare, the harm that each party will suffer if modification of the stay is denied. (*See* Mot. at 8:20-24.) Indeed, the Movant contradicts itself and argues elsewhere, in seeking the extension of the stay, that modifying the stay will harm the

Debtors' reorganization efforts by diverting the Debtors' resources and the attention of its management to the defense of the Schalmo Action, which is of course true. (*See* Mot. at 12:15-18; Philip-Guide Decl. ¶ 7). Contrary to the Movant's bald assertions, there is no showing that any balance of harm test favors relief from stay. In fact, as shown below, the Debtor would suffer harm to be forced to endure a jury trial in state court, since the Schalmo Plaintiffs have waived their right to a jury as to the Debtor.

The Movant also asserts that "cause" exists to grant its requested relief because the Schalmo Action is not a core proceeding. This is not one of the 12 factors for consideration cited by the *Plumberex* court. The Movant instead relies on *In re Tucson Estates*, 912 F.2d 1162 (9th Cir. 1990). As the Movant acknowledges, the *Tucson Estates* court addressed the factors supporting permissive abstention. However, even a "finding that *mandatory* abstention applies to the underlying state action [(mandating that it be remanded to state court)] does not preclude denial of relief from § 362's automatic stay" because whether to grant relief from the stay is far more a question of *when* than *where* the underlying case should proceed. *See Benedor Corp. v. Conejo Enters., Inc.*, 96 F.3d 346 (9th Cir. 1996) (emphasis added). Again, the Schalmo Plaintiffs are not asking for relief from stay, and the Movant has no claim pending to be evaluated as core or non-core.

**C. The Schalmo Plaintiffs Have Waived Any Right to a Jury Trial as to the Debtor, and it Would be Inappropriate Now for the Movant Through this Motion to Reverse That Outcome**

The Schalmo Plaintiffs have filed a proof of claim in the Debtor's bankruptcy case, covering the Schalmo Action. (Case No. 09-14383, Claim No. 715 (filed May 21, 2009) (available on the Debtor's Claims and Noticing Agent's Claims Register, http://www.kccllc.net/Fleetwood).) By filing a proof of claim, the Schalmo Plaintiffs submitted themselves to bankruptcy court jurisdiction and waived their right to a jury. It would make little sense, and would do harm to the Debtor, if the Movant were allowed through a relief from stay motion to force the Debtor back into a jury trial in state court once the jury trial right has been waived. *See, e.g., In re Jim Walter Resources,* 172 B.R. 380, 383 (Bankr. M.D.Fla. 1994) (where employees who had filed proofs of claims against Chapter 11 debtor moved for relief from stay in order to litigate their claims before a jury in the state court forum, the bankruptcy court held that the employees had waived their right to a jury trial by filing

proofs of claim and, "since there is no right to trial by jury in a claim allowing process, it is evident that the Motion to Lift Automatic Stay to permit the Movants to complete their litigation in the state court with a jury is not permissible"); *see also In re Nofziger,* 227 Fed.Appx. 788, 789 (11th Cir. 2007) (where court affirmed the lower court's denial of a creditor's motion for relief from the stay, finding that "[b]alancing the prejudice to the parties involved, the court found that both it and the state court could efficiently resolve [the creditor's] claims, and had the power to do so and that [the creditor] had waived any right to a jury trial by filing a proof of claim in the bankruptcy case").

### IV.
### THE DEBTOR DOES NOT OBJECT TO A PRELIMINARY INJUNCTION EXTENDING THE STAY TO THE SCHALMO ACTION, BUT DISAGREES WITH THE MOVANT'S ASSERTED JUSTIFICATIONS FOR THE INJUNCTION.

The Movant has initiated an adversary proceeding entitled *Lazy Days R.V. Center, Inc. v. Fleetwood Enterprises, Inc., et al.*, Adv. No. 09-01404 (filed August 20, 2009) (the "Adversary Action"). In that matter, the Movant has filed a Motion for Preliminary Injunction (Adversary Action Doc. 2 (filed August 20, 2009)) (the "Motion for Preliminary Injunction"), which is set for hearing concurrently with the Motion. The Motion for Preliminary Injunction seeks to extend the automatic stay in the Schalmo Action to the Movant. (Motion for Preliminary Injunction at 8:2-3.)

The Debtor does not believe that there is any reason to prevent the Schalmo Action from continuing without the Debtor's involvement and the Debtor does not join in the request that the stay be extended. But, if the Court is nevertheless so inclined, ***the Debtor does not oppose an order extending the automatic stay*** to the entire Schalmo Action, as explained below.

First, as an initial matter, it is far from clear that the Movant has adequately explained why an injunction is warranted. The Motion for Preliminary Injunction simply states that it seeks to prohibit the Schalmo Action from proceeding. (*See, e.g.,* Motion for Preliminary Injunction at 6:9-10, 8:2-3.) The Movant does not explain with any precision what is to what is occurring that needs to be enjoined, how long the injunction should stay in place, upon what conditions the injunction should issue or be lifted or exactly to which parties the injunction would apply or most important the end relief to which the injunction is ended to lead----*a preliminary injunction pending a permanent injunction enjoining what?* The Motion for Preliminary Injunction simply fails to provide the level of

detail ordinarily required to justify injunctive relief and certainly fails to show any likelihood of ultimate success on the merits leading to permanent relief.

Second, the Debtor does not agree with or accept the Movant's arguments that allowing the Schalmo Action to proceed against the Movant without the Debtor's participation will harm the Debtor's estate. The arguments are predicated on the notion that the Debtor might be forced to seek relief from stay itself in order to participate in the Schalmo Action (*see* Motion for Preliminary Injunction ¶ 24), yet the Debtor has absolutely no intention of doing so. If the Debtor believes the estate requires protection it is up to the Debtor – not the Movant – to seek appropriate relief.

Third, the Movant's asserted right to indemnity, which the Debtor refutes, can only give rise to a prepetition claim. (*See* discussion *supra* Section III.A.1.) Accordingly, and inevitably, the Movant will have to proceed eventually with the Schalmo Action without full or immediate indemnity from the Debtor. Delaying the Movant's participation in the Schalmo Action will do nothing to prevent this.

The Movant also offers arguments concerning the adversary proceeding entitled *Fleetwood Enterprises, Inc., et al. v. William Andresen, et al.*, Adv. No. 09-01250 (filed May 21, 2009), but they are misplaced. While it is true that in *Andresen* this Court did extend the stay to the Movant for 90 days (see Order Granting Prelim. Inj. that Extends Automatic Stay, Adv. No. 09-01250, Docket No. 20 (entered June 25, 2009) (the "Andresen Order")), the circumstances in the underlying state court case, as well as the Debtors' bankruptcy case, were entirely different at that time. The Andresen Order, simply put, does not set a precedent that the Court must follow here.

When the Debtors moved for the Andresen Order, the Debtors were then unsure whether their motor home business would be sold, and accordingly, what would happen to the Debtors' various agreements with their dealers, such as the Dealer Agreement. (*See* Decl. of Andrew M. Griffiths in Supp. of Pl.'s Mot. for Issuance of Prelim. Inj., Adv. No. 09-01250, Docket No. 10 (filed June 5, 2009) ("Griffiths Decl."), ¶¶ 7-8.) Extending the stay in *Andresen* only made sense under those circumstances. In addition, the underlying state court case in *Andresen* was less than five months from trial when the Debtors filed their motion seeking the Andresen Order. (Pl.'s Req. for Judicial Notice in Supp. of Mot. for Issuance of Prelim. Inj. Extending Automatic Stay, Adv. No. 09-01250,

Docket No. 12 (filed June 5, 2009) ("RJN"), Ex. 5 (setting October 5, 2009 trial date).) The parties were clamoring from discovery that would have distracted the Debtors and their personnel from the important tasks at hand. Furthermore, the underlying claims of the plaintiff in *Andresen* did not include personal injury claims and were not covered by insurance. (Griffiths Decl. ¶ 6.)

In the months since the Debtors sought the Andresen Order, the bankruptcy case has developed and circumstances have changed. The Debtors have sold their motor home business (see Am. Order Authorizing & Approving Sale of RV Assets, No. 09-14254, Docket No. 1056 (entered August 6, 2009)), and have moved to reject the Dealer Agreement (see Motion to Reject). Moreover, unlike the underlying case in *Andresen*, the Schalmo Action is not close to trial and includes personal injury claims, which may be insured under a Gibraltar policy. (*See* Bolton Decl., Ex. C at ¶¶ 12-14 (motion for stay in state court, filed on or about March 20, 2009, in which Movant argues that the Schalmo Action was not yet "at issue" as the plaintiffs were amending their complaint for a fourth time and the parties had not completed discovery); Philip-Guide Decl., Ex. B, Coverage Form § 1.a.) In fact, the Debtors intend to allow the preliminary injunction in the Andresen Action to expire under its own sunset provisions. (*See* Andresen Order at 3:1-11.)

So, the Debtor does not believe there is any reason to prevent the Schalmo Action from continuing without the Debtor's involvement. However, the Debtor does not oppose an order extending the automatic stay to the entire Schalmo Action with the stay to remain in place through the effective date of the Debtors plan of reorganization. The Schalmo Action involves personal injury claims, which may be insured under the Gibraltar Policy. (*See* Philip-Guide Decl., Ex. B, Coverage Form § 1.a.) The payment of claims using Gibraltar resources, in turn, affects the solvency of Gibraltar, which as a wholly-owned subsidiary of the Debtor, and which provides coverage to the Debtors in a number of Policy years. Consequently, the Debtor's proposed plan of reorganization will address the insurance issues presented by the Schalmo Action, and other similar actions now pending against the Debtors and/or Gibraltar. (Philip-Guide Decl. ¶ 8.)

## V.
## NOTICE REGARDING REPLY BRIEF

A reply to Debtor Fleetwood Motor Homes of Indiana, Inc.'s opposition to the Motion, if any, must be filed with the Court and served on the Debtor's counsel and other parties required to receive notice thereof not later than seven (7) calendar days (not excluding Saturdays, Sundays, or legal holidays) prior to the hearing date on the Motion.

## VI.
## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court deny the Movant's Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362.

Dated: September 2, 2009

        CRAIG H. MILLET
        JEFFREY H. REEVES
        ANNE A. UYEDA
        MARK J. GLEASON
        GIBSON, DUNN & CRUTCHER LLP

By:     /s/ Craig H. Millet
            Craig H. Millet

Attorneys for Debtors and Debtors in Possession

100722999_1.DOC