1   RICHARD T. EGGER, Bar No. 162581
    Richard.Egger@bbklaw.com
2   JOSEPH M. WELCH, Bar No. 259308
    Joseph.Welch@bbklaw.com
3   BEST BEST & KRIEGER LLP
    3500 Porsche Way
4   Suite 200
    Ontario, CA 91764
5   Telephone: (909) 989-8584
    Telecopier: (909) 944-1441
6
    Attorneys for Movant,
7   Morgan Buildings & Spas, Inc.

8

9                 UNITED STATES BANKRUPTCY COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12  In re                              Case No.  6:09-bk-14254-MJ

13  Fleetwood Enterprises, Inc., *et al.*,   Chapter Number:  11

14              Debtors.                **REPLY** TO DEBTORS' OPPOSITION TO
                                        MOTION OF MORGAN BUILDINGS &
15                                      SPAS, INC. FOR RELIEF FROM THE
                                        AUTOMATIC STAY UNDER 11 U.S.C. § 362
16
                                        Hearing:
17                                      Date:       September 16, 2009
                                        Time:       11:00 a.m.
18                                      Ctrm:       Courtroom 302
                                        Judge:      Honorable Meredith A. Jury
19

20

21

22

23

24

25

26

27

28

# I.

## INTRODUCTION

Morgan Buildings & Spas, Inc. ("Movant") replies to the opposition by Debtors Fleetwood Homes of Texas L.P. and Fleetwood Homes of Georgia, Inc. ("Debtors" or "Fleetwood"), filed on September 2, 2009 and listed on the Court's Docket as Item Number <u>1195</u> ("Opposition"), as follows: Movant is willing to (a) accommodate Debtors' request that relief from stay not be effective until October 15, 2009, (b) proceed with the Texas state court action as a non-jury trial and (c) liquidate its claim against Debtors and return to this Court for administration and disposition of any judgment against Debtors *provided that* Movant shall be entitled to pursue and enforce any judgment entered by the Texas state court against Debtors' surety, Fidelity and Deposit Company of Maryland ("Fidelity"), without returning to this Court. Movant is not willing to agree that if it prevails in the Texas action it should be prohibited from collecting from Fidelity.

The purpose of the surety bond was to provide a stable and immediate source of payment for Movant in the event of Debtors' non-performance *regardless* of Debtors' financial situation. Allowing Debtors to delay or stop Movants' collection efforts against Fidelity, based on whatever judgment might be awarded in the Texas state court action, effectively destroys the benefit of the bargain entered into between Movant and Fidelity, a non-debtor entity. Debtors have not shown how allowing Movant to enforce a judgment against Fidelity unfairly prejudices Debtors' estate, subverts the Bankruptcy Code or defeats a showing of "cause" for relief from stay. In fact, Debtors do not provide any authority for requiring Movant to return to this Court before enforcing any judgment entered against Fidelity and Debtors have not file an adversary complaint to extend the automatic stay to Fidelity (as they have done elsewhere).

# II.

## FACTUAL BACKGROUND

Movant entered into a contract with Debtors to provide a modular housing facility for military personnel at Ft. Still in Oklahoma. (*See* Declaration of Shelly Rauschhuber Re Action In Non-Bankruptcy Forum ("Decl.") at ¶ 7.) Debtors were responsible for the manufacture, design,

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
ONTARIO

REPLY TO DEBTORS' OPPOSITION TO
MOTION OF MORGAN BUILDINGS & SPAS,
INC. FOR RELIEF FROM STAY

1  engineering, and delivery of the modular building units per a strict delivery schedule. (*Id.* at ¶ 8.)

2  In order to protect Movant and assure Debtors' performance, Debtors obtained a supply bond

3  from Fidelity. (*See id.,* Ex. B)  The supply bond provides that Debtors and Fidelity "are held and

4  *firmly bound* unto [Movant] … for the payment of [$12,069,761.00]…, well and truly to be made,

5  the [Debtors and Fidelity]… bind themselves, and their respective heirs, administrators,

6  executors, successors and assigns, *jointly and severally*, firmly by these presents." (See Ex. B;

7  emphasis added.)

8           Movant alleges that Debtors did not timely perform their obligations and, to avoid

9  Movant's own default to the general contractor (BKJ Solutions), Movant hired additional labor

10  and obtained materials at Movant's expense to complete Fleetwood's scope of work. (*Id.* at ¶ 9.)

11  At project completion, Movant was left with $5.2 million in back-charges to the general

12  contractor, in addition to the aforementioned costs for labor and materials. (*Id.* at ¶ 10.)  On

13  October 14, 2008, Movant filed a complaint in Texas state court against (1) Debtors for breach of

14  contract and (2) Fidelity on the underlying bond claim. (*Id.* at ¶ 6, Ex. A.)  On March 10, 2009,

15  Debtors filed for chapter 11 bankruptcy relief, which stayed Movants' Texas state court action,

16  and on August 11, 2009, Movant filed a motion for relief to continue its lawsuit in non-

17  bankruptcy forum.

18           Movant asserts "cause" exists for relief from the automatic stay because: (1) Movant's

19  claim against Fleetwood is insured, (2) Movant's lawsuit is based upon Texas law, (3) Debtors

20  filed a counterclaim against Movant for $1.4 million, which is also based upon Texas law, (4)

21  most key witnesses reside in Texas, (5) Movant's business is in Texas and the general contractor

22  (BKJ Solutions) is located in Oklahoma, (6) Debtors manufactured 126 of the units at issue in

23  Waco, Texas and the remaining 98 units in Georgia, (7) the locations for project completion and

24  delivery were Texas and Oklahoma, and (8) there is a significant number of documents located in

25  Texas (Movant alone has 30,000 in Texas).

26           Debtors' Opposition provides, "Based on consultation with its Texas trial counsel,

27  Fleetwood believes the trial in the Stay Litigation will be rapidly set and that it can resolve the

28  competing claims *quickly* in Texas state court." (Opposition at p.4, lines 2-4; emphasis added.)

1 Furthermore, Debtors' Opposition expressly states:

2     Fleetwood agrees that the claims between the parties can best be
resolved before the Texas state court action and Fleetwood does not
3     oppose the Movant's requested relief *provided that*:

4     1.)   Relief from stay is effective not earlier than October 15,
2009;
5

6     2.)     The Texas state court case proceeds as a non-jury trial;

7     3.)     If after trial Fleetwood is determined to be liable to the
Movant, then any judgment that is entered against Fleetwood or
Fidelity shall solely be for the purpose of liquidating the Movant's
8     claim as to either Fleetwood and/or Fidelity; and

9     4.)     Any judgment entered by the Texas state court against
Fleetwood and/or Fidelity shall be returned to this Court for
10     administration and disposition.

11     Without the above provisions, Fleetwood's estate will be unfairly
prejudiced if relief from stay is granted, the purpose of the
12     Bankruptcy Code will be subverted, "cause" will not have been
established and, in that event, Fleetwood then opposes relief from
13     stay.

14 Debtors' Opposition, p. 4 at lines 8-20.

15     Debtors do not provide any legal authority for requiring Movant to return to this Court to

16 enforce any judgment entered by the Texas state court action against Fidelity. Debtors did not

17 file a complaint for preliminary and permanent injunctions extending the automatic stay as they

18 have done elsewhere. (*See, e.g.*, Adversary Case Numbers 6:09-ap-01361-MJ and 6:09-ap-

19 01250-MJ.) Movant only contests Debtors' third and fourth "conditions" for relief as they (1)

20 relate to Fidelity and (2) purport to change the contract entered into between the parties.

21 <center>**III.**</center>

22 <center>**ARGUMENTS**</center>

23 A.    <u>**Debtors' Third And Fourth Conditions Relating To Fidelity Are Improper**</u>

24     Debtors third and fourth conditions for granting relief are tantamount to an improper

25 request for affirmative relief without bringing an adversary action for injunctive relief under

26 Section 105. Furthermore, Debtors fail to show why extending the stay here via the Court's

27 injunctive powers is factually warranted. The brief mention of a link between Movant's efforts to

28 collect against Fidelity as they relate to actions that may be taken by Senior Secured Lenders

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
ONTARIO

REPLY TO DEBTORS' OPPOSITION TO
MOTION OF MORGAN BUILDINGS & SPAS,
INC. FOR RELIEF FROM STAY

against their collateral is grossly insufficient. [See Opposition at p. 2, lines 19-21.] After all, there is already a stay in place protecting Debtors from actions by Senior Secured Lenders against the Debtors' property as collateral for the Secured Credit Facility. Shifting the burden of the stay from the Secured Lenders to Movant is both unfair and unsubstantiated.

Debtors argue that if they win in the Texas state court case then the bond will be released, which, in turn, will facilitate the release of the letter of credit securing Fidelity's contingent indemnity rights and cause a release of some of the lien Fleetwood's Senior Secured Lenders hold against Fleetwood's assets. Debtors ignore; however, what will happen if Movant is successful. In that instance, Fidelity will remain directly liable to Movant. Prohibiting Movant from collecting from Fidelity in that circumstance unjustifiably hinders Movant's rights against Fidelity as a non-debtor. Debtors have not provided any statutory or case law authority that would allow them to deprive Movant of its rights under state law to recover against Fidelity. Without a showing that Movant's rights against Fidelity can and will be modified, there is simply no reason for the Court to eviscerate the benefit of Movant's bargain with Fidelity.

The automatic stay does not apply to Fidelity and Debtors simply have not alleged facts to warrant a Section 105 injunction. As mentioned, the purpose of the surety bond was for Movant to collect from Fidelity upon evidencing Debtors' non-performance *regardless* of Debtors' financial situation. Limiting Movant's rights against Fidelity would change the parties' agreement to something Movant would have adamantly refused.

**B.    "Cause" Exists For Relief From Stay**

11 U.S.C. § ("Section") 362(d) provides, "On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) *for cause*." (Emphasis added.) Although "cause" is not defined by the Bankruptcy Code, where a claimant seeks relief from stay against the debtor estate to pursue a cause of action in a non-bankruptcy forum, Congress has stated:

> …it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their

REPLY TO DEBTORS' OPPOSITION TO MOTION OF MORGAN BUILDINGS & SPAS, INC. FOR RELIEF FROM STAY

chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S. Rep. No. 95-989, at 50 (1978), reprinted in 1987 U.S.C.C.A.N. 5787, 5836.

A motion for stay relief is a summary proceeding. (*In re Computer Communications, Inc.*, 824 F.2d 725, 729 (9th Cir. 1987).) In a summary proceeding, the court's discretion is broad. The burden of proof on a motion to modify the automatic stay is a shifting one. (*Sonnax Indus., Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2nd Cir. 1990).) To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that "cause" exists for relief under Section 362(d)(1). (*Duvar Apt., Inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996); *FSFG Serv. Corp. v. Kim (In re Kim)*, 71 B.R. 1011, 1015 (Bankr. C.D. Cal. 1987).) Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted. (*Sonnax*, 907 F.2d at 1285; *Duvar Apt.*, 205 B.R. at 200.)

Here, Movant has identified at least eight (8) factors above establishing "cause" for relief from stay. Furthermore, Debtors admit the stayed litigation "can resolve the competing claims *quickly* in Texas state court." Although Debtors claim all four of their provisions are essential to a finding of "cause," Debtors' conclusory remarks concerning Movant's right to collect against Fidelity, post-trial, is not supported by either law or equity. Additionally, Debtors do not argue that, upon Movant's showing of "cause," relief from stay is somehow unwarranted.

## IV.

## CONCLUSION

Based upon the facts and arguments above, in addition to Movant's motion for relief from the automatic stay with supporting declaration, exhibits and memorandum of points and authorities, Movant respectfully requests the Court grant its motion for relief provided that: (1) relief from stay is effective not earlier than October 15, 2009, (2) the Texas state court case proceeds as a non-jury trial and (3) if after trial Fleetwood is determined to be liable to Movant then any judgment entered against Fleetwood shall (a) be for the purpose of liquidating the

///

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
ONTARIO

1    Movant's claim as to Fleetwood and (b) as to Fleetwood only, Movant shall not take any steps to

2    collect on the judgment and shall return to this Court for administration and disposition of any

3    amount not collected from Fidelity.

4

5    Dated: September 9, 2009                    BEST BEST & KRIEGER LLP

6

7                                                By: _____

8                                                    RICHARD T. EGGER
                                                     JOSEPH M. WELCH
                                                     Attorneys for Movant
9                                                    Morgan Buildings & Spas, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
ONTARIO

| In re:<br>FLEETWOOD ENTERPRISES, INC. | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 06:09-bk-14254-MJ |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3750 University Avenue, Suite 400, Riverside, California 92501

A true and correct copy of the foregoing document described as **REPLY TO DEBTORS' OPPOSITION TO MOTION OF MORGAN BUILDINGS & SPAS, INC. FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 9, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

SEE ADDITIONAL INFORMATION

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On September 9, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Fleetwood Enterprises, Inc.
3125 Myers Street
Riverside, CA 92513

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 9, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Meredith A. Jury
U.S. Bankruptcy Court, Riverside Division
3420 Twelfth Street
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 9, 2009 | Kenneth Burgess | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

## SERVED BY NEF

Andrew K. Alper     aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com

Hilary L Barnes     hilary.barnes@quarles.com, sybil.aytch@quarles.com

John J Bingham     jbingham@dgdk.com

Mark S Blackman     MBlackman@AlpertBarr.Com

William C Bollard     eal@jbblaw.com

Timothy Bortz     tbortz@state.pa.us

John A Boyd     fednotice@tclaw.net

Andrew W Caine     acaine@pszyjw.com

Craig C Chiang     cchiang@buchalter.com

Louis J Cisz     lcisz@nixonpeabody.com

Fred M Cohen     fmcbktaxlaw@hotmail.com

Peter A Davidson     pdavidson@ecjlaw.com

Caroline Djang     crd@jmbm.com

Richard T Egger     richard.egger@bbklaw.com

Donald L Gaffney     dgaffney@swlaw.com

Jeffrey K Garfinkle     bkgroup@buchalter.com, jgarfinkle@buchalter.com

Matthew B George     mbg@girardgibbs.com

Jeffrey T Gwynn     jgwynn@gwynn-law.com

Michael J Heyman     michael.heyman@klgates.com

Mark D Houle     mark.houle@pillsburylaw.com

Sophie A Hubscher     sophie@korperlemonlaw.com

Jay W Hurst     jay.hurst@oag.state.tx.us

Yale K Kim     ykim@allenmatkins.com

Solmaz Kraus     skraus@gibsondunn.com, skraus@gibsondunn.com

Mary D Lane     mlane@pszjlaw.com

Daniel C Lapidus     dan@lapiduslaw.com

Matthew A Lesnick     matt@lesnicklaw.com

Elizabeth A Lossing     elizabeth.lossing@usdoj.gov

Donald K Ludman     dludman@brownconnery.com

Gregory O Lunt     gregory.lunt@lw.com

Rose D Manos     manos@nexsenpruet.com

Rose D Manos     rmanos@nexsenpruet.com

Frank F McGinn     ffm@bostonbusinesslaw.com

David W. Meadows     david@davidwmeadowslaw.com

Craig Millet     cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com

Christopher Minier     becky@ringstadlaw.com

Byron Z Moldo     bmoldo@ecjlaw.com, tmelendez@ecjlaw.com

John D Monte     montelaw@earthlink.net

C Daniel Motsinger     cmotsinger@kdlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

Randy P Orlik    rorlik@coxcastle.com
Todd L Padnos    tpadnos@dl.com,
dkennedy@dl.com;sholstrom@dl.com;rkeenan@dl.com;tboothe@dl.com
Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com
David M Poitras    dpoitras@jmbm.com
Kimberly A Posin    kim.posin@lw.com
Samuel Price    sprice@donahoeyoung.com
Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
Michael Reed    kmorriss@mvbalaw.com, dgibson@mvbalaw.com;dgoff@mvbalaw.com
Jeffrey H. Reeves    jreeves@gibsondunn.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Martha E Romero    Romero@mromerolawfirm.com
Diane W Sanders    austin.bankruptcy@publicans.com
Mark C Schnitzer    mschnitzer@rhlaw.com
Pamela E Singer    psinger@pszjlaw.com, ksuk@pszjlaw.com
Howard Steinberg    hsteinberg@irell.com, awsmith@irell.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Anne A Uyeda    auyeda@gibsondunn.com
Madeleine C Wanslee    mwanslee@gustlaw.com, rstein@gustlaw.com
Michael D Warner    echou@warnerstevens.com
Martha A Warriner    mwarriner@rhlaw.com
Sharon Z Weiss    sweiss@richardsonpatel.com
Elizabeth Weller    dallas.bankruptcy@publicans.com
Rebecca J Winthrop    winthropr@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                           **F 9013-3.1**