Richard M. Pachulski (CA Bar No. 90073)
Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: rpachulski@pszjlaw.com
       hrafatjoo@pszjlaw.com
       psinger@pszjlaw.com

Attorneys for Official Committee of Creditors Holding
Unsecured Claims

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtors. | Case No.: 6:09-bk-14254-MJ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER SECTION 1102(B)(3) OF THE BANKRUPTCY CODE**<br><br>**[Supporting Declaration of Hamid R. Rafatjoo Filed Concurrently Herewith]**<br><br>**[No hearing requested – L.B.R. 9013-1(o)]** |

**TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that the Official Committee of Creditors Holding Unsecured Claims (the "Committee") of Fleetwood Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby moves (the "Motion") for entry of an order *nunc pro tunc* to March 19, 2009, pursuant to sections 105(a), 107(b), and 1102(b)(3) of title 11 of the United States Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, approving the

1  Committee's adoption of certain information sharing procedures pursuant to section 1102(b)(3) of
2  the Bankruptcy Code.

3  **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice and Motion,
4  the accompanying Motion and Memorandum of Points and Authorities, the Declaration of Hamid R.
5  Rafatjoo (the "Rafatjoo Declaration") filed concurrently herewith, the record in this case and all
6  other matters of which this Court may take judicial notice pursuant to Rule 201 of the Federal Rules
7  of Evidence, and such other arguments or evidence as may be presented at any hearing on the
8  Motion.

9  **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule
10  9013-1(o)(1), the Committee may obtain an order granting the relief requested herein without a
11  hearing, unless a hearing is specifically requested by filing and serving a written response and
12  request for a hearing that complies with the Local Bankruptcy Rules within fifteen (15) days of the
13  date of service of this Notice.  Failure to timely file and serve a written response and request for
14  hearing may be deemed by the Court to be a lack of objection to the relief requested in the Motion.

15  **PLEASE TAKE FURTHER NOTICE** that any written response and request for a hearing
16  filed in response to the Motion must be in writing and:  (a) filed with the Clerk of the Court at 3420
17  Twelfth Street, Riverside, CA 92501; (b) served via facsimile or email upon counsel for the
18  Committee as follows:  Attn:  Hamid R. Rafatjoo; fax:  (310) 201-0760; email:
19  hrafatjoo@pszjlaw.com; (c) served via facsimile or email upon counsel for the Debtors as follows:
20  Attn:  Craig H. Millet; fax:  (949) 475-4651; email:  cmillet@gibsondunn.com; (d) served via
21  facsimile or email upon the Office of the United States Trustee as follows:  Office of the United
22  States Trustee, Attn:  Frank Cadigan and Elizabeth A. Lossing, Loring Building, 3685 Main Street,
23  Suite 300, Riverside, CA  92501; fax:  (951) 276-6973; emails:  Frank.Cadigan@usdoj.gov and
24  ///
25  ///
26  ///
27  ///
28  ///

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

28464-002\DOCS_SF:67769.3

2

1  Elizabeth.lossing@usdoj.gov; and (e) delivered as a courtesy copy for the Chambers of Judge Jury,

2  United States Bankruptcy Court, 3420 Twelfth Street, Suite 345, Riverside, CA 92501.

3  Dated:    October 14, 2009          PACHULSKI STANG ZIEHL & JONES LLP

                                       By   */s/ Hamid R. Rafatjoo*
                                            Richard M. Pachulski
                                            Hamid R. Rafatjoo
                                            Pamela E. Singer
                                            Attorneys for Official Committee of
                                            Creditors Holding Unsecured Claims

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**SUMMARY OF ARGUMENT AND REQUESTED RELIEF**

The Committee seeks entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Committee's adoption of certain information sharing procedures.

Section 1102(b) of the Bankruptcy Code requires a committee to provide "access to information" for creditors and to "solicit and receive comments" from creditors. However, the statute does not provide guidance on the application of this provision, or whether it could be construed to apply to confidential or privileged information. Under a literal reading, the Committee could be required to share confidential information or privileged information with any unsecured creditor. This issue is important because the Committee is currently working closely with the Debtors to formulate a plan of reorganization. Absent an Order confirming that section 1102(b)(3) does not authorize or require the Committee to provide access to Confidential Information or Privileged Information, as those terms are defined below, the Debtors may become unwilling to work closely with the Committee on plan formulation and on other important issues in these cases. The benefits of the close cooperation between the Debtors and the Committee will be lost.

As set forth more fully below, the Court has the authority to protect the Committee from an overly broad reading of section 1102(b). Section 107 of the Bankruptcy Code, Bankruptcy Rule 9013, and courts recognize a Court's power to protect confidential and privileged information, while also allowing creditors meaningful access to information in chapter 11 cases.

Accordingly, the Committee requests authority to (a) withhold confidential and privileged information under the "information access" prong of the statute, and (b) satisfy its duties under the "comment solicitation" prong of the statute by means of a link to a web page posted on, and accessible via Committee counsel's existing internet site (or, if infeasible, via another web site dedicated to the Committee). The Committee is cognizant of the Debtors' operating constraints and,

hence, seeks to satisfy its information sharing obligations in as streamlined and inexpensive a manner as possible.

## II.

## GENERAL BACKGROUND AND JURISDICTION

On March 10, 2009 and subsequent dates thereafter, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. The Debtors continue to operate their business and manage their affairs as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered.

On March 19, 2009, pursuant to the *Appointment and Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 73], the Office of the United States Trustee appointed the Committee. The members of the Committee are: The Bank of New York; Giant RV; Mike Thompson's RV Superstores; Arbutus RV & Marine; Affordable RV; Auto Gallery; and Boundary RV & Marine.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3) of the Bankruptcy Code.

### A. Confidential and Privileged Information

For purposes of this Motion, the term "Confidential Information" means any non-public or proprietary information of the Debtors or the Committee, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections or analyses.[1] The term "Privileged Information" means any information that is subject to the attorney-client or attorney work product privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or other party.

---

[1] Confidential Information would not, however, include information that: (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, other than by a violation of a contractual, legal, or fiduciary obligation to the Committee or the Debtors; or (ii) was in the possession of the Committee prior to its disclosure by the Debtor and is not subject to any other duty or obligation to maintain confidentiality.

28464-002\DOCS_SF:67769.3

2

At this stage in the case, the Debtors and the Committee are working to formulate a plan of reorganization. They have also worked closely regarding the sale of Debtors' assets and on other issues. During this plan formulation process, the Committee expects that the Debtors will share Confidential Information and may, in instances where a joint defense is appropriate, also share Privileged Information in connection with these cases. The Committee will also assemble its own Confidential Information and/or Privileged Information.

In addition to using the Confidential Information and/or the Privileged Information to actively participate in the formulation of a plan, the Committee will use the Confidential Information and Privileged Information to assess and analyze, among other things, the Committee's strategies in the case, the prospects for the Debtors' business, and the alternatives that are available to maximize returns to unsecured creditors.

By this Motion, the Committee seeks an Order that clarifies that the Committee is not obligated to disseminate Confidential Information and Privileged Information and that approves the manner in which the Committee will comply with section 1102(b) of the Bankruptcy Code.

### III.

### ARGUMENT

#### A. Section 1102(b)(3) Is Ambiguous; However, It Should Not Be Read as Requiring the Committee to Disseminate Confidential and Privileged Information

Section 1102(b)(3)(A) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee[.]" 11 U.S.C. § 1102(b)(3)(A). Section 1102(b)(3)(B) provides that a committee must "solicit and receive comments from the creditors described in subparagraph (A)[.]" 11 U.S.C. § 1102(b)(3)(B). However, sections 1102(b)(3)(A) and (B) do not indicate how a creditors' committee should provide "access to information" for creditors or "solicit and receive comments" from creditors. Further, in its extreme, section 1102(b)(3) could be read as requiring a committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential,

privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements or otherwise violates the committee's obligations to preserve confidential and privileged information.

The Committee submits that it is unlikely that Congress intended such an extreme disclosure obligation, given the protections afforded to such Information elsewhere in the Bankruptcy Code and the Bankruptcy Rules. *See e.g.* 11 U.S.C. 107(b)(1) ("on request of a party in interest, the bankruptcy court *shall* . . . protect an entity with respect to trade secret or confidential research, development, or commercial information") (emphasis added); *Video Software Dealers Ass'n v. Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). *See also* Bankruptcy Rule 9018 (the Court may issue any order, on motion or on its own initiative, "to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information").

The Committee submits that section 1102(b)(3) can be harmonized with the foregoing authorities by construing it as expanding the involvement of unsecured creditors in chapter 11 cases without requiring committees to provide unfettered access to every type and kind of information that a committee receives from a debtor or assembles on its own. The Committee further submits that the proposal raised in this Motion balances Congress' intent to increase creditors' involvement and access to information in bankruptcy case with the need to protect Confidential and Proprietary Information.

**B.    This Court Has Authority to Limit the Types of Information That the Committee Must Provide Under Section 1102(b)(3)**

In addition to the powers afforded by section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018, as set forth above, many courts have already concluded that committees should be protected from a far reaching, literal interpretation of section 1102(b) that requires disclosure of even Confidential and Proprietary Information. *See e.g., In re FLYi, Inc*., Case No. 05-20011 (MFW) (Bankr. D. Del. Nov. 17, 2005) (providing that creditors' committees are not authorized or required to provide access to confidential information of the debtors or to privileged information); *In re Refco, Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Nov. 1, 2005)

(provisionally granting the motion of the committee for an order clarifying the requirement to provide access to information pursuant to section 1102(b)(3)(A) until the court further clarifies the requirements under 1102 or the committee establishes an information-sharing protocol).

Finally, the Court has further authority under section 105(a) to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Protecting the release of Confidential Information and Privileged Information is necessary to accomplish that purpose.

### C. Limiting the Scope of Section 1102 Will Protect the Estate

The disclosure of nonpublic or privileged information to unsecured creditors will impede the Committee's ability to perform its statutory function in these cases and could prejudice the Debtors' ability to reorganize their affairs. In particular, the Committee and the Debtors are working closing to formulate a plan of reorganization. The free flow of Confidential Information and Privilege Information is crucial to this collaborative effort.

In contrast, if the Debtors believe that the Committee will freely disseminate this Information, the Debtors understandably will not provide this Information. The Committee will, therefore, be deprived of meaningful participation in the formulation of a plan of reorganization and the benefits of collaboration between the Debtors and the Committee will be lost. Section 1102(b)(3) should not be construed as placing this kind of straitjacket on the Committee, the Debtors, or the plan formulation process.

Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9018, the Committee requests confirmation that section 1102(b)(3) does not authorize or require the Committee to provide access to Confidential Information or Privileged Information to any creditor that the Committee represents.

### D. The Committee's Proposal for Sharing Information

The Committee proposes to satisfy its obligation to "provide access to information" under section 1102(b)(3)(A) of the Bankruptcy Code and to "solicit and receive comments" from its constituency under section 1102(b)(3)(B) of the Bankruptcy Code by creating and maintaining a web page accessible via Committee counsel's existing internet sit (or, if necessary, an alternate domain),

dedicated to the *FEI Creditors' Committee*. This web page will contain (a) links to public sources for pleadings and other case information (such as Pacer and this Court's internet site), (b) documents that can be downloaded or viewed using the Adobe Acrobat reader, (c) links to email addresses for Committee counsel to whom questions or information requests may be directed, and (d) periodic updates or reports to creditors generally. In each instance, of course, only non-confidential and non-privileged information would be made available to unsecured creditors.

WHEREFORE, the Committee respectfully requests that the Court enter the Order, annexed hereto as **Exhibit A**, and grant the Committee such other and further relief as the Court deems just and proper.

Dated:    October 14, 2009    PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Hamid R. Rafatjoo*
Richard M. Pachulski
Hamid R. Rafatjoo
Pamela E. Singer
Attorneys for Official Committee of
Creditors Holding Unsecured Claims

# EXHIBIT A

Richard M. Pachulski (CA Bar No. 90073)
Hamid R. Rafatjoo (CA Bar No. 181564)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: rpachulski@pszjlaw.com
       hrafatjoo@pszjlaw.com
       psinger@pszjlaw.com

Attorneys for Official Committee of Creditors Holding
Unsecured Claims

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>Debtors. | Case No.: 6:09-bk-14254-MJ<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER SECTION 1102(B)(3) OF THE BANKRUPTCY CODE**<br><br>[*No hearing requested.*] |

Upon the *Motion of the Official Committee Of Creditors Holding Unsecured Claims for Order Approving Information Access Protocol Under Section 1102(B)(3) of the Bankruptcy Code* (the "Motion"), filed by the Official Committee of Creditors Holding Unsecured Claims (the "Committee") on October __, 2009, and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it

appearing that no other or further notice need be provided; and any objections to the Motion having been resolved or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. The relief requested in the Motion is granted *nunc pro tunc* to March 19, 2009.

3. The Committee is authorized to withhold Confidential Information and Privileged Information as such terms are defined in the Motion.

4. The Committee shall satisfy its obligation to "provide access to information" under section 1102(b)(3)(A) of the Bankruptcy Code and to "solicit and receive comments" from its constituency under section 1102(b)(3)(B) of the Bankruptcy Code by creating and maintaining a web page accessible via Committee counsel's existing internet sit (or, if necessary, an alternate domain), dedicated to the *FEI Creditors' Committee*. This web page shall contain (a) links to public sources for pleadings and other case information (such as Pacer and this Court's internet site), (b) documents that can be downloaded or viewed using the Adobe Acrobat reader, (c) links to email addresses for Committee counsel to whom questions or information requests may be directed, and (d) periodic updates or reports to creditors generally. In each instance, of course, only non-confidential and non-privileged information shall be made available to unsecured creditors.

5. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

####

| In re: | | CHAPTER 11 |
|---|---|---|
| Fleetwood Enterprises, Inc., | | |
| | Debtor(s). | CASE NUMBER 6:09-14254-MJ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067

The foregoing document described NOTICE OF MOTION AND MOTION OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR ORDER APPROVING INFORMATION ACCESS PROTOCOL UNDER SECTION 1102(B)(3) OF THE BANKRUPTCY CODE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/14/09 | Kati L. Suk | /s/ Kati L. Suk |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Case 6:09-bk-14254-MJ    Doc 1395    Filed 10/14/09    Entered 10/14/09 13:55:00    Desc
Main Document    Page 14 of 18

| In re: | | CHAPTER 11 |
|---|---|---|
| Fleetwood Enterprises, Inc., | | |
| | Debtor(s). | CASE NUMBER 6:09-14254-MJ |

## II. SERVED BY US MAIL

| VIA US MAIL | | |
|---|---|---|
| SEC<br>Securities and Exchange Commission<br>5670 Wilshire Blvd 11th Fl<br>Los Angeles, CA 90036 | Counsel for Travelers<br>Travelers<br>Attn Chantel Pinnock<br>1 Tower Sq 5MN<br>National Accounts<br>Hartford, CT 06183-4044 | Counsel for FEMA Trailer<br>Howrey LLP<br>Richard J Burdge<br>550 S Hope St<br>Los Angeles, CA 90071 |
| Indenture Trustee for Debtors 5% Notes<br>The Bank of New York Melon Trust Co<br>Attn Corporate Trust Administration<br>101 Barclay St 21 W<br>New York, NY 10286 | United States Attorneys Office<br>United States Attorneys Office<br>Civil Process Clerk<br>300 N Los Angeles St<br>Federal Building Rm 7516<br>Los Angeles, CA 90012 | Indenture Trustee for Debtors 14% Notes<br>Deutsche Bank Trust Co<br>Americas Trust & Securities Svs<br>60 Wall St MS NYC 60 2710<br>New York, NY 10005 |
| IRS<br>Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 | Indenture Trustee for Debtors 5% Notes<br>The Bank of New York Melon Trust Co<br>Attn Corporate Trust Administration<br>101 Barclay St Fl 8W<br>New York, NY 10286 | SEC<br>Securities and Exchange Commission<br>233 Broadway 13th Fl<br>New York, NY 10279 |
| US Bankruptcy Court<br>US Bankruptcy Court<br>Hon Meredith A Jury<br>3420 Twelfth St<br>Riverside, CA 92501-3819 | Counsel for Christie Lynn Davis<br>Daniel R Shapiro<br>8304 Limonita Ave Ste D131<br>Riverside, CA 92509 | Debtor<br>Fleetwood<br>Leonard J McGill Sr<br>3125 Myers St<br>Riverside, CA 92503 |
| Department of Defense<br>Department of Defense<br>Robert Gates Secretary<br>1000 Defense Pentagon<br>Washington, DC 20301 | California Franchise Tax Board<br>Franchise Tax Board<br>Bankruptcy Unit<br>PO Box 2953<br>Sacramento, CA 95812-2952 | Owens Corning<br>Owens Corning<br>Attn Karen Sprenger 1D 5<br>1 Owens Corning Pkwy<br>Toledo, OH 43659 |
| US Attorney General's Office<br>Attorney General<br>Eric Holder<br>US DOJ Ben Franklin Station PO Box 683<br>Washington, DC 20044 | | |

| In re: Fleetwood Enterprises, Inc., | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 6:09-14254-MJ |

## III. SERVED BY EMAIL

| VIA EMAIL | | |
|---|---|---|
| Counsel for GE Commercial Dist Finance Corp<br>Frandzel Robins Bloom & Csato LC<br>Andrew K Alper<br>6500 Wilshire Blvd 17th Fl<br>Los Angeles, CA 90048-4920<br>aalper@frandzel.com | Agent for the Debtor's Pre-Petition lenders<br>Latham & Watkins LLP<br>Andrew Faye Gregory Lunt<br>355 S Grand Ave Ste 100<br>Los Angeles, CA 90071<br>andrew.faye@lw.com;<br>gregory.lunt@lw.com | Counsel for McLennan County<br>Linebarger Goggan Blair & Sampson LLP<br>Diane Sanders<br>PO Box 17428<br>Austin, TX 78760-7428<br>austin.bankruptcy@publicans.com |
| Counsel for Certain Asbestos Claimants<br>Brayton Purcell LLP<br>Alan R Brayton & Christina C Skubic<br>222 Rush Landing Rd<br>Novato, CA 94945<br>bankruptcy.asbpo.asbdom@bratonlaw.com | Indenture Trustee for Debtors 6% Notes<br>Emmet Marvin & Martin LLP<br>Attn Bayard S Chapin Esq<br>120 Broadway 32nd Fl<br>New York, NY 10271<br>bchapin@emmetmarvin.com | Counsel for IBM Corporation<br>IBM Corporation<br>Beverly H Shideler<br>Two Lincoln Ctr<br>Oakbrook Terrace, IL 60181<br>bhshide@us.ibm.com |
| Counsel for Westchester Fire Insurance Company<br>Ballard Spahr Andrews & Ingersoll LLP<br>Robert McL Boote<br>1735 Market St 51st Fl<br>Philadelphia, PA 19103-7599<br>boote@ballardspahr.com | Counsel for Fort Worth<br>City of Fort Worth<br>Christopher B Mosley<br>1000 Throckmorton St<br>Fort Worth, TX 76102<br>Chris.Mosley@fortworthgov.org | Counsel for ProLiance Energy LLC<br>Krieg DeVault LLP<br>C Daniel Motsinger<br>One Indiana Sq Ste 2800<br>Indianapolis, IN 46204-2079<br>cmotsinger@kdlegal.com |
| Counsel for Dallas County<br>Linebarger Goggan Blair & Sampson LLP<br>Elizabeth Weller<br>2323 Bryan St Ste 1600<br>Dallas, TX 75201<br>dallas.bankruptcy@publicans.com | Counsel for American Electric Power<br>American Electric Power<br>David W Meadows<br>1801 Century Park E Ste 1250<br>Los Angeles, CA 90067<br>david@davidmeadowslaw.com | Riverside District Attorney<br>Riverside District Attorney<br>Attn Dale Hoy<br>4075 Main St<br>Riverside, CA 92501<br>dhoy@rivcoda.org |
| Counsel for California Self Insurers Security Fund<br>Nixon Peabody LLP<br>Daniel Sovocool & Gina Fornario<br>1 Embarcadero Ctr 18th Fl<br>San Francisco, CA 94111-3600<br>dsovocool@nixonpeabody.com;<br>gfornario@nixonpeabody.com | IDG USA LLC d/b/a Boring-Smith an Industrial Distribution Group, Inc. Company<br>Warner Stevens<br>Michael D Warner<br>301 Commerce St Ste 1700<br>Fort Worth, TX 76102<br>echou@warnerstevens.com | California Employment Development Department<br>Employment Development Dept<br>Bankruptcy Group MIC 92E<br>PO Box 826880<br>Sacramento, CA 94280-0001<br>eddlegal@edd.ca.gov |
| US Trustee<br>United States Trustee<br>Elizabeth A Lossing<br>3685 Main St Ste 300<br>Riverside, CA 92501<br>elizabeth.lossing@usdoj.gov | Counsel for Hewlett Packard Co<br>Hewlett Packard Co<br>Esmeralda Vargas<br>Periferico Sur No 6751<br>Tlaquepaque Jalisco, 45060<br>Mexico<br>esmere.vargas@hp.com | Non-Descriptive ECF Request<br>Thompson & Colgate LLP<br>John A Boyd<br>3610 14th St<br>Riverside, CA 92501<br>fednotice@tclaw.net |

| In re: Fleetwood Enterprises, Inc., Debtor(s). | CHAPTER 11 CASE NUMBER 6:09-14254-MJ |
|---|---|

| | | |
|---|---|---|
| US Trustee<br>United States Trustee<br>Attn Frank Cadigan & Elizabeth A Lossing<br>3685 Main St Ste 300<br>Riverside, CA 92501<br>Frank.Cadigan@usdoj.gov;<br>elizabeth.lossing@usdoj.gov | Counsel for Bank of America NA<br>Latham & Watkins LLP<br>Gregory O Lunt<br>355 S Grand Ave Ste 100<br>Los Angeles, CA 90071<br>gregory.lunt@lw.com | Counsel for LazyDays RV Supercenter Inc<br>Quarles & Brady LLP<br>Hilary L Barnes<br>2 N Central Ave<br>One Renaissance Sq<br>Phoenix, AZ 85004-2391<br>hilary.barnes@quarles.com |
| Counsel for Ft Bend Harris & Liberty County<br>Linebarger Goggan Blair & Sampson LLP<br>John P Dillman<br>PO Box 3064<br>Houston, TX 77253-3064<br>houston_bankruptcy@publicans.com | Counsel for Creditors Committee<br>Pachulski Stang Ziehl & Jones LLP<br>Hamid Rafatjoo<br>10100 Santa Monica Blvd 11th Fl<br>Los Angeles, CA 90067-4100<br>hrafatjoo@pszjlaw.com | Counsel for Kendall County<br>Perdue Brandon Fielder Collins & Mott LLP<br>John T Banks<br>3301 Northland Dr Ste 505<br>Austin, TX 78731<br>jbanks@pbfcm.com |
| Counsel for CTF 5 Citrus Park LLC<br>Danning Gill Diamond & Kollitz LLP<br>John J Bingham Jr<br>2029 Century Park E Third Fl<br>Los Angeles, CA 90067<br>jbingham@dgdk.com | Counsel for LazyDays RV Supercenter Inc<br>Quarles & Brady LLP<br>John Collen<br>300 N LaSalle St Ste 4000<br>Chicago, IL 60654<br>jcollen@quarles.com | Counsel for Dave Carter & Associates Inc<br>The Gwynn Law Law Firm PC<br>Jeffrey T Gwynn<br>455 W La Cadena Dr Ste 18<br>Riverside, CA 92501<br>jgwynn@gwynn-law.com |
| Counsel for Whippoorwill Associates Inc<br>Cadwalader Wickersham & Taft LLP<br>John J Rapisardi Esq<br>One World Financial Center<br>New York, NY 10281<br>john.rapisardi@cwt.com | Agent for the Debtor's Pre-Petition lenders<br>Latham & Watkins LLP<br>Kimberly A Posin<br>355 S Grand Ave Ste 100<br>Los Angeles, CA 90071-1560<br>kim.posin@lw.com | Counsel for City of Waco<br>McCreary Veselka Bragg & Allen PC<br>Michael Reed<br>POB 1269<br>Round Rock, TX 78680<br>kmorriss@mvbalaw.com |
| Counsel for California Self Insurers Security Fund<br>Nixon Peabody LLP<br>Louis J Cisz III<br>1 Embarcadero Ctr 18th Fl<br>San Francisco, CA 94111-3600<br>lcisz@nixonpeabody.com | Non-Descriptive ECF Request<br>Levy Small & Lallas<br>Leo D Plotkin<br>815 Moraga Dr<br>Los Angeles, CA 90049<br>lplotkin@lsl-la.com | Counsel for The Bank of New York Mellon Trust Co<br>Pillsbury Winthrop Shaw Pittman LLP<br>Mark Houle & Craig Barbarosh<br>650 Town Center Dr Ste 700<br>Costa Mesa, CA 92626-7122<br>mark.houle@pillsburylaw.com;<br>craig.barbarosh@pillsburylaw.com |
| Counsel for AT&T Capital Services Inc<br>Lesnick Law<br>Matthew A Lesnick<br>185 Pier Ave Ste 103<br>Santa Monica, CA 90405<br>matt@lesnicklaw.com | Counsel for Ronand Doud<br>Girard Gibbs LLP<br>Matthew B George & Eric H Gibbs<br>601 California St 14th Fl<br>San Francisco, CA 94108<br>mbg@girardgibbs.com | Counsel for 21st Mortgage Corporation<br>Alpert Barr & Grant APLC<br>Mark S Blackman<br>6345 Balboa Blvd Ste I300<br>Encino, CA 91316-1523<br>Mblackman@AlpertBarr.com |

In re:
Fleetwood Enterprises, Inc.,

Debtor(s).

CHAPTER 11

CASE NUMBER 6:09-14254-MJ

| | | |
|---|---|---|
| Indenture Trustee for Debtors 5% Notes<br>The Bank of New York Melon Trust Co<br>Attn Melanie Young VP<br>700 S Flower St Ste 500<br>Global Corporate Trust Corporate Unit<br>Los Angeles, CA 90017<br>melonee.young@bnymellon.com | Counsel for Creditors Committee<br>Pachulski Stang Ziehl & Jones LLP<br>Mary D Lane<br>10100 Santa Monica Blvd 11th Fl<br>Los Angeles, CA 90067-4100<br>mlane@pszjlaw.com | Reid & Hellyer A Professional Corp<br>Reid & Hellyer A Professional Corp<br>Mark C Schnitzer<br>P O Box 1300<br>Riverside, CA 92502-1300<br>mschnitzer@rhlaw.com |
| Counsel for Esco Industries Inc<br>Reid & Hellyer A Professional Corp<br>Martha A Warriner<br>PO Box 1300<br>Riverside, CA 92502<br>mwarriner@rhlaw.com | Counsel for Whippoorwill Associates Inc<br>Cadwalader Wickersham & Taft LLP<br>Peter M Friedman Esq<br>1201 F St NW<br>Washington, DC 20004<br>peter.friedman@cwt.com | Counsel for Deutsche Bank Trust Company Americas<br>Dewey & LeBoeuf LLP<br>Allison Weiss & Peter Ivanick<br>1301 Avenue of the Americas<br>New York, NY 10019<br>pivanick@dl.com; aweiss@dl.com |
| Counsel to Deutsche Bank Trust Company Americas<br>Deutsche Bank Trust Company Americas<br>Paul Jasper<br>One Embarcadadero Ctr Ste 400<br>San Francisco, CA 94111<br>pjasper@dl.com; tpadnos@dl.com | Counsel for Hewlett Packard Co<br>Hewlett Packard Co<br>Ramona Neal<br>11311 Chinden Blvd MS 314<br>Boise, ID 83714-0021<br>ramona.neal@hp.com | Counsel for Deutsche Bank Trust Company Americas<br>Deutsche Bank Trust Company Americas<br>Rodney Gaughan<br>60 Wall St MS 2720<br>New York, NY 10005<br>Rodney.Gaughan@db.com |
| Non-Descriptive ECF Request<br>Romero Law Firm<br>Martha E Romero<br>6516 Bright Ave<br>Whittier, CA 90601<br>Romero@mromerolawfirm.com | Counsel for Isis Lending LLC<br>Cox Castle & Nicholson<br>Randy P Orlik<br>2049 Century Park E 28th Fl<br>Los Angeles, CA 90067<br>rorlik@coxcastle.com | Counsel for Creditors Committee<br>Pachulski Stang Ziehl & Jones LLP<br>Richard Pachulski<br>10100 Santa Monica Blvd 11th Fl<br>Los Angeles, CA 90067-4100<br>rpachulski@pszjlaw.com |
| Debtors Counsel<br>Fleetwood Enterprises Inc<br>Craig Millet, Solmaz Kraus<br>3161 Michelson Dr Ste 1100<br>Irvine, CA 92612-4412<br>skraus@gibsondunn.com;<br>cmillet@gibsondunn.com | Counsel for National General Assurance Co<br>Donahoe & Young LLP<br>Mark Young & Samuel Price<br>25152 Springfield Ct Ste 345<br>Valencia, CA 91355<br>sprice@donahoeyoung.com;<br>myoung@donahoeyoung.com | Counsel for Deutsche Bank Trust Company Americas<br>Deutsche Bank Trust Company Americas<br>Stanley Burg<br>60 Wall St MS 2720<br>New York, NY 10005<br>stan.burg@db.com |
| Counsel for LazyDays RV Supercenter Inc<br>Richardson & Patel LLP<br>Sharon Z Weiss<br>10900 Wilshire Blvd Ste 500<br>Murdock Plaza<br>Los Angeles, CA 90024<br>sweiss@richardsonpatel.com | Counsel for Office of Unemployment Compensation Tax Services, Department of Labor and Industry, & Commonwealth of Pennsylvania<br>Reading Bankruptcy & Compliance Unit<br>Timothy A Bortz<br>625 Cherry St Rm 203<br>Reading, PA 19602-1184<br>tbortz@state.pa.us | Counsel for Weyerhaeuser<br>Weyerhaeuser<br>Todd Green<br>810 Whittington Ave<br>Hot Springs, AR 71901<br>todd.green@weyerhaeuser.com |

| In re: Fleetwood Enterprises, Inc., Debtor(s). | CHAPTER 11 CASE NUMBER 6:09-14254-MJ |
|---|---|

| | | |
|---|---|---|
| Agent for the Debtor's Pre-Petition lenders<br>Bank of America NA<br>Attn Todd R Eggertsen<br>55 S Lake Ave Ste 900<br>Pasadena, CA 91101<br>todd.r.eggertsen@bankofamerica.com | Counsel for Deutsche Bank Trust Company Americas<br>Dewey & LeBoeuf LLP<br>Todd Padnos & Paul Jasper & Danielle Kennedy<br>1950 University Ave Ste 500<br>Silicon Valley Office<br>East Palo Alto, CA 94303<br>tpadnos@dl.com;<br>pjasper@dl.com;<br>dkennedy@dl.com | Counsel for Westchester Fire Insurance Company<br>Ballard Spahr Andrews & Ingersoll LLP<br>Rebecca J Winthrop<br>2029 Century Park E Ste 800<br>Los Angeles, CA 90067-2909<br>winthropr@ballardspahr.com;<br>boote@ballardspahr.com |
| Counsel for Whippoorwill Associates Inc<br>Allen Matkins Leek Gamble Mallory & Natsis LLP<br>Yale K Kim & David R Zaro<br>515 S Figueroa St 9th Fl<br>Los Angeles, CA 90071-3309<br>ykim@allenmatkins.com;<br>dzaro@allenmatkins.com | | |