CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
Attorneys for
Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | CASE NO. 09-14254-MJ |
| FLEETWOOD ENTERPRISES, INC., et al., | Chapter 11 |
| Debtor | [Jointly Administered] |
| | **STIPULATION EXTENDING THE DEBTORS' AUTHORIZATION TO USE CASH COLLATERAL TO EARLIER OF AUGUST 20, 2010 AND THE EFFECTIVE DATE OF A PLAN OF LIQUIDATION** |
| | <u>**No Hearing Requested**</u> |

### I.    RECITALS

A.    On September 10, 2009, the Court entered a final order in the above captioned Chapter 11 Cases ("Final Cash Collateral Use Order") (all capitalized terms used herein but not otherwise defined shall have their respective meanings set forth in the Final Cash Collateral Use Order) entitled: "Order Extending the Debtors' Authorization to Use Cash Collateral to the Earlier of January 31, 2010 and the Effective Date of a Plan of Liquidation."

B.    Under and in accordance with the terms of the Final Cash Collateral Use Order, the Debtors were authorized to use Cash Collateral to the earlier of January 31, 2010 and the effective date of a plan of liquidation.

C. On February 8, 2010, the Court entered a final order entitled "Order Extending the Debtors' Authorization to Use Cash Collateral to Earlier of April 30, 2010 and the Effective Date of a Plan of Liquidation" (the "First Extension Order"), pursuant to which the Court approved a stipulation extending the Debtors' authorization to use cash collateral to the earlier of April 30, 2010 and the effective date of a plan of liquidation subject to the terms and conditions set forth therein (the "First Extension Stipulation). On May 10, 2010, the Court entered a final order entitled "Order Extending the Debtors' Authorization to Use Cash Collateral to Earlier of July 15, 2010 and the Effective Date of a Plan of Liquidation" (the "Second Extension Order"), pursuant to which the Court approved a stipulation extending the Debtors' authorization to use cash collateral to the earlier of July 15, 2010 and the effective date of a plan of liquidation subject to the terms and conditions set forth therein (the "Second Extension Stipulation)

D. The parties have agreed, on the terms and subject to the conditions of this stipulation (the "Stipulation"), to extend further the Debtors' authorization to use Cash Collateral on a final basis in accordance with the Third Extension Order (as defined below) subject to the terms and conditions set forth in this Stipulation, the Final Cash Collateral Use Order, the First Extension Order and the Second Extension Order (as such orders are amended or modified herein or in the Third Extension Order).

E. In the interest of judicial economy, preventing expenses to the Debtors' estates, the agreements of the parties as stated on the record and as further discussed between them, and good cause appearing therefor, the parties agree as follows:

**STIPULATION RE USE OF CASH COLLATERAL**

1. Subject to entry of the order to be entered pursuant to this Stipulation entitled "Order Extending the Debtors' Authorization to Use Cash Collateral to earlier of August 20, 2010 and the Effective Date of a Plan of Liquidation" (the "Third Extension Order"), the period during which the Debtors may use Cash Collateral as provided in (and subject to the limitations of) the Interim DIP Order, as modified by the Final Cash Collateral Use Order, is extended such that the day on which the Debtors' right to use Cash Collateral is to terminate (such date, the "Cash Use Termination Date") is extended up to and including the earlier to occur of (i) 5:00 p.m. PDT on August 20, 2010 and (ii) a

Termination Date (as defined in the Interim DIP Order, as modified by the Final Cash Collateral Use Order, the First Extension Order, the Second Extension Order and the Third Extension Order).

2. Except as otherwise set forth herein, all provisions of the Interim DIP Order (as modified by the Final Cash Collateral Use Order, the First Extension Order and the Second Extension Order), the Final Cash Collateral Use Order (as modified by the First Extension Order and the Second Extension Order), the First Extension Order (as modified by the Second Extension Order), the Second Extension Order and the DIP Credit Agreement shall remain in full force and effect and be binding on the Prepetition Agent, the Prepetition Credit Facility Lenders, the Postpetition Agent and the DIP Lenders (as such terms are defined in the Interim DIP Order) (collectively, the "Secured Parties"), the Debtors and all other parties as provided therein.

3. Section 20 of the Interim DIP Order shall be amended by deleting in their entirety subclauses (b), (f), (i), (k) and (m) thereof and inserting in lieu thereof the following:

"(b)    the Debtors breach any of their obligations under the Stipulation Extending the Debtors Authorization to Use Cash Collateral to Earlier of January 31, 2010, and the Effective Date of a Plan of Liquidation (the 'Stipulation'), the order approving the Stipulation (the 'Stipulated Order'), the Stipulation Extending the Debtors Authorization to Use Cash Collateral to Earlier of April 30, 2010, and the Effective Date of a Plan of Liquidation (the 'First Extension Stipulation'), the order approving the First Extension Stipulation (the 'First Extension Order'), the Stipulation Extending the Debtors' Authorization to Use Cash Collateral to Earlier of July 15, 2010, and the Effective Date of a Plan of Liquidation (the 'Second Extension Stipulation'), the order approving the Second Extension Stipulation (the 'Second Extension Order'), the Stipulation Extending the Debtors' Authorization to Use Cash Collateral to Earlier of August 20, 2010, and the Effective Date of a Plan of Liquidation (the 'Third Extension Stipulation'), the order approving the Third Extension Stipulation (the 'Third Extension Order') or the Interim DIP Order (as amended by the Stipulation, the Stipulated Order, the First Extension Stipulation, the First Extension Order, the Second Extension Stipulation, the Second Extension Order, the Third Extension Stipulation and the Third Extension Order);"

. . .

"(f)    except to the extent that the Postpetition Agent has agreed in writing in its sole discretion (and except pursuant to any order, decree or judgment entered in connection with the Committee's appeal of the Order on Motion for the Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542 Filed by the Official Committee of Creditors Holding Unsecured Claims [D.I. 2083] (the 'Turnover Order Appeal')), (1) any stay, vacatur, reversal, modification or other amendment in any respect of the Stipulated Order, the First Extension Order, the Second Extension Order, the Third Extension Order or the Interim DIP Order (except to the extent amended by the Stipulated Order, the First Extension Order, the Second Extension Order, the Third Extension Order or otherwise herein), (2) the filing of a motion or other pleading by any Debtor seeking the entry of any order providing for any such stay, vacatur, reversal, modification or other amendment with respect to the Stipulated Order, the First Extension Order, the Second Extension Order, the Third Extension Order or the Interim DIP Order or challenging any of the Postpetition Liens, or (3) the filing of a motion for reconsideration by any Debtor with respect to the Stipulated Order, the First Extension Order, the Second Extension Order, the Third Extension Order or the Interim DIP Order;"

.   .   .

"(i)    Ten (10) business days after the Secured Parties give the Debtors and the Committee written notice that they contend that a plan of reorganization or liquidation filed by the Debtors (i) does not provide for payment in full of all Postpetition Obligations then outstanding (including, without limitation, all costs, fees and/or expenses of the Secured Parties payable by the Debtors in accordance with the Interim DIP Order, the DIP Credit Agreement, the Stipulated Order, the First Extension Order and the Second Extension Order (in each case modified by the Third Extension Order) which have been invoiced to the Debtors and which are neither contested nor disputed by either the Debtors or the Committee), does not provide cash collateralization of all costs, fees and/or expenses of the Secured Parties payable by the Debtors in accordance with the Interim DIP Order, the DIP Credit Agreement, the Stipulated Order, the First Extension Order and the Second Extension Order (in each case modified by the Third Extension Order) which have been invoiced to the Debtors and which are contested or disputed by any party, or does not provide treatment of any unliquidated or contingent claims of the Secured Parties, including, without

limitation, any claims for indemnification that any of them might have asserted or may assert, from the Segregated Cash Collateral Account in the first instance and the Debtors' other Postpetition Blocked Accounts and other Postpetition Collateral in the second instance, all in a manner acceptable to the Postpetition Agent in its reasonable discretion or (ii) is not otherwise acceptable to the Secured Parties in their sole discretion; "

. . .

"(k)     any person or entity, including, without limitation, the Debtors or the Creditors' Committee, files a motion or takes any other action to use, control or take possession of any cash or other assets held in the Segregated Cash Collateral Account (as defined in the Stipulation) other than in accordance with the terms of the Stipulated Order, the First Extension Order, the Second Extension Order and the Third Extension Order;"

. . .

"(m)     the entry of an order by the Court granting relief from or modifying the automatic stay of Section 362 of the Bankruptcy Code to allow any creditor to execute upon or enforce a lien or security interest on any Postpetition Collateral, which would have a material adverse effect on (i) any Debtor or its financial condition, business, prospects or assets or (ii) any Secured Party under the Stipulation, the Stipulated Order, the First Extension Stipulation, the First Extension Order, the Second Extension Stipulation, the Second Extension Order, the Third Extension Stipulation, the Third Extension Order, the DIP Credit Agreement or the Interim DIP Order (as amended by the Stipulated Order, the First Extension Order, the Second Extension Order and the Third Extension Order)."

4.     Except as may be superseded by an Order confirming a plan of reorganization or liquidation, the Final Cash Collateral Use Order and the Interim DIP Order are amended to provide (and the Third Extension Order shall provide) that the Required Amount required to be maintained at all times in the Segregated Cash Collateral Account will be an amount equal to (a) an amount equal to all costs, fees and/or expenses of the Secured Parties (including costs, fees and/or expenses of its counsel) not reimbursed by the Debtors in accordance with the Interim DIP Order, the DIP Credit Agreement, the Final Cash Collateral Use Order, the First Extension Order and the Second Extension

Order (in each case to the extent modified by the Third Extension Order) within 10 days of receipt by the Debtors of any applicable invoices, statements, receipts or other documents, plus (b) an amount equal to $-5,000,000.00 (constituting an estimate of the Secured Parties' potential exposure and legal fees, costs and expenses under or incurred in connection with the adversary proceeding captioned *First American Trust Company v. Fleetwood Enterprises, Inc. et al.*, Case Number 09-01415 MJ) ; plus (d) an amount equal to $600,000 to cover costs, fees and/or expenses of the Secured Parties (including, without limitation, costs, fees and/or expenses of their counsel) incurred by the Secured Parties in relation to the Turnover Order Appeal until such time as the Turnover Order Appeal and any matters related thereto have been resolved by a Final Order of a court of competent jurisdiction (including any appellate court) (the "Turnover Motion Costs"); provided that any Turnover Motion Costs in excess of $600,000 that are not disputed in writing by the Debtors or the Committee within ten (10) Business Days after submission by the Postpetition Agent of applicable invoices, statements, receipts or other documents supporting such costs, fees and/or expenses or, to the extent disputed by the Debtors or the Committee within such ten (10) Business Day period, are either approved by a Final Order of the Bankruptcy Court or other court of competent jurisdiction (including any appellate court) or are no longer disputed by the Debtors or the Committee, as applicable, (as reflected in a written notice from the Debtors or the Committee, as applicable), shall be immediately paid by the Debtors.  For the avoidance of doubt (but without prejudice to any Postpetition Lien in favor of the Secured Parties on such Real Estate or otherwise), "Real Estate Availability" shall be zero, and no Real Estate shall form the basis of any support for any outstanding Borrowings.  The collateralization of any disputed costs, fees and/or expenses of the Secured Parties (including costs, fees and/or expenses of its counsel), what the Secured Parties' assert are their potential exposure and legal fees, costs and expenses under or incurred in connection with the adversary proceeding captioned *First American Trust Company v. Fleetwood Enterprises, Inc. et al.*, Case Number 09-01415 MJ or any other unliquidated or contingent claims of the Secured Parties, including, without limitation, any claims for indemnification that any of them might have asserted or may assert, shall not be deemed to be an admission by the Debtors or the Committee that any of the costs, fees, expenses, unliquidated or contingent claims or claims for indemnification collateralized

are valid and proper claims against the Debtors either in the amount collateralized or in any other amount.

5.  Notwithstanding anything herein, or in the Final Cash Collateral Use Order or in the Interim DIP Order (including, without limitation, paragraph 4 thereof) to the contrary, the definition of "Maximum Amount" as used in the DIP Credit Agreement shall mean $0.

6.  Attached hereto as Exhibit A is a rolling 13-week budget setting forth all projected cash receipts and cash disbursements (by line item) on a weekly basis for the time period set forth therein.  Such budget shall constitute the current Approved DIP Budget prepared by the Debtors and approved by the Postpetition Agent and the Required Lenders, and shall be updated monthly in accordance with the terms of the DIP Credit Agreement, except as modified by this Stipulation or the Third Extension Order.

7.  Notwithstanding anything herein, in the Final Cash Collateral Use Order, in the First Extension Order, in the Interim DIP Order or the DIP Credit Agreement (including, without limitation, Section 5.2 thereof) to the contrary, each Weekly Borrowing Base Certificate and each thirteen week cash flow budget required to be delivered pursuant to Sections 5.2(l) and (r) of the DIP Credit Agreement shall instead be required to be delivered (a) within 5 days after the end of each fiscal month and (b) in addition, solely with respect to the Weekly Borrowing Base Certificate, if and to the extent that there is any change to the calculation of the Borrowing Base, within 5 days after such change.   In addition, the report stating whether the Borrowers are in compliance with the conditions set forth in Section 7.22 of the DIP Credit Agreement (and related support) which is now required to be delivered by the end of the day four (4) Business Days following the last day of each Measurement Period under section 5.2(s) of the DIP Credit Agreement shall instead be required to be delivered monthly within 15 days after the end of each fiscal month.".

8.  Notwithstanding anything herein, any reference to the Final Cash Collateral Use Order, the First Extension Order, the Second Extension Order, the Interim DIP Order or the DIP Credit Agreement in any of the foregoing orders or agreements shall mean such order or agreement as modified by the Third Extension Order.

9. Nothing contained in this Stipulation or the Third Extension Order shall constitute or be deemed to constitute a release or waiver of any rights or remedies that any of the Secured Parties might have pursuant to the Final Cash Collateral Use Order, the First Extension Order, the Second Extension Order, the Interim DIP Order, the DIP Credit Agreement or the Bankruptcy Code except as expressly set forth otherwise in this Stipulation, including, without limitation, any rights, objections or remedies that they might have with respect to or in connection with the sale of any asset or any plan of liquidation that has been filed or might be filed in the Debtors' cases, and nothing contained herein shall constitute or be deemed to constitute consent to any such sale or the acceptance of any such plan by or on behalf of any of the Secured Parties.

Dated: July 28, 2010

          LATHAM & WATKINS LLP
          GREGORY O. LUNT

          By:_____/s/ Gregory O. Lunt_____
                  Gregory O. Lunt
          Attorneys for Bank of America, N.A., as Postpetition
          Agent for the Secured Parties

Dated: July 28, 2010

          CRAIG H. MILLET
          SOLMAZ KRAUS
          GIBSON, DUNN & CRUTCHER LLP

          By:_____/s/ Craig H. Millet_____
                  Craig H. Millet
          Attorneys for Debtors and Debtors in Possession

100911346_1.DOC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3161 Michelson Drive, Irvine, CA 92612**

A true and correct copy of the foregoing document described as: **STIPULATION EXTENDING THE DEBTORS' AUTHORIZATION TO USE CASH COLLATERAL TO EARLIER OF AUGUST 20, 2010 AND THE EFFECTIVE DATE OF A PLAN OF LIQUIDATION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 29, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 29, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 29, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 29, 2010** | **Pam Crawford** | */s/ Pam Crawford* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# I.
### *Service via ECF*

| Company | Contact | Email |
|---|---|---|
| Abram Feuerstein on behalf of U.S. Trustee United States Trustee (RS) | | abram.s.feuerstein@usdoj.gov |
| AL-KO Kober Corporation | Michael J Heyman | michael.heyman@klgates.com |
| Allen Matkins Leek Gamble Mallory & Natsis LLP | Yale K Kim & David R Zaro | ykim@allenmatkins.com; dzaro@allenmatkins.com |
| Alpert Barr & Grant APLC | Mark S Blackman | Mblackman@AlpertBarr.com |
| Amanda N Ferns on behalf of Defendant Bluelinx Corporation | | aferns@fernslaw.com |
| American Electric Power | David W Meadows | david@davidwmeadowslaw.com |
| Andrew K Alper on behalf of Creditor GE Commercial Distribution Finance Corporation and GELCO Corporation dba GE Capital Fleet Services | | aalper@frandzel.com; efiling@frandzel.com; ekidder@frandzel.com |
| Ballard Spahr Andrews & Ingersoll LLP | Rebecca J Winthrop | winthropr@ballardspahr.com; boote@ballardspahr.com |
| Best Best & Krieger | Richard T Egger | richard.egger@bbklaw.com |
| Bradley D Blakeley on behalf of Defendant Gibraltar Insurance Company, Ltd., a corporation | | bblakeley@blakeleyllp.com |
| Bradley E Brook on behalf of Defendant Kelly Schalmo | | bbrook@bbrooklaw.com; jimmy@bbrooklaw.com |
| Brown & Connery LLP | Donald K Ludman | dludman@brownconnery.com |
| Charles E. Canter on behalf of National Highway Traffic Safety Administration | Charles E. Canter | Charles.Canter@usdoj.gov |
| Christopher Minier on behalf of Creditor Courtesy Ford, Inc. | | becky@ringstadlaw.com |
| Christopher P Ridout on behalf of Creditor Conrad Budd | | c.ridout@ridoutlyonlaw.com |
| Counsel to Atwood Mobile Products | Caroline Djang | crd@jmbm.com |
| Counsel to Other Prof Greenhill & Co LLC | Howard Steinberg | hsteinberg@irell.com; awsmith@irell.com |
| Counsel to Peggy Richan | Sophie A Hubscher | sophie@korperlemonlaw.com |
| Cox Castle & Nicholson | Randy P Orlik | rorlik@coxcastle.com |
| Craig C Chiang on behalf of Interested Party Courtesy NEF | | cchiang@buchalter.com |
| Craig Millet on behalf of Debtor Continental Lumber Products, Inc. | | cmillet@gibsondunn.com; pcrawford@gibsondunn.com |
| Daniel C Lapidus | | dan@lapiduslaw.com |
| Daniel R Shapiro on behalf of Creditor Christie Davis | | dnalaw@sbcglobal.net |
| Danning Gill Diamond & Kollitz LLP | John J Bingham Jr | jbingham@dgdk.com |
| David M Poitras | | dpoitras@jmbm.com |
| Dennis G Bezanson on behalf of Creditor Flexsteel Industries, Inc. | | dennis.bezanson@bbklaw.com; arthur.johnston@bbklaw.com; kenneth.burgess@bbklaw.com; bknotices@bbklaw.com |
| Deutsche Bank Trust Company Americas | Todd Padnos | tpadnos@dl.com |
| Donahoe & Young LLP | Mark Young & Samuel Price | sprice@donahoeyoung.com; myoung@donahoeyoung.com |
| Donald L Gaffney on behalf of Interested Party Courtesy NEF | | dgaffney@swlaw.com |
| Faegre & Benson LLP | Lawrence Bass | lbass@faegre.com |
| Fleetwood Enterprises Inc | Craig Millet, Solmaz Kraus | skraus@gibsondunn.com; cmillet@gibsondunn.com |
| Frandzel Robins Bloom & Csato LC | Andrew K Alper | aalper@frandzel.com |
| Frank F McGinn on behalf of Interested Party Courtesy NEF | | ffm@bostonbusinesslaw.com |
| Fred M Cohen on behalf of Creditor Sandra Dinsmore | | fmcbktaxlaw@hotmail.com |
| Gabriel Liao on behalf of Creditor CRIC YUMA, LLC | | gliao@perkinscoie.com |

| Company | Contact | Email |
|---|---|---|
| Gary R Wallace on behalf of Creditor Shaw Industries, Inc. | | gwallace@hbblaw.com |
| Gibson Dunn | Anne A Uyeda | auyeda@gibsondunn.com |
| Gibson Dunn | Jeffrey H Reeves | jreeves@gibsondunn.com |
| Girard Gibbs LLP | Matthew B George & Eric H Gibbs | mbg@girardgibbs.com |
| Gust Rosenfeld PLC | Madeline C Wanslee | mwanslee@gustlaw.com |
| Harvey M Moore on behalf of Interested Party Progressive Casualty Insurance Company | | hmoore@bidnakeys.com |
| Hewlett Packard Co | Ramona Neal | ramona.neal@hp.com |
| Holme Roberts & Owen LLP | Sharon Z Weiss | sharon.weiss@hro.com |
| Jay W Hurst on behalf of Creditor Texas Comptroller of Public Accounts | | jay.hurst@oag.state.tx.us; sherri.simpson@oag.state.tx.us |
| John D Monte on behalf of Creditor Maytag Corporation | | montelaw@earthlink.net |
| John F Kurtz on behalf of Creditor Boise Cascade, L.L.C. | | jkurtz@hawleytroxell.com |
| Julander Brown & Bollard LLP | William C Bollard | eal@jbblaw.com |
| Kenneth A Glowacki on behalf of Debtor Fleetwood Enterprises, Inc. | | kglowacki@gibsondunn.com |
| Latham & Watkins LLP | Gregory O Lunt | gregory.lunt@lw.com |
| Latham & Watkins LLP | Kimberly A Posin | kim.posin@lw.com |
| Leo D Plotkin on behalf of Creditor Textron Financial Corporation | | lplotkin@lsl-la.com; dsmall@lsl-la.com |
| Lesnick Law | Matthew A Lesnick | matt@lesnicklaw.com |
| Levy Small & Lallas | Leo D Plotkin | lplotkin@lsl-la.com |
| Linebarger Goggan Blair & Sampson LLP | Diane Sanders | austin.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller | dallas.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | John P Dillman | houston_bankruptcy@publicans.com |
| Lynsey M Eaton on behalf of Creditor Cast Products Corporation | | leaton@gglts.com |
| Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer | | mwanslee@gustlaw.com; rstein@gustlaw.com |
| Mark Bradshaw on behalf of Interested Party Courtesy NEF | | mbradshaw@shbllp.com |
| Maytag Corporation | John D Monte | montelaw@earthlink.com |
| McCreary Veselka Bragg & Allen PC | Michael Reed | kmorriss@mvbalaw.com |
| Michael B Reynolds on behalf of Creditor Cavco Industries | | mreynolds@swlaw.com; kcollins@swlaw.com |
| Michael Reed on behalf of Creditor Bell County TAD, et al | | othercourts@mvbalaw.com |
| Michael H. Traison, on behalf of Bluelinx | Michael Traison | traison@millercanfield.com |
| Nexsen Pruet LLC | Rose D Manos | manos@nexsenpruet.com |
| Nixon Peabody LLP | Louis J Cisz III | lcisz@nixonpeabody.com |
| Peitzman Weg & Kempinsky LLP | James P Menton Jr | jmenton@pwkllp.com |
| Peitzman Weg & Kempinsky LLP | Julian I Gurule | jgurule@pwkllp.com |
| Peter A Davidson | | pdavidson@ecjlaw.com |
| Pillsbury Winthrop Shaw Pittman LLP | Mark Houle & Craig Barbarosh | mark.houle@pillsburylaw.com; craig.barbarosh@pillsburylaw.com |
| Ramesh Singh on behalf of Interested Party Courtesy NEF | | claims@recoverycorp.com |
| Randall P Mroczynski on behalf of Defendant Fluor Corporation, a corporation | | randym@cookseylaw.com |
| Rebecca J Callahan on behalf of Creditor First American Trust Company, as Trustee of the Century Trust | | rcallahan@callahanlaw.biz |
| Reid & Hellyer A Professional Corp | Mark C Schnitzer | mschnitzer@rhlaw.com |

| Company | Contact | Email |
|---|---|---|
| Romero Law Firm | Martha E Romero | Romero@mromerolawfirm.com |
| Rose D Manos on behalf of Creditor FEMA Trailer | | rmanos@nexsenpruet.com |
| Scott A Schiff on behalf of Creditor Maricopa County Treasurer | | sas@soukup-schiff.com |
| Scott Lee on behalf of Creditor Philips Products, Inc. | | slee@lbbslaw.com |
| Sharon Z Weiss on behalf of Creditor LazyDays RV Supercenter, Inc. | | sweiss@richardsonpatel.com; bkdeptnef@richardsonpatel.com |
| Sidney A Cotlar on behalf of Creditor Conrad Budd | | scotlar@hhkc.com |
| The Gwynn Law Law Firm PC | Jeffrey T Gwynn | jgwynn@gwynn-law.com |
| Thompson & Colgate LLP | John A Boyd | fednotice@tclaw.net |
| Todd L Padnos on behalf of Creditor Deutsche Bank Trust Company Americas | | tpadnos@dl.com; dkennedy@dl.com; sholstrom@dl.com; rkeenan@dl.com; tboothe@dl.com |
| United States Trustee | Elizabeth A Lossing | elizabeth.lossing@usdoj.gov |
| United States Trustee | | ustpregion16.rs.ecf@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | hrrafatjoo@venable.com |
| Warner Stevens | Michael D Warner | echou@warnerstevens.com |
| Wayne S Flick on behalf of Creditor Bank of America, N.A. | | wayne.s.flick@lw.com; colleen.rico@lw.com |
| William C Bollard on behalf of Debtor Fleetwood Enterprises, Inc. | | eal@jbblaw.com; kmg@jbblaw.com; dritchie@jbblaw.com; william@jbblaw.com |

## II.
### *Service via U.S. Mail*

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Attorney General | Eric Holder | US DOJ Ben Franklin Station PO Box 683 | | Washington | DC | 20044 | US |
| Brayton Purcell LLP | Alan R Brayton & Christina C Skubic | 222 Rush Landing Rd | | Novato | CA | 94945 | US |
| Department of Defense | Robert Gates Secretary | 1000 Defense Pentagon | | Washington | DC | 20301 | US |
| Deutsche Bank Trust Co | Americas Trust & Securities Svs | 60 Wall St MS NYC 60 2710 | | New York | NY | 10005 | US |
| Farrar Holliman & Butler | E Guy Holliman | PO Box 280 | | Lafayette | TN | 37083 | US |
| Franchise Tax Board | Bankruptcy Unit | PO Box 2953 | | Sacramento | CA | 95812-2952 | US |
| Howrey LLP | Richard J Burdge | 550 S Hope St | | Los Angeles | CA | 90071 | US |
| Internal Revenue Service | | PO Box 21126 | | Philadelphia | PA | 19114 | US |
| Law Office of Dean P Sperling | Dean P Sperling | 201 E Sandpointe Ste 220 | | Santa Ana | CA | 92707 | US |
| Owens Corning | Attn Karen Sprenger 1D 5 | 1 Owens Corning Pkwy | | Toledo | OH | 43659 | US |
| Perdue Brandon Fielder Collins & Mott LLP | John T Banks | 3301 Northland Dr Ste 505 | | Austin | TX | 78731 | US |
| Securities and Exchange Commission | | 233 Broadway 13th Fl | | New York | NY | 10279 | US |
| Securities and Exchange Commission | | 5670 Wilshire Blvd 11th Fl | | Los Angeles | CA | 90036 | US |
| Tennessee Department of Revenue | c o TN Attorney Generals Office | PO Box 20207 | | Nashville | TN | 37202-0207 | US |
| The Bank of New York Melon Trust Co | Attn Corporate Trust Administration | 101 Barclay St 21 W | | New York | NY | 10286 | US |
| The Bank of New York Melon Trust Co | Attn Corporate Trust Administration | 101 Barclay St Fl 8W | | New York | NY | 10286 | US |
| Travelers | Attn Chantel Pinnock | 1 Tower Sq 5MN | National Accounts | Hartford | CT | 06183-4044 | US |
| United States Attorneys Office | Civil Process Clerk | 300 N Los Angeles St | Federal Building Rm 7516 | Los Angeles | CA | 90012 | US |
| US Bankruptcy Court | Hon Meredith A Jury | 3420 Twelfth St | | Riverside | CA | 92501-3819 | US |

### III.
### *Service via Email*

| Company | Contact | Email |
|---|---|---|
| Ballard Spahr Andrews & Ingersoll LLP | Robert McL Boote | boote@ballardspahr.com |
| Bank of America NA | Attn Todd R Eggertsen | todd.r.eggertsen@bankofamerica.com |
| Cadwalader Wickersham & Taft LLP | John J Rapisardi Esq | john.rapisardi@cwt.com |
| Cadwalader Wickersham & Taft LLP | Peter M Friedman Esq | peter.friedman@cwt.com |
| City of Fort Worth | Christopher B Mosley | Chris.Mosley@fortworthgov.org |
| Comptroller of Public Accounts of Texas | Jay W Hurst | jay.hurst@oag.state.tx.us |
| Deutsche Bank Trust Company Americas | Rodney Gaughan | Rodney.Gaughan@db.com |
| Deutsche Bank Trust Company Americas | Stanley Burg | stan.burg@db.com |
| Dewey & LeBoeuf LLP | Allison Weiss & Peter Ivanick | pivanick@dl.com; aweiss@dl.com |
| Dewey & LeBoeuf LLP | Todd Padnos & Danielle Kennedy | tpadnos@dl.com; dkennedy@dl.com |
| Dunn Carney Allen Higgins & Tongue LLP | Daniel F Vidas | dfv@dunn-carney.com |
| Emmet Marvin & Martin LLP | Attn Bayard S Chapin Esq | bchapin@emmetmarvin.com |
| Employment Development Dept | Bankruptcy Group MIC 92E | Don.McKinney@edd.ca.gov |
| Fleetwood | Andrew Griffiths | Andrew.Griffiths@fleetwood.com |
| Fox Hefter Swibel Levin & Carroll LLP | Margaret M Anderson | panderson@fhslc.com |
| Hewlett Packard Co | Esmeralda Vargas | esmere.vargas@hp.com |
| IBM Corporation | Beverly H Shideler | bhshide@us.ibm.com |
| IKON Office Solutions Inc | Katrina Rumph | krumph@ikon.com |
| Latham & Watkins LLP | Andrew Faye Gregory Lunt | andrew.faye@lw.com; gregory.lunt@lw.com |
| Law Office of Christopher J Morosoff | Christopher J Morosoff | cjmorosoff@morosofflaw.com |
| Lowenstein Sandler PC | Michael S Etkin & Ira M Levee | metkin@lowenstein.com; ilevee@lowenstein.com |
| McDermott Will & Emery LLP | Jean B LeBlanc | jleblanc@mwe.com |
| McDermott Will & Emery LLP | Nathan F Coco & Emily K Harring | ncoco@mwe.com; eharring@mwe.com |
| Nixon Peabody LLP | Daniel Sovocool & Gina Fornario | dsovocool@nixonpeabody.com; gfornario@nixonpeabody.com |
| Nixon Peabody LLP | Victor G Milione | vmilione@nixonpeabody.com |
| Pima County Treasurer | Patti Davidson | pcaocvbk@pcao.pima.gov |
| Quarles & Brady LLP | John Collen | jcollen@quarles.com |
| Reading Bankruptcy & Compliance Unit | Timothy A Bortz | tbortz@state.pa.us |
| Reid & Hellyer A Professional Corp | Martha A Warriner | mwarriner@rhlaw.com |
| Riverside District Attorney | Attn Dale Hoy | dhoy@rivcoda.org |
| The Bank of New York Melon Trust Co | Attn J Chris Matthews | j.chris.matthews@bnymellon.com |
| Themis PLLC | Ray A Mandlekar | rmandlekar@themis.us.com |
| United States Trustee | Attn Frank Cadigan & Elizabeth A Lossing | Frank.Cadigan@usdoj.gov; elizabeth.lossing@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | HRRafatjoo@venable.com |
| Venable LLP | David E. Rice | DERice@venable.com |
| Weyerhaeuser | Rusty Boldin | rusty.boldin@weyerhaeuser.com |