CRAIG H. MILLET, SBN 106027, CMillet@gibsondunn.com
KENNETH A. GLOWACKI, JR., SBN 217762, KGlowacki@gibsondunn.com
SOLMAZ KRAUS, SBN 223117, SKraus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Debtors and Debtors in Possession

FILED & ENTERED

AUG 12 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY smith    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | CASE NO. 09-14254-MJ |
| FLEETWOOD ENTERPRISES, INC., et al., | Chapter 11 |
| Debtors. | [Jointly Administered] |
| | **ORDER AUTHORIZING THE SALE OF ASSETS RELATED TO ALMA, GEORGIA FACILITIES (PLANTS 75-1 AND 75-2) FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES** |
| | **Hearing:**<br>Date:    August 5, 2010<br>Time:    1:30 p.m.<br>Place:    Courtroom 301<br>         3420 Twelfth Street<br>         Riverside, CA 92501<br>Judge:    Honorable Meredith A. Jury |

Gibson, Dunn &
Crutcher LLP

1

Upon consideration of the motion (the "Motion") [Docket No. 2342] Fleetwood Enterprises, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors" or "Fleetwood"), pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 6004, for an order authorizing Debtor Fleetwood Homes of Georgia, Inc. (the "Seller"), to sell certain real and personal property assets related to its two manufacturing plants (Plants 75-1 and 75-2) located in Alma, Georgia, more commonly known as 162 Industrial Drive, consisting of approximately 43.59 acres of land, with approximately 237,061 square feet of manufacturing space, buildings and improvements, along with all machinery, equipment, tools, raw materials, and other assets located therein or thereon (the "Plant 75 Assets") to Olin Wooten (the "Buyer") free and clear of liens, claims, interests, and encumbrances (*except* for certain Permitted Exceptions), pursuant to the terms of the Agreement of Sale (the "Agreement of Sale") attached to the Declaration of Todd J. Uhlick (the "Uhlick Declaration") [Docket No. 2342-1] as Exhibit A; and the Uhlick Declaration submitted in connection therewith; and after due deliberation and sufficient cause appearing therefor (all capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Motion);

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.     To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.     The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334;

D.     The relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

E.     Based upon the record of the hearing held regarding the sale (the "Sale Hearing"), any objections to the Motion were either withdrawn, resolved, or overruled;

Gibson, Dunn &
Crutcher LLP

2

F. As evidenced by the certificate of service previously filed with the Court, and based upon representations of counsel at the Sale Hearing, (i) proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided, (ii) such notice constitutes due and proper notice for purposes of sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006, 9008 and 9014; (iii) such notice was reasonable, sufficient and appropriate under the circumstances, and (iv) no other or further notice of the Motion, the Sale Hearing or of the entry of this Order is required.

G. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (i) all entities who may claim any interest in or lien upon the Plant 75 Assets; (ii) all parties who filed requests for notice or were entitled to notice under Bankruptcy Rule 2002; (iii) the Office of the United States Trustee; (iv) the Official Committee of Creditors Holding Unsecured Claims; and (v) pertinent governmental and taxing authorities.

H. The Motion was duly and properly served on all required persons and entities.

I. The Debtors have demonstrated a sufficient basis for authorizing the Seller to sell the Plant 75 Assets under section 363 of the Bankruptcy Code. The sale of the Plant 75 Assets to the Buyer is an appropriate exercise of the Debtors' business judgment and is in the best interests of the Debtors and their estates.

J. The Debtors have advanced sound business reasons for seeking to sell the Plant 75 Assets, as more fully set forth in the Motion and as demonstrated at the Sale Hearing and in the Uhlick Declaration submitted in connection with the Motion.

K. The Sale Procedures proposed by the Debtors in the Motion, in conjunction with publication and service of the Notice of Asset Sale, provided potential interested purchasers with sufficient notice of the opportunity to overbid, and the procedures for overbidding, on the Plant 75 Assets. The Sale Procedures were fair in all respects, and were reasonably calculated to promote overbidding on the Plant 75 Assets and maximize the value received for the Plant 75 Assets. The Debtors have, in all respects, complied with the Sale Procedures with respect to the sale of the Plant 75 Assets.

Gibson, Dunn & Crutcher LLP

3

L.  The offer of the Buyer to purchase the Plant 75 Assets is fair and reasonable under the circumstances and constitutes full and adequate consideration and reasonably equivalent value for the Plant 75 Assets.  The terms and conditions of the Agreement of Sale are fair and reasonable, and the transactions contemplated by the Agreement of Sale are in the best interest of the Debtors' estates.

M.  The Buyer is not an insider of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.  The Buyer is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to its purchase of the Plant 75 Assets.

N.  The Agreement of Sale was negotiated and entered into in good faith, based upon arm's length bargaining and without collusion.  Neither the Debtors nor the Buyer has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of section 363(n) of the Bankruptcy Code.

O.  The Seller has full power and authority to execute the Agreement of Sale and all other documents contemplated thereby, and no further authority is necessary to complete the sale of the Plant 75 Assets and to consummate the transactions contemplated by the Agreement of Sale and to transfer title of the Plant 75 Assets to the Buyer.

P.  The transfer of the Plant 75 Assets from the Seller to the Buyer is a legal, valid and effective transfer of the Plant 75 Assets notwithstanding any requirement for approval or consent by any person.

Q.  The Seller may sell the Plant 75 Assets free and clear of any and all Liens and Claims (as defined below), with all such Liens and Claims to attach to the sale proceeds as set forth below in paragraph 8, because, in each case, (i) each entity having a security interest in the Plant 75 Assets has consented to its sale or is deemed to have consented to its sale, or (ii) one or more of the other standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.  Bank of America, N.A., as agent ("BofA"), has consented to the Motion subject to the terms of this Order, including but not limited to paragraphs 6 through 12 hereof.  Additionally, the Debtors may sell the Plant 75 Assets free and clear of liens held by ISIS Lending, LLC ("ISIS") and liens held by Deutsche Bank Trust Company Americas, as Trustee and Collateral Agent for the 14% Notes ("DB"), because ISIS and

Gibson, Dunn & Crutcher LLP

DB have consented to the sale of the Plant 75 Assets subject to the terms of this Order, including but not limited to paragraphs 6 through 12 hereof.

R. Those holders of Liens and Claims who did not object, or who withdrew their objections, to the sale or the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Any holders of Liens and Claims who did object fall within one or more of the subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens and Claims, if any are valid and enforceable, attach to the cash proceeds of the transactions contemplated by the Agreement of Sale ultimately attributable to the property in which they assert a Lien or Claim.

S. Time is of the essence in consummating the sale of the Plant 75 Assets to the Buyer. To maximize the value of the Debtors' assets, it is essential that the sale of the Plant 75 Assets occur within the time constraints set forth in the Agreement of Sale. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rule 6004(h) to allow immediate enforcement of this Order upon entry and to allow the sale of the Plant 75 Assets to the Buyer to occur immediately.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Subject to the terms of this Order, the relief requested in the Motion is granted in its entirety.

2. The Agreement of Sale, in the form attached to the Uhlick Declaration as Exhibit A [Docket No. 2342-1], and the transactions contemplated thereby, are approved, and the Debtors are authorized and empowered to enter into, and to perform their obligations under, the Agreement of Sale and to execute and perform such other agreements or documents, including any ancillary agreements, and take such other actions as are necessary, desirable, or reasonably requested by the Buyer to effectuate the terms of the Agreement of Sale. To the extent that the provisions of this Order conflict with the provisions of the Agreement of Sale, this Order shall govern.

3. The Sale Procedures and the Notice of Asset Sale, and publication and service thereof, are hereby approved as fair, reasonable, and adequate in all respects. Any party that received notice of the Motion and did not object thereto by timely filing an objection shall be deemed to have consented to the relief sought in the Motion.

4.      All objections to the Motion or the relief requested therein, and all objections to the form of this Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits and denied.  Any party that received notice of the Motion and did not object thereto by timely filing an objection shall be deemed to have consented to the relief sought in the Motion.  There were no overbids for the Plant 75 Assets.

5.      The Debtors shall be, and hereby are, authorized and empowered pursuant to section 363(b) of the Bankruptcy Code, to sell the Plant 75 Assets to the Buyer upon completion of all other deliveries and satisfaction of all conditions provided for under the Agreement of Sale.  The Plant 75 Assets are sold to the Buyer "as is-where is" and without warranty of any kind.

6.      Pursuant to section 363(f) of the Bankruptcy Code, title to the Plant 75 Assets shall be transferred to the Buyer free and clear of any and all liens, claims, interests, encumbrances, and liabilities, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the petition date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with the exception of the Permitted Exceptions, including liens for real estate taxes, special taxes, and assessments that are not yet due and payable.  All Liens and Claims upon the Plant 75 Assets are hereby unconditionally released, discharged and terminated and shall attach only to the proceeds of the transaction to the extent, and with the priority, set forth in paragraph 8 below, subject to the rights, claims, defenses and objections, if any, the Debtors may possess with respect thereto.  Further, any tax liens, including liens for secured real property and personal property taxes, that have accrued prior to and including the Settlement Date, shall be paid in full with sale proceeds directly from escrow at the sale Settlement plus any and all costs, fees and interest (if applicable) as required by sections 506(b) and 511 of the Bankruptcy Code.

7.      The Net Proceeds of the sale of the Plant 75 Assets shall be divided equally and deposited into two (2) segregated interest bearing accounts at BofA entitled the "Plant 75-1 Account" and the "Plant 75-2 Account."  For purposes of this Order, "Net Proceeds" shall mean the Purchase

Gibson, Dunn &
Crutcher LLP

6

Price *less* all actual transaction fees and costs, expenses, real estate commissions, property and other taxes due at closing.

8. As set forth below, BofA's, ISIS's and DB's liens on and security interests in the Plant 75 Assets shall automatically attach to the Net Proceeds deposited in the Plant 75-1 and Plant 75-2 Accounts to the same extent, and with the same priorities, to which they attached to the various Plant 75 Assets, specifically:

    (a) <u>The Plant 75-1 Account</u>: **BofA** shall have a first-priority lien on and security interest in the full amount of the Net Proceeds in the Plant 75-1 Account. **ISIS** shall have a second-priority lien on and security interest in the full amount of the Net Proceeds in the Plant 75-1 Account.

    (b) <u>The Plant 75-2 Account</u>: **BofA** shall have a first-priority lien on and security interest in the full amount of the Net Proceeds in the Plant 75-2 Account. **DB** shall have a second-priority lien on and security interest in 66.6% of the Net Proceeds in the Plant 75-2 Account, which is the portion allocable to the Net Proceeds attributable to the sale of the Real Property associated with Plant 75-2.

9. Nothing contained herein shall be deemed to be a finding or determination as to the validity or enforceability of any lien or security interest, and all such liens and security interests shall be subject to the rights, claims, defenses and objections, if any, the Debtors may possess with respect thereto.

10. On the Effective Date of the Plan, upon which date BofA's first-priority liens on the Plant 75-1 and Plant 75-2 Accounts shall be terminated pursuant to the Plan, the Debtors or Liquidating Trustee shall pay ISIS all of the Net Proceeds in the Plant 75-1 Account until ISIS is paid in full. ISIS shall apply the Net Proceeds from the Plant 75-1 Account to pay down the fees, costs, principal and interest due and owing under the Debtors' loan in the manner provided in the Promissory Note Secured By Deed of Trust, dated as of August 22, 2008, which evidences the $27.25 million loan made by ISIS to certain of the Debtors.

11. On the Effective Date of the Plan, upon which date DB's lien on the Plant 75-2 Account shall be terminated pursuant to the Plan, the Net Proceeds held in the Plant 75-2 Account

shall become vested in the Liquidating Trust and treated as Net Distributable Proceeds as that term is used and defined under the Plan.

12. Effective as of the Settlement Date, the sale and transfer of the Plant 75 Assets to the Buyer pursuant to the Agreement of Sale shall constitute a legal, valid and effective transfer of the Plant 75 Assets, and shall vest in the Buyer all right, title and interest of the Debtors in and to the Plant 75 Assets, free and clear of all Liens and Claims of any kind or nature whatsoever, with the exception of the Permitted Exceptions.

13. If any person or entity that has filed financing statements, assignments, security agreements, lis pendens, or other documents or agreements evidencing Liens and Claims against the Plant 75 Assets shall not have delivered to the Debtors prior to the Settlement Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims which such person or entity has with respect to the Plant 75 Assets, then (a) the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Plant 75 Assets and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded shall constitute conclusive evidence of the release of all Liens and Claims (other than Permitted Exceptions) in the Plant 75 Assets of any kind or nature whatsoever.

14. This Order shall be binding upon and govern the acts of all persons and entities, including without limitation, all filing agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law to accept, file, register, or otherwise record or release any documents or instruments. To the extent any of BofA's, ISIS's, or DB's Liens and Claims against the Plant 75 Assets resulted from an order of this Court (*e.g.*, cash collateral, debtor-in-possession financing or replacement lien orders), this Order modifies any and all such prior orders to automatically release and extinguish such Liens and Claims as to the Plant 75 Assets in accordance with the terms hereof.

Gibson, Dunn & Crutcher LLP

15. All persons or entities, presently or on or after the Settlement Date in possession of some or all of the Plant 75 Assets are directed to surrender possession of the Plant 75 Assets to the Buyer on such Settlement Date or at such time thereafter as the Buyer may request.

16. The sale of the Plant 75 Assets to Buyer under the Agreement of Sale shall constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and all applicable law.

17. The Purchase Price of the Plant 75 Assets shall be satisfied in full and in cash pursuant to the Agreement of Sale, and shall not be subject to setoff or any other reduction on the basis of any prepetition or postpetition claim that Buyer may assert against any of the Debtors.

18. The Buyer is hereby granted and is entitled to the protections provided to a good-faith purchaser under section 363(m) of the Bankruptcy Code.

19. In the absence of any entity obtaining a stay pending appeal, if the Seller and the Buyer close under the Agreement of Sale, the Buyer shall be deemed to be acting in "good faith" and shall be entitled to the protection of section 363(m) of the Bankruptcy Code as to all aspects of the transactions pursuant to the Agreement of Sale if this Order or any authorization contained herein is reversed or modified on appeal.

20. The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

21. This Order and the Agreement of Sale shall be binding upon, and shall inure to the benefit of, the Debtors and the Buyer, and their respective successors and assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for any of the Debtors' estates or any trustee appointed in a chapter 7 case if any of these cases are converted from chapter 11.

22. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Agreement of Sale, to resolve any dispute concerning this Order, the Agreement of Sale, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Agreement of Sale, any related agreements and this Order, including, but not limited to, the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Plant 75 Assets, and all issues and disputes arising in connection with the relief authorized herein including

Gibson, Dunn &
Crutcher LLP

9

without limitation any claim that this Order bars Liens and Claims against the Plant 75 Assets or against the Buyer as a result of its purchase of the Plant 75 Assets.

23.     The provisions of this Order are non-severable and mutually dependent.

24.     The Seller is hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Seller or the Buyer deems necessary or appropriate to implement and effectuate the terms of the Agreement of Sale and this Order.  The Debtors and each other person having duties or responsibilities under the Agreement of Sale, any agreements related thereto or this Order, and their respective officers, agents, trustees, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Agreement of Sale, to carry out all of the provisions of the Agreement of Sale and any related agreements; to issue, execute, acknowledge, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreement of Sale, and any related agreements; to take any and all actions contemplated by the Agreement of Sale, any related agreements or this Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents, and all amendments thereto (collectively, "Settlement Documents") and to perform such other acts and execute and deliver such other documents (collectively, the "Settlement Actions"), as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Agreement of Sale, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court.  All such Settlement Documents shall be deemed to be "related agreements" for purposes of this Order.  The Debtors are further authorized and empowered to cause to be filed with the secretary of state of any state, the recording office of any country or territory or other applicable officials of any applicable governmental units any and all Settlement Documents necessary or appropriate to effectuate the transactions contemplated by the Agreement of Sale, any related agreements and this Order.  The execution of any Settlement Document or the taking of any Settlement Action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.  Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by all applicable

business corporation, trust, and other laws of the applicable governmental units with respect to the implementation and consummation of the Agreement of Sale, any related agreements and this Order, and the transactions contemplated thereby and hereby.

25. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall not be stayed, the provisions of this Order shall become effective immediately upon entry, and the Debtors may complete the sale of the Plant 75 Assets immediately.

26. Local Rule 6004-1(g) of the Local Bankruptcy Rules for the United States Bankruptcy Court of the Central District of California, which requires a report of sale to be filed and served within 21 days after the date of the sale of any property not in the ordinary course of business, is hereby waived.

27. Nothing in this Order purports to excuse the Buyer or any other person or entity from compliance with any and all applicable state and federal regulatory laws.

28. Any and all creditors of the Debtors or holders of equity interests in the Debtors, including, without limitation, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, customers, warranty claimants, or other creditors holding Liens and Claims of any kind or nature, with the *exception* of certain Permitted Exceptions, relating to the Debtors, the Plant 75 Assets, or the transfer of the Plant 75 Assets, shall be barred, estopped, and enjoined from taking any action of any kind against the Buyer, its parents, affiliates, subsidiaries, successors, or assigns, its property, or the Plant 75 Assets on account of any Liens and Claims, any of the Plant 75 Assets, or the conduct of any Debtor.

29. The Agreement of Sale and any ancillary agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Buyer without further action of the Court; provided, however, that any such waiver, modification, amendment, or supplement is not material or substantially conforms to and effectuates the Agreement of Sale.

30. The failure specifically to include any particular provisions of the Agreement of Sale or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors, and the Buyer that the Agreement of Sale and

any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to the Settlement.

31. No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the transaction contemplated by the Agreement of Sale.

32. The Buyer is not assuming nor shall it, in any way whatsoever, be or be deemed to be liable or responsible, as successor or otherwise, for any Liens and Claims of the Debtors or their predecessors, or any Liens and Claims in any way whatsoever relating to or arising from the Debtors' or their predecessors' assets, business, or operations, or by virtue of the conveyance of the Plant 75 Assets to the Buyer.

33. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement of Sale, this Order shall govern and control.

###

DATED: August 12, 2010

United States Bankruptcy Judge

Gibson, Dunn & Crutcher LLP

| In re: | | CHAPTER | 11 |
|---|---|---|---|
| Fleetwood Enterprises, Inc. | Debtors: | CASE NUMBER | 09-14254-MJ |

### SERVICE LIST FOR THE ENTERED ORDER

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER AUTHORIZING THE SALE OF ASSETS RELATED TO ALMA, GEORGIA FACILITIES (PLANTS 75-1 AND 75-2) FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

I.    **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of (*insert date of service*), the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

☒    Service information continued on attached page

II.    **SERVED BY THE COURT VIA U.S. MAIL**:  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐    Service information continued on attached page

III.    **TO BE SERVED BY THE LODGING PARTY**:  Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒    Service information continued on attached page

Gibson, Dunn & Crutcher LLP

# I.
*Service via ECF*

| Company | Contact | Email |
|---|---|---|
| Abram Feuerstein on behalf of U.S. Trustee United States Trustee (RS) | | abram.s.feuerstein@usdoj.gov |
| AL-KO Kober Corporation | Michael J Heyman | michael.heyman@klgates.com |
| Allen Matkins Leek Gamble Mallory & Natsis LLP | Yale K Kim & David R Zaro | ykim@allenmatkins.com; dzaro@allenmatkins.com |
| Alpert Barr & Grant APLC | Mark S Blackman | Mblackman@AlpertBarr.com |
| Amanda N Ferns on behalf of Defendant Bluelinx Corporation | | aferns@fernslaw.com |
| American Electric Power | David W Meadows | david@davidwmeadowslaw.com |
| Andrew K Alper on behalf of Creditor GE Commercial Distribution Finance Corporation and GELCO Corporation dba GE Capital Fleet Services | | aalper@frandzel.com; efiling@frandzel.com; ekidder@frandzel.com |
| Ballard Spahr Andrews & Ingersoll LLP | Rebecca J Winthrop | winthropr@ballardspahr.com; boote@ballardspahr.com |
| Best Best & Krieger | Richard T Egger | richard.egger@bbklaw.com |
| Bradley D Blakeley on behalf of Defendant Gibraltar Insurance Company, Ltd., a corporation | | bblakeley@blakeleyllp.com |
| Bradley E Brook on behalf of Defendant Kelly Schalmo | | bbrook@bbrooklaw.com; jimmy@bbrooklaw.com |
| Brown & Connery LLP | Donald K Ludman | dludman@brownconnery.com |
| Charles Canter on behalf of National Highway Traffic Safety Administration | Charles E. Canter | Charles.Canter@usdoj.gov |
| Christopher Minier on behalf of Creditor Courtesy Ford, Inc. | | becky@ringstadlaw.com |
| Christopher P Ridout on behalf of Creditor Conrad Budd | | c.ridout@ridoutlyonlaw.com |
| Counsel to Atwood Mobile Products | Caroline Djang | crd@jmbm.com |
| Counsel to Other Prof Greenhill & Co LLC | Howard Steinberg | hsteinberg@irell.com; awsmith@irell.com |
| Counsel to Peggy Richan | Sophie A Hubscher | sophie@korperlemonlaw.com |
| Cox Castle & Nicholson | Randy P Orlik | rorlik@coxcastle.com |
| Craig C Chiang on behalf of Interested Party Courtesy NEF | | cchiang@buchalter.com |
| Craig Millet on behalf of Debtor Continental Lumber Products, Inc. | | cmillet@gibsondunn.com; pcrawford@gibsondunn.com |
| Daniel C Lapidus | | dan@lapiduslaw.com |
| Daniel R Shapiro on behalf of Creditor Christie Davis | | dnalaw@sbcglobal.net |
| Danning Gill Diamond & Kollitz LLP | John J Bingham Jr | jbingham@dgdk.com |
| David M Poitras | | dpoitras@jmbm.com |
| Dennis G Bezanson on behalf of Creditor Flexsteel Industries, Inc. | | dennis.bezanson@bbklaw.com; arthur.johnston@bbklaw.com; kenneth.burgess@bbklaw.com; bknotices@bbklaw.com |
| Deutsche Bank Trust Company Americas | Todd Padnos | tpadnos@dl.com |
| Donahoe & Young LLP | Mark Young & Samuel Price | sprice@donahoeyoung.com; myoung@donahoeyoung.com |
| Donald L Gaffney on behalf of Interested Party Courtesy NEF | | dgaffney@swlaw.com |
| Fleetwood Enterprises Inc | Craig Millet, Solmaz Kraus | skraus@gibsondunn.com; cmillet@gibsondunn.com |
| Frandzel Robins Bloom & Csato LC | Andrew K Alper | aalper@frandzel.com |
| Frank F McGinn on behalf of Interested Party Courtesy NEF | | ffm@bostonbusinesslaw.com |
| Fred M Cohen on behalf of Creditor Sandra Dinsmore | | fmcbktaxlaw@hotmail.com |
| Gary R Wallace on behalf of Creditor Shaw Industries, Inc. | | gwallace@hbblaw.com |
| Gibson Dunn | Anne A Uyeda | auyeda@gibsondunn.com |

Gibson, Dunn & Crutcher LLP

| Company | Contact | Email |
|---|---|---|
| Gibson Dunn | Jeffrey H Reeves | jreeves@gibsondunn.com |
| Girard Gibbs LLP | Matthew B George & Eric H Gibbs | mbg@girardgibbs.com |
| Gust Rosenfeld PLC | Madeline C Wanslee | mwanslee@gustlaw.com |
| Harvey M Moore on behalf of Interested Party Progressive Casualty Insurance Company | | hmoore@bidnakeys.com |
| Heather M Durian on behalf of Creditor State of Michigan, Department of Treasury | Heather M. Durian | durianh@michigan.gov |
| Hewlett Packard Co | Ramona Neal | ramona.neal@hp.com |
| Holme Roberts & Owen LLP | Sharon Z Weiss | sharon.weiss@hro.com |
| Jay W Hurst on behalf of Creditor Texas Comptroller of Public Accounts | | jay.hurst@oag.state.tx.us; sherri.simpson@oag.state.tx.us |
| John D Monte on behalf of Creditor Maytag Corporation | | montelaw@earthlink.net |
| John F Kurtz on behalf of Creditor Boise Cascade, L.L.C. | | jkurtz@hawleytroxell.com |
| Julander Brown & Bollard LLP | William C Bollard | eal@jbblaw.com |
| Kenneth A Glowacki on behalf of Debtor Fleetwood Enterprises, Inc. | | kglowacki@gibsondunn.com |
| Latham & Watkins LLP | Gregory O Lunt | gregory.lunt@lw.com |
| Latham & Watkins LLP | Kimberly A Posin | kim.posin@lw.com |
| Leo D Plotkin on behalf of Creditor Textron Financial Corporation | | lplotkin@lsl-la.com; dsmall@lsl-la.com |
| Levy Small & Lallas | Leo D Plotkin | lplotkin@lsl-la.com |
| Linebarger Goggan Blair & Sampson LLP | Diane Sanders | austin.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller | dallas.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | John P Dillman | houston_bankruptcy@publicans.com |
| Lynsey M Eaton on behalf of Creditor Cast Products Corporation | | leaton@gglts.com |
| Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer | | mwanslee@gustlaw.com; rstein@gustlaw.com |
| Mark Bradshaw on behalf of Interested Party Courtesy NEF | | mbradshaw@shbllp.com |
| Maytag Corporation | John D Monte | montelaw@earthlink.com |
| McCreary Veselka Bragg & Allen PC | Michael Reed | kmorriss@mvbalaw.com |
| Michael B Reynolds on behalf of Creditor Cavco Industries | | mreynolds@swlaw.com; kcollins@swlaw.com |
| Michael Reed on behalf of Creditor Bell County TAD, et al | | othercourts@mvbalaw.com |
| Michael H. Traison, on behalf of Bluelinx | Michael H. Traison | traison@millercanfield.com |
| Nexsen Pruet LLC | Rose D Manos | manos@nexsenpruet.com |
| Nixon Peabody LLP | Louis J Cisz III | lcisz@nixonpeabody.com |
| Peitzman Weg & Kempinsky LLP | James P Menton Jr | jmenton@pwkllp.com |
| Peitzman Weg & Kempinsky LLP | Julian I Gurule | jgurule@pwkllp.com |
| Peter A Davidson | | pdavidson@ecjlaw.com |
| Pillsbury Winthrop Shaw Pittman LLP | Mark Houle & Craig Barbarosh | mark.houle@pillsburylaw.com; craig.barbarosh@pillsburylaw.com |
| Ramesh Singh on behalf of Interested Party Courtesy NEF | | claims@recoverycorp.com |
| Randall P Mroczynski on behalf of Defendant Fluor Corporation, a corporation | | randym@cookseylaw.com |
| Rebecca J Callahan on behalf of Creditor First American Trust Company, as Trustee of the Century Trust | | rcallahan@callahanlaw.biz |
| Reid & Hellyer A Professional Corp | Mark C Schnitzer | mschnitzer@rhlaw.com |
| Romero Law Firm | Martha E Romero | Romero@mromerolawfirm.com |

| Company | Contact | Email |
|---|---|---|
| Rose D Manos on behalf of Creditor FEMA Trailer | | rmanos@nexsenpruet.com |
| Scott A Schiff on behalf of Creditor Maricopa County Treasurer | | sas@soukup-schiff.com |
| Scott Lee on behalf of Creditor Philips Products, Inc. | | slee@lbbslaw.com |
| Sharon Z Weiss on behalf of Creditor LazyDays RV Supercenter, Inc. | | sweiss@richardsonpatel.com; bkdeptnef@richardsonpatel.com |
| Sidney A Cotlar on behalf of Creditor Conrad Budd | | scotlar@hhkc.com |
| The Gwynn Law Law Firm PC | Jeffrey T Gwynn | jgwynn@gwynn-law.com |
| Thompson & Colgate LLP | John A Boyd | fednotice@tclaw.net |
| Todd L Padnos on behalf of Creditor Deutsche Bank Trust Company Americas | | tpadnos@dl.com; dkennedy@dl.com; sholstrom@dl.com; rkeenan@dl.com; tboothe@dl.com |
| United States Trustee | Elizabeth A Lossing | elizabeth.lossing@usdoj.gov |
| United States Trustee | | ustpregion16.rs.ecf@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | hrrafatjoo@venable.com |
| Warner Stevens | Michael D Warner | echou@warnerstevens.com |
| Wayne S Flick on behalf of Creditor Bank of America, N.A. | | wayne.s.flick@lw.com; colleen.rico@lw.com |
| William C Bollard on behalf of Debtor Fleetwood Enterprises, Inc. | | eal@jbblaw.com; kmg@jbblaw.com; dritchie@jbblaw.com; william@jbblaw.com |

# II.
## *Service via U.S. Mail*

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Attorney General | Eric Holder | US DOJ Ben Franklin Station PO Box 683 | | Washington | DC | 20044 | US |
| Brayton Purcell LLP | Alan R Brayton & Christina C Skubic | 222 Rush Landing Rd | | Novato | CA | 94945 | US |
| Department of Defense | Robert Gates Secretary | 1000 Defense Pentagon | | Washington | DC | 20301 | US |
| Deutsche Bank Trust Co | Americas Trust & Securities Svs | 60 Wall St MS NYC 60 2710 | | New York | NY | 10005 | US |
| Farrar Holliman & Butler | E Guy Holliman | PO Box 280 | | Lafayette | TN | 37083 | US |
| Franchise Tax Board | Bankruptcy Unit | PO Box 2953 | | Sacramento | CA | 95812-2952 | US |
| Howrey LLP | Richard J Burdge | 550 S Hope St | | Los Angeles | CA | 90071 | US |
| Internal Revenue Service | | PO Box 21126 | | Philadelphia | PA | 19114 | US |
| Law Office of Dean P Sperling | Dean P Sperling | 201 E Sandpointe Ste 220 | | Santa Ana | CA | 92707 | US |
| Owens Corning | Attn Karen Sprenger 1D 5 | 1 Owens Corning Pkwy | | Toledo | OH | 43659 | US |
| Perdue Brandon Fielder Collins & Mott LLP | John T Banks | 3301 Northland Dr Ste 505 | | Austin | TX | 78731 | US |
| Securities and Exchange Commission | | 233 Broadway 13th Fl | | New York | NY | 10279 | US |
| Securities and Exchange Commission | | 5670 Wilshire Blvd 11th Fl | | Los Angeles | CA | 90036 | US |
| Tennessee Department of Revenue | c o TN Attorney Generals Office | PO Box 20207 | | Nashville | TN | 37202-0207 | US |
| The Bank of New York Melon Trust Co | Attn Corporate Trust Administration | 101 Barclay St 21 W | | New York | NY | 10286 | US |
| The Bank of New York Melon Trust Co | Attn Corporate Trust Administration | 101 Barclay St Fl 8W | | New York | NY | 10286 | US |
| Travelers | Attn Chantel Pinnock | 1 Tower Sq 5MN | National Accounts | Hartford | CT | 06183-4044 | US |
| United States Attorneys Office | Civil Process Clerk | 300 N Los Angeles St | Federal Building Rm 7516 | Los Angeles | CA | 90012 | US |
| US Bankruptcy Court | Hon Meredith A Jury | 3420 Twelfth St | | Riverside | CA | 92501-3819 | US |

Gibson, Dunn & Crutcher LLP

### III.
### *Service via Email*

| Company | Contact | Email |
|---|---|---|
| Ballard Spahr Andrews & Ingersoll LLP | Robert McL Boote | boote@ballardspahr.com |
| Bank of America NA | Attn Todd R Eggertsen | todd.r.eggertsen@bankofamerica.com |
| Cadwalader Wickersham & Taft LLP | John J Rapisardi Esq | john.rapisardi@cwt.com |
| Cadwalader Wickersham & Taft LLP | Peter M Friedman Esq | peter.friedman@cwt.com |
| City of Fort Worth | Christopher B Mosley | Chris.Mosley@fortworthgov.org |
| Comptroller of Public Accounts of Texas | Jay W Hurst | jay.hurst@oag.state.tx.us |
| Deutsche Bank Trust Company Americas | Rodney Gaughan | Rodney.Gaughan@db.com |
| Deutsche Bank Trust Company Americas | Stanley Burg | stan.burg@db.com |
| Dewey & LeBoeuf LLP | Allison Weiss & Peter Ivanick | pivanick@dl.com; aweiss@dl.com |
| Dewey & LeBoeuf LLP | Todd Padnos & Danielle Kennedy | tpadnos@dl.com; dkennedy@dl.com |
| Dunn Carney Allen Higgins & Tongue LLP | Daniel F Vidas | dfv@dunn-carney.com |
| Emmet Marvin & Martin LLP | Attn Bayard S Chapin Esq | bchapin@emmetmarvin.com |
| Employment Development Dept | Bankruptcy Group MIC 92E | Don.McKinney@edd.ca.gov |
| Fleetwood | Andrew Griffiths | Andrew.Griffiths@fleetwood.com |
| Fox Hefter Swibel Levin & Carroll LLP | Margaret M Anderson | panderson@fhslc.com |
| Hewlett Packard Co | Esmeralda Vargas | esmere.vargas@hp.com |
| IBM Corporation | Beverly H Shideler | bhshide@us.ibm.com |
| IKON Office Solutions Inc | Katrina Rumph | krumph@ikon.com |
| Latham & Watkins LLP | Andrew Faye Gregory Lunt | andrew.faye@lw.com; gregory.lunt@lw.com |
| Law Office of Christopher J Morosoff | Christopher J Morosoff | cjmorosoff@morosofflaw.com |
| Lowenstein Sandler PC | Michael S Etkin & Ira M Levee | metkin@lowenstein.com; ilevee@lowenstein.com |
| McDermott Will & Emery LLP | Jean B LeBlanc | jleblanc@mwe.com |
| McDermott Will & Emery LLP | Nathan F Coco & Emily K Harring | ncoco@mwe.com; eharring@mwe.com |
| Nixon Peabody LLP | Daniel Sovocool & Gina Fornario | dsovocool@nixonpeabody.com; gfornario@nixonpeabody.com |
| Nixon Peabody LLP | Victor G Milione | vmilione@nixonpeabody.com |
| Pima County Treasurer | Patti Davidson | pcaocvbk@pcao.pima.gov |
| Quarles & Brady LLP | John Collen | jcollen@quarles.com |
| Reading Bankruptcy & Compliance Unit | Timothy A Bortz | tbortz@state.pa.us |
| Reid & Hellyer A Professional Corp | Martha A Warriner | mwarriner@rhlaw.com |
| Riverside District Attorney | Attn Dale Hoy | dhoy@rivcoda.org |
| The Bank of New York Melon Trust Co | Attn J Chris Matthews | j.chris.matthews@bnymellon.com |
| Themis PLLC | Ray A Mandlekar | rmandlekar@themis.us.com |
| United States Trustee | Attn Frank Cadigan & Elizabeth A Lossing | Frank.Cadigan@usdoj.gov; elizabeth.lossing@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | hrrafatjoo@venable.com |
| Venable LLP | David E. Rice | derice@venable.com |
| Weyerhaeuser | Rusty Boldin | rusty.boldin@weyerhaeuser.com |