| Attorney or Appellant, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| HOWARD M. BIDNA, SBN 81604, hbidna@bidnakeys.com<br>RICHARD D. KEYS, SBN 105901, rkeys@bidnakeys.com<br>BIDNA & KEYS APLC<br>5120 Campus Drive<br>Newport Beach, CA  92660<br><br>*Attorney for Appellant*  First American Trust Company, as Trustee | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:  FLEETWOOD ENTERPRISES, INC.<br><br>Debtor(s). | |
| Last four digits of Social Security Number(s): | CHAPTER:  11<br><br>CASE NUMBER:  6:09-bk-14254-M |
| Employer's Tax Identification No(s) [if any]: | ADVERSARY NUMBER: |

## NOTICE OF APPEAL

1. NOTICE IS HEREBY GIVEN that the *(check only one box)*  ☐ plaintiff    ☐ defendant or  ☒ other party

   *(specify name of party)* __First American Trust Company, Trustee of the Century Trust__, appeals under 28 U.S.C.

   § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge *(describe judgment, order, or decree)*

   __Order Confirming Fourth Amended Plan of Liquidation__ entered in this adversary proceeding or other proceeding

   *(describe other proceeding)* __Chapter 11 Case_____ on the

   __6th__ day of __August__, *(year)* __2010__.    Copy attached as Exhibit A.

2. The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, and fax numbers of their respective attorneys are as follows *(print or type names, addresses, telephone, and fax numbers)*:

   Craig H. Millet, SBN 106027, cmillet@gibson.com                    Fleetwood Enterprises, Inc. Et Al.
   Kenneth A. Glowacki, SBN 217762, kglowacki@gibson.com      Debtors and Debtors-in-Possession
   Gibson Dunn & Crutcher LLP
   3161 Michelson Drive
   Newport Beach, CA  92660
   Tel:  949-451-3800 / Fax:  949-451-4220

   Hamid R. Rafatjoo, SBN 181564, hrafatjoo@venable.com        Official Committee of Creditors Holding
   Venable LLP                                                                          Unsecured Claims of Fleetwood
   2049 Century Park East, Suite 2100                                       Enterprises, Inc. Et Al.
   Los Angeles, CA  90067
   Tel:  310-229-9900 / Fax:  310-229-9901

*(Continued on next page)*

**FORM 17**

**FORM 17**

| | |
|---|---|
| In re<br>FLEETWOOD ENTERPRISES, INC.<br>Debtor(s). | CHAPTER:   11<br><br>CASE NUMBER: 6:09-bk-14254 |

Rebecca Callahan, SBN 105337, rcallahan@callahanlaw.biz
Callahan Law Corporation
5120 Campus Drive
Newport Beach, CA  92660
Tel:  949-260-8888 / Fax:  949-260-9999

First American Trust Company, as
Trustee of the Century Trust

Dated:  8/17/10

*Signature (Attorney for Appellant or Appellant if not represented
by an Attorney)*

Howard M. Piona
_____
*Attorney Name*

5120 Campus Drive, Newport Beach, CA  92660
_____
*Address*

949-752-7030
_____
*Telephone Number*

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court.  The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this Notice of Appeal.  Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

*If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

**FORM 17**

| In re | CHAPTER:  11 |
|---|---|
| FLEETWOOD ENTERPRISES, INC.               Debtor(s). | CASE NUMBER: 6:09-bk-14254 |

## PROOF OF SERVICE

STATE OF CALIFORNIA COUNTY OF  ORANGE

1.  I am employed in the County of  ORANGE               , State of California.  I am over the age of 18
    and not a party to the within action.  My business address is as follows:

    5120 Campus Drive, Newport Beach, CA  92660

2.  **Regular Mail Service:** On  8/17/10               , I served the documents described as:  NOTICE OF
    APPEAL on the interested parties at their last known address in this action by placing a true and correct copy thereof in
    a sealed envelope with postage thereon fully prepaid in the United States Mail at  Newport Beach               ,
    California, addressed as set forth below.

    [X]  Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 8/17/10

Michelle Snyder
_____              _____
*Typed Name*                                         *Signature*

**FORM 17**

Fleetwood Enterprises, Inc. – Chapter 11
Case No. 6:09-bk-14254-MJ

*Service via ECF*

| Company | Contact | Email |
|---|---|---|
| Gibson Dunn & Crutcher, LLP | Craig H. Millet<br>Pam Crawford<br>Kevin J. Glowacki | cmillet@gibsondunn.com<br>pcrawford@gibsondunn.com<br>kglowacki@gibsondunn.com |
| Venable LLP | Hamid Rafatjoo | hrafatjoo@venable.com |
| Office of the U.S. Trustee | Frank Cadigan<br>Elizabeth A. Lossing | Frank.cadigan@usdoj.gov<br>Elizabeth.lossing@usdoj.gov |

# EXHIBIT A

Hamid R. Rafatjoo (CA Bar No. 181564)
Jennifer L. Nassiri (CA Bar No. 209796)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:     (310) 229-9900
Facsimile:     (310) 229-9901
Email:         hrafatjoo@venable.com;
               jnassiri@venable.com

*Counsel for Official Committee of Creditors
Holding Unsecured Claims*

Craig H. Millet (CA Bar No. 106027)
Kenneth A. Glowacki, Jr. (CA Bar No. 217762)
Solmaz Kraus (CA Bar No. 223117)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone:     (949) 451-3800
Facsimile:     (949) 451-4220
Email:         cmillet@gibsondunn.com;
               kglowacki@gibsondunn.com

*Counsel for Debtors and Debtors in
Possession*

FILED & ENTERED

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY _____ DEPUTY CLERK

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>FLEETWOOD ENTERPRISES, INC., et al.,<br><br>              Debtors. | Case No. 6:09-bk-14254-MJ<br><br>Chapter 11<br><br>[Jointly Administered]<br><br>**ORDER CONFIRMING FOURTH AMENDED JOINT PLAN OF LIQUIDATION OF FLEETWOOD ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS AND THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS DATED AUGUST 5, 2010**<br><br>Judge:  Honorable Meredith A. Jury<br><br>Hearing Date:    July 29, 2010<br>Time:    1:30 p.m. pacific<br>Courtroom:    301<br>    3420 Twelfth St.<br>    Riverside, CA 92501 |

On March 10, 2009 (the "Petition Date"), Fleetwood Enterprises, Inc. and certain affiliated

debtors and debtors in possession (collectively, the "Debtors") commenced these chapter 11 cases by

filing voluntary petitions under chapter 11, title 11 of the United States Code (the "Bankruptcy Code")

1     in the United States Bankruptcy Court for the Central District of California, Riverside Division (the

2     "Court").

3            On April 21, 2010, the Debtors and the Official Committee of Creditors Holding

4     Unsecured Claims (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents")

5     filed that certain *Second Amended Disclosure Statement Describing Second Amended Joint Plan of*

6     *Liquidation of Fleetwood Enterprises, Inc. and Its Affiliated Debtors and the Official Committee of*

7     *Creditors Holding Unsecured Claims Dated April 21, 2010* [Docket No. 2088] (the "Disclosure

8     Statement"), along with that certain *Second Amended Joint Plan of Liquidation of Fleetwood*

9     *Enterprises, Inc. and Its Affiliated Debtors and the Official Committee of Creditors Holding*

10     *Unsecured Claims Dated April 21, 2010* (the "Second Amended Plan") [Docket No. 2087].  The

11     Second Amended Plan was further amended by the *Third Amended Joint Plan of Liquidation of*

12     *Fleetwood Enterprises, Inc. and Its Affiliated Debtors and the Official Committee of Creditors*

13     *Holding Unsecured Claims Dated July 22, 2010* (the "Third Amended Plan") [Docket No. 2384].

14     The Third Amended Plan was ultimately amended by the *Fourth Amended Joint Plan of Liquidation*

15     *of Fleetwood Enterprises, Inc. and Its Affiliated Debtors and the Official Committee of Creditors*

16     *Holding Unsecured Claims Dated August 5,, 2010* (the "Fourth Amended Plan" or the "Plan")

17     [Docket No. 2433], which included the following documents: (i) Listing of Subsidiary Debtors; (ii)

18     Liquidating Trust Agreement; (iii) Non-Exclusive List of Executory Contracts To Be Assumed; (iv)

19     Non-Exclusive List of Retained Causes of Action; and (v) Mediation Procedures for Product Liability

20     PI Claims.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed

21     to them in the Plan.

22            On April 27, 2010, the Court entered its Order (i) Approving Second Amended

23     Disclosure Statement; (ii) Approving Solicitation Procedures, Forms of Ballots, Manner of Notice,

24     and Vote Tabulation Procedures; (iii) Establishing Voting Record Date and Deadline for Receipt of

25     Ballots; and (iv) Fixing Date, Time and Place for Confirmation Hearing and Deadline to File

26     Objections to Confirmation [Docket No. 2106] (the "Solicitation Order").  The Solicitation Order

27     scheduled a hearing for June 22, 2010 at 2:30 p.m. to consider Confirmation of the Plan (the

28     "Confirmation Hearing").  Pursuant to the Notice of Continuance of Confirmation Hearing and

1    Related Deadlines Regarding Second Amended Joint Plan of Liquidation of Fleetwood Enterprises,

2    Inc. and Its Affiliated Debtors and The Official Committee of Creditors Holding Unsecured Claims

3    Dated April 21, 2010 entered on June 18, 2010 [Docket No. 2275], the Confirmation Hearing was

4    postponed until July 13, 2010 at 1:30 p.m., and  was again postponed until July 29, 2010 at 1:30 p.m.

5    pursuant to the Second Notice of Continuance of Confirmation Hearing and Related Deadlines

6    Regarding Second Amended Joint Plan of Liquidation of Fleetwood Enterprises, Inc. and Its Affiliated

7    Debtors and The Official Committee of Creditors Holding Unsecured Claims Dated April 21, 2010

8    entered on July 7, 2010 [Docket No. 2331].

9        On or before May 7, 2010, the Plan Proponents served the Solicitation Packages,

10   Information Packages, or Confirmation Hearing Notice (all as defined in the Solicitation Order), on all

11   Creditors, Equity Interest Holders and other parties entitled to receive such documents in accordance

12   with the provisions of the Solicitation Order.  On May 13, 2010, the Plan Proponents filed two Proofs

13   of Service [Docket Nos. 2142 & 2144] (the "Service Declarations") evidencing such service.

14       On July 22, 2010, the Plan Proponents filed the Memorandum of Law in Support of the

15   Third Amended Joint Plan of Liquidation of Fleetwood Enterprises, Inc. and Its Affiliated Debtors and

16   the Official Committee of Creditors Holding Unsecured Claims Dated July 22, 2010 [Docket No.

17   2385] (the "Plan Memorandum"), the Declaration of Alan Dalsass re: Plan Ballot Tabulation [Docket

18   No. 2386] (the "GT Declaration"), and the Declaration of David Sharp re: Plan Ballot Tabulation

19   [Docket No. 2387] (the "KCC Declaration" and together with the GT Declaration, the "Voting

20   Declarations").

21       On July 29, 2010, the undersigned United States Bankruptcy Judge held the

22   Confirmation Hearing.  Appearances were made as noted in the record.  The Court has reviewed and

23   considered all of the papers described in the foregoing paragraphs, the objections to Plan Confirmation

24   that had not been resolved and/or withdrawn prior to the Confirmation Hearing, and the record in

25   these Chapter 11 Cases and related adversary proceedings.  The Court has also considered the

26   arguments and representations made by counsel at the Confirmation Hearing, as well as prior hearings

27   in these Chapter 11 Cases and related adversary proceedings.  Based upon that review and

28

1  consideration, and after due deliberation thereon, the Court makes and issues the following findings of

2  fact, conclusions of law and Order.

3  **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

4        A.    Venue; Core Proceeding; Exclusive Jurisdiction.  On the Petition Date, the

5  Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of

6  the Bankruptcy Code.  This Order constitutes this Court's findings of fact and conclusions of law

7  under Fed. R. Civ. P. 52, as made applicable by Rules 7052 and 9014 of the Federal Rules of

8  Bankruptcy Procedure (the "Bankruptcy Rules").  Where appropriate, findings of fact shall be

9  construed as conclusions of law and conclusions of law shall be construed as findings of fact.  The

10  Debtors were qualified and are qualified to be debtors under section 109(d) of the Bankruptcy Code.

11  Venue was proper as of the Petition Date and continues to be proper before the Court pursuant to 28

12  U.S.C. §§ 1408 and 1409.  This is a core proceeding and the Court has jurisdiction to determine

13  whether the Plan should be confirmed, overrule Confirmation objections, confirm the Plan, enter this

14  Order, and administer and enforce this Order pursuant to 28 U.S.C. §§ 157 and 1334.

15        B.    Judicial Notice.  The Court takes judicial notice of the docket in the Chapter 11

16  Cases maintained by Clerk of the Court and/or its duly-appointed agent, including all pleadings and

17  other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced

18  at the hearings held before the Court during the Chapter 11 Cases and related adversary proceedings,

19  including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation

20  Hearing.

21        C.    Burden of Proof.  The Plan Proponents have the burden of proving the elements

22  under Bankruptcy Code section 1129(a) and (b) by a preponderance of the evidence, and the Plan

23  Proponents have met that burden as further found and determined herein.

24        D.    Solicitation and Notice.  As evidenced by the Service Declarations and related

25  declarations and affidavits, and as required by the Solicitation Order, the Plan Proponents provided

26  notice of the Confirmation Hearing and solicited ballots accepting or rejecting the Plan by timely

27  transmitting the Solicitation Package, Information Package, or Confirmation Hearing Notice to all

28  Holders of Claims and Equity Interests, in accordance with the Solicitation Order, the Bankruptcy

Gibson, Dunn &
Crutcher LLP

1  Rules and the Bankruptcy Code. Notice of the Confirmation Hearing was adequate and sufficient and

2  no further notice need be given.

3        E.    Good Faith Solicitation. Votes for acceptance and rejection of the Plan were

4  solicited in good faith and in compliance with the Bankruptcy Code (including sections 1126 and 1129

5  of the Bankruptcy Code), the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the

6  Solicitation Order, and all other applicable statutes, rules, laws and regulations. Based on the record

7  in these Chapter 11 Cases, the Debtors (including their successors or assigns, including without

8  limitation, the Liquidating Trust and the Liquidating Trustee) and the Creditors' Committee and, in

9  each case, their respective present or former officers, directors, employees, members, agents,

10  representatives, shareholders, accountants, financial advisors, investment bankers, lenders, consultants,

11  experts, and professionals and agents for the foregoing have acted in "good faith" and in compliance

12  with the applicable provisions of the Bankruptcy Code, within the meaning of section 1125(e) of the

13  Bankruptcy Code, are entitled to the protections thereof, and are entitled to the protections contained

14  in Article XI.J of the Plan, which are reasonable and appropriate under the circumstances. The

15  Securityholder Instruction Package delivered to the Holders of the Trust Preferred Securities, and the

16  procedure for delivering the Securityholder Instruction Package, which includes, among other things,

17  the Form Instruction, the Second Amended Plan, the Second Amended Disclosure Statement and the

18  Confirmation Hearing Notice, were reasonable and appropriate under the circumstances, and complied

19  with Bankruptcy Rules 3017(d) and 3017(e). "Securityholder Instruction Package," "Form

20  Instruction," and "Trust Preferred Securities," shall have the meanings ascribed to them at page 12 of

21  the Plan Memorandum.

22        F.    Acceptances to the Plan. As evidenced by the Voting Declarations, Classes 3,

23  5, 6, 7, 8, 9, 10, and 11 have voted to accept the Plan. In addition, Classes 1, 4, 13B, 13C and 13D

24  are unimpaired and deemed to accept the Plan. Moreover, Classes 13E, 13F, and 13G have accepted

25  the Plan via stipulation and order.

26        Classes 2 and 13A initially voted to reject the Plan. However, after engaging in

27  settlement negotiations with the Plan Proponents, the Holders of Claims in Classes 2 and 13A

28  ultimately changed their votes to support the Plan and orally accepted the Plan pursuant to the terms

Gibson, Dunn &
Crutcher LLP

1  and conditions set forth on the record at the Confirmation Hearing.  Classes 14 and 15 will receive no

2  distributions under the Plan and are deemed to reject the Plan.

3          G.     <u>Substantive Consolidation</u>.  The substantive consolidation provided in Article

4  VI.A of the Plan is reasonable in light of, among other things, the reliance by the Creditors upon the

5  combined creditworthiness of the Debtors and the hopeless entanglement of the Debtors' affairs.

6  Accordingly, the substantive consolidation set forth in the Plan is appropriate and approved.

7          H.     <u>Assumption of Executory Contracts and Unexpired Leases</u>.  The provisions of

8  Article VIII.C of the Plan governing the assumption of executory contracts and unexpired leases

9  satisfy the requirements of all applicable provisions of section 365 of the Bankruptcy Code.  The Plan

10  Proponents have exercised reasonable business judgment on deciding to assume certain executory

11  contracts and unexpired leases as provided for in the Plan.  Each assumption of an executory contract

12  or unexpired lease, and the timeframe for such assumption, under the Plan shall be legal, valid and

13  binding upon the Liquidating Trust and all non-Debtor parties to such executory contract or unexpired

14  lease, all to the same extent as if the assumption had been effectuated by motion.

15          I.     <u>Rejection of Executory Contracts and Unexpired Leases</u>.  The provisions of

16  Article VIII.A of the Plan governing the rejection of executory contracts and unexpired leases satisfy

17  the requirements of all applicable provisions of section 365 of the Bankruptcy Code.  The Plan

18  Proponents have exercised reasonable business judgment on deciding to reject any and all remaining

19  executory contracts and unexpired leases (except as provided for in the Plan).  Each rejection of an

20  executory contract or unexpired lease, and the timeframe for such rejection, under the Plan shall be

21  legal, valid and binding upon the Liquidating Trust and all non-Debtor parties to such executory

22  contract or unexpired lease, all to the same extent as if the rejection had been effectuated by motion.

23          J.     <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies requirements for

24  Confirmation set forth in Bankruptcy Code sections 1129(a) and (b), as set forth below:

25          1.     <u>11 U.S.C. § 1129(a)(1)</u>:  The Plan complies with all applicable

26  provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123.

27          2.     <u>11 U.S.C. § 1129(a)(2)</u>:  The Plan Proponents have complied with all of

28  the Bankruptcy Code's applicable provisions.

Gibson, Dunn &
Crutcher LLP

3.     11 U.S.C. § 1129(a)(3): The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law.

4.     11 U.S.C. § 1129(a)(4): The Plan appropriately provides for Court approval of all payments for services in connection with the Chapter 11 Cases, in accordance with Bankruptcy Code section 1129(a)(4).

5.     11 U.S.C. § 1129(a)(5): The Plan and Disclosure Statement comply with Bankruptcy Code section 1129(a)(5) by virtue of the disclosure in the record of these Chapter 11 Cases of the identities and affiliations of the individuals proposed to serve, after Confirmation of the Plan, as the Liquidating Trustee and the Liquidating Trust Oversight Committee, respectively.

6.     11 U.S.C. § 1129(a)(6): The requirements of Bankruptcy Code section 1129(a)(6) are not applicable to the Plan.

7.     11 U.S.C. § 1129(a)(7): Each entity that holds a Claim or Equity Interest in a Class that is Impaired under the Plan either: (a) has accepted the Plan; or (b) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than that entity would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. Classes 2, 3, 5, 6, 7, 8, 9, 10, 11, 13A, 13E, 13F, 13G, 14 and 15 are impaired under the Plan. The requirements of the Bankruptcy Code section 1129(a)(7) are satisfied with respect to these Classes because the distributions to holders of Claims and Equity Interests under the Plan are not less than the amount that such holders would receive or retain if the Debtors were liquidated under chapter 7.

8.     11 U.S.C. § 1129(a)(8)/11 U.S.C. § 1129(b): Classes 14 and 15 are impaired under the Plan and will receive and retain no value under the Plan and, therefore, are deemed to reject the Plan. All other Classes have voted to accept the Plan.

9.     11 U.S.C. § 1129(a)(9): The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

10.     11 U.S.C. § 1129(a)(10): At least one Class of Claims that is Impaired under the Plan has voted to accept the Plan, without including any acceptance of the Plan by any insider. The Plan therefore satisfies the requirements of Bankruptcy Code section 1129(a)(10).

11.    11 U.S.C. § 1129(a)(11): The Plan is feasible and therefore satisfies the requirements of Bankruptcy Code section 1129(a)(11).

12.    11 U.S.C. § 1129(a)(12): The Plan provides for payment in full of all Allowed Administrative Claims, which includes U.S. Trustee Fees arising under 28 U.S.C. § 1930. The Plan thus satisfies the requirements of Bankruptcy Code section 1129(a)(12).

13.    11 U.S.C. § 1129(a)(13): The requirements of Bankruptcy Code section 1129(a)(13) are not applicable to the Plan.

14.    11 U.S.C. § 1129(d): The principal purpose of the Plan is not the avoidance of taxes.

K.    Liquidating Trust. The Liquidating Trust is an essential element of the Plan and entry into the trust document is in the best interests of the Estates and Creditors. The establishment of the Liquidating Trust, the selection of SltnTrst LLC to serve as Liquidating Trustee and the form of the proposed trust document, "Liquidating Trust Agreement and Declaration of Trust By and Among Fleetwood Enterprises, Inc., and its Affiliated Debtors and SltnTrst LLC as Liquidating Trustee in respect of the Fleetwood Liquidating Trust," a copy of which is attached as Exhibit "B" to the Plan as may be subsequently amended or modified (the "Liquidating Trust Agreement"), is appropriate and in the best interests of the Estates and Creditors. The Liquidating Trust Agreement shall, up on execution, be valid binding and enforceable in accordance with its terms.

L.    Preservation and Transfer of Litigation. It is in the best interests of the Estates and Creditors that rights of action that are not expressly released under the Plan be transferred and retained by the Liquidating Trustee as specified in the Plan. The causes of Action have been properly reserved and retained and, upon entry of this Order, shall be deemed transferred to the Liquidating Trust.

M.    Bar Dates. There has been sufficient notice of the procedures and deadlines for asserting Administrative Claims and rejection claim bar dates set forth in Articles X and VIII of the Plan, respectively; and no further or other notice is necessary.

N.    Retention of Jurisdiction. The Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan.

Gibson, Dunn & Crutcher LLP

O.    Settlements. The Plan encompasses a number of settlements and resolutions of disputes between the Plan Proponents and various Persons. These settlements and resolutions are an integral part of the Plan and are reasonable and appropriate under the circumstances. Upon the Effective Date, Persons, including the Plan Proponents and the Persons party to these various settlements and resolutions, will be acting in reliance on these settlements and resolutions in taking and refraining from taking actions, enforcing and refraining from enforcing certain rights and releasing certain other rights and interests, including Liens, pursuant to the Plan.

## ORDER

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT HEREBY IS ORDERED THAT:

1.    Confirmation. The Plan, which has been filed with this Court as Docket No. 2433, including all settlements and compromises contained therein, is approved and confirmed. The terms of each of the documents referred to in the Plan and all exhibits and addendums thereto are approved, incorporated by reference into, and an integral part of the Plan.

2.    Objections of First American Trust Company and Vincent Rhynes. The objection to Plan Confirmation filed by Vincent Rhynes is overruled in its entirety for the reasons stated on the record at the Confirmation Hearing. The objection to Plan Confirmation filed by First American Trust Company ("First American") is also overruled in its entirety for the reasons stated on the record at the Confirmation Hearing, including, without limitation, the following findings and conclusions of the Court:

a.    First American's Claims are General Unsecured Claims and are not entitled to separate classification;

b.    First American's Claims are substantially similar to all other Class 6 General Unsecured Claims and are properly classified in Class 6 therewith as required under section 1122 of the Bankruptcy Code;

c.    First American's objection under section 1122(a) that it asserts it is entitled to a constructive trust on the cash of the Debtors in treatment of its claims as the basis

for separate classification from other Class 6 Claims does not justify separate

classification;

d.   First American is not entitled to a constructive trust under bankruptcy law,

California law or any other applicable law because First American did not have a

perfected right to a constructive trust, in the form of a judgment or otherwise, prior

to the Petition Date;

e.   The Debtors may avoid First American's unperfected, constructive trust right (if

any) as of the Petition Date pursuant to section 544 of the Bankruptcy Code;

f.   First American has not identified and cannot identify a specific "*res*" traceable to

property obtained by the Debtors from First American on which it could impose a

constructive trust; and

g.   The Plan, including the classification of First American's Claims in Class 6,

complies with section 1129(a)(1) of the Bankruptcy Code and was proposed in

good faith and not by any means forbidden by law as required under section

1129(a)(3) of the Bankruptcy Code.

3.   <u>Other Objections Withdrawn or Resolved</u>.  All other objections to Plan

Confirmation whether filed with the Court or raised at the Confirmation Hearing, have been

withdrawn, waived or settled.

4.   <u>Provisions of Plan and Order Non-severable and Mutually Dependent</u>.  The

provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth

herein, are non-severable and mutually dependent.

5.   <u>Record Closed</u>.  The record of the Confirmation Hearing is hereby closed.

6.   <u>Notice</u>.  As evidenced by the certificates of service previously filed with the

Court, and based upon representations of counsel at the Confirmation Hearing, (i) proper, timely,

adequate and sufficient notice of the Confirmation Hearing and the deadline for filing and serving

objections to the Plan has been provided, (ii) such notice constitutes due and proper notice for

purposes of sections 102(1) and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3016,

3017, 3018, 6006, 9006, and 9014; (iii) such notice was reasonable, sufficient and appropriate under

Gibson, Dunn &
Crutcher LLP

the circumstances and is hereby approved, and (iv) no other or further notice of the Confirmation

Hearing, the deadline for filing and serving objections to the Plan, or of the entry of this Order is

required.

7.    Binding Effect and Validity.  The provisions of the Plan and this Order shall

bind the Debtors, the Estates, the Liquidating Trustee, the Liquidating Trust, all Holders of Claims

against and Equity Interests in the Debtors, including their successors and assigns, whether or not the

Claims or Equity Interests of such Holders are Impaired under the Plan, whether or not such Holders

have voted to accept or reject the Plan, and whether or not such Holders have filed Proofs of Claims

or proofs of Equity Interests in the Chapter 11 Cases, and all other Persons.  Each Plan term and

provision, as it may be interpreted in accordance with the Plan, is valid and enforceable under its

terms.

8.    Effectuation of the Plan.  The Debtors and the Liquidating Trustee are

authorized to execute and deliver any and all documents and instruments and take any and all actions

necessary or desirable to implement the Plan and this Order and to effect any other transactions

contemplated therein or thereby.  To effectuate the Plan and such transactions, the officers or

responsible representatives of the Debtors and the Liquidating Trustee are authorized, without further

notice or application to or order of the Court, to execute, deliver, file, or record such agreements or

documents, and to take such other actions as any such individual may determine to be necessary or

desirable to effectuate the Plan and such transactions, regardless of whether such actions or documents

are specifically referred to in the Plan or this Order.  To the extent that, under applicable non-

bankruptcy law, any of these actions otherwise would require the consent or approval of the

shareholders or boards of directors of the Debtors, this Order constitutes such consent and approval.

9.    Vesting of Property in the Liquidating Trust.  Except as otherwise provided in

the Plan or this Order, or in any contract, instrument, release or other agreement entered into or

delivered in connection with the Plan, upon execution of the Liquidating Trust Agreement as of the

Effective Date all property of the Estates shall vest in the Liquidating Trust, free and clear of all

Claims, Equity Interests, Liens, encumbrances, and other interests.

10. <u>Treatment is in Full Satisfaction</u>. Except as otherwise agreed in writing and approved by the Court, the treatment set forth in the Plan is in full and complete satisfaction of the legal, contractual, and equitable rights (including any Liens) that each entity holding a Claim or an Equity Interest may have in or against the Debtors, the Estates, the Liquidating Trust, the Liquidating Trustee, or their respective property. This treatment supersedes and replaces any agreements or rights those entities may have in or against the Debtors, the Estates, the Liquidating Trust, the Liquidating Trustee, or their respective property.

11. <u>Cancellation of Interests</u>. On the Effective Date, all Equity Interests in the Debtors, shall be cancelled, annulled, and extinguished, and shall be of no further force or effect, without any further action by any party.

**12. <u>Exculpation/Limitation of Liability</u>. The exculpation and limitation of liability provisions contained in the Plan are approved. In furtherance and not in limitation thereof, pursuant to the Plan, and except as otherwise specifically provided therein, as of the Effective Date, the Debtors, the Liquidating Trustee, the Liquidating Trust, DB, BNYM, Whippoorwill, the Secured Parties Releasees, the 5% Indenture Trustee, the 6% Indenture Trustee, the Creditors' Committee, the members of the Creditors' Committee, solely in their capacity as such, and any of the foregoing parties' respective present or former members, officers, directors, employees, advisors, attorneys, representatives, financial advisors, investment bankers, or agents and any of such parties' successors and assigns, shall not have or incur any claim, action, proceeding, cause of action, Avoidance Action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, or Claim (as defined in Bankruptcy Code Section 101(5)), whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured and whether asserted or assertable directly or derivatively, in law, equity, or otherwise to one another or to any Claimholder or Equity Interest Holder, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission originating or occurring on or after the Petition Date through**

1 and including the Effective Date in connection with, relating to, or arising out of the Debtors,

2 the Chapter 11 Cases, the negotiation and filing of the Plan, the Disclosure Statement or any

3 prior plans of reorganization, the filing of the Chapter 11 Cases, the pursuit of Confirmation of

4 the Plan or any prior plans of reorganization, the consummation of the Plan, the administration

5 of the Plan, or the property to be liquidated and/or distributed under the Plan except for their

6 willful misconduct or gross negligence as determined by a Final Order of a court of competent

7 jurisdiction, and in all respects shall be entitled to rely reasonably upon the advice of counsel

8 with respect to their duties and responsibilities under the Plan; provided however, that the

9 foregoing shall not be deemed to exculpate or release (i) any of the parties (other than the

10 Secured Parties Releasees, DB and BNYM) from Avoidance Actions or objections to Proofs of

11 Claims that the Debtors may hold against such parties or (ii) any Secured Party Releasee with

12 respect to the Turnover Action or the Disputed Costs.

13         13.    <u>Releases by the Debtors</u>.  The releases by the Debtors contained in the

14 Plan are approved.  In furtherance, and not in limitation thereof, as of the Effective Date, for

15 good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors (in

16 their individual capacities and as debtors and debtors in possession) will be deemed to release

17 forever, waive, and discharge all claims, obligations, suits, judgments, damages, demands,

18 debts, rights, causes of action, and liabilities (other than the rights of the Debtors to enforce the

19 Plan and the contracts, instruments, releases, indentures, and other agreements or documents

20 delivered hereunder, and liabilities arising after the Effective Date in the ordinary course of

21 business) whether liquidated or unliquidated, fixed or contingent, matured or unmatured,

22 known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity,

23 or otherwise that are based in whole or part on any act omission, transaction, event, or other

24 occurrences taking place on or after the Petition Date through and including the Effective Date

25 in connection with, relating to, or arising out of the Debtors, the Chapter 11 Cases, the

26 negotiation and filing of the Plan, the Disclosure Statement or any prior plans of

27 reorganization, the filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan or

28 any prior plans of reorganization, the consummation of the Plan, the administration of the

1   Plan, or the property to be liquidated and/or distributed under the Plan, and that could have

2   been asserted by or on behalf of the Debtors or their Estates, including pursuant to principles of

3   substantive consolidation, piercing the corporate veil, alter ego, domination, constructive trust

4   and similar principles of state or federal creditors' rights laws, in any such case, against (i) the

5   Released Parties except Avoidance Actions or objections to Proofs of Claims filed by any

6   Released Parties, and (ii) the Secured Parties, together with their respective affiliates, agents,

7   attorneys, officers, directors and employees (collectively with the Secured Parties, the "Secured

8   Parties Releasees"), except with respect to the Turnover Action or the Disputed Costs.

9        Pursuant to section 1123(b)(3) of the Bankruptcy Code, effective as of the

10   Effective Date, the Debtors, in their individual capacity and as debtors in possession, for and on

11   behalf of their Estates, shall release and forever unconditionally release all the Debtors' present

12   or former officers, directors, employees, attorneys, financial advisors, representatives or agents

13   ("Debtor Released Parties") for and from any and all Claims or Rights contingent or existing as

14   of the Effective Date in any manner arising from, based on or relating to, in whole or in part,

15   the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or

16   Equity Interest that is treated in the Plan, the business or contractual arrangements between

17   any Debtor and any Debtor Released Party or Secured Parties Releasees, as applicable, the

18   restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, or any act,

19   omission, occurrence or event in any manner related to any such Claims, Equity Interests, or

20   the Chapter 11 Cases, except for (i) in the case of the Debtor Released Parties, Avoidance

21   Actions or objections to Proof of Claims filed against any of the Debtor Released Parties and (ii)

22   in the case of any Secured Party Releasees, with respect to the Turnover Action or the Disputed

23   Costs.

24        No provision of the Plan or of this Confirmation Order, including without

25   limitation, any release or exculpation provision, shall modify, release or otherwise limit the

26   liability of any person not specifically released hereunder, including without limitation, any

27   person that is a co-obligor or joint tortfeasor of a Debtor Released Party or that otherwise is

28   liable under theories of vicarious or other derivative liability.

Gibson, Dunn &
Crutcher LLP

14

1   After the Effective Date, the Liquidating Trustee and the Liquidating Trust shall

2   be bound, to the same extent the Debtors are bound, by all of the releases set forth above and in

3   the Plan.

4        14.    <u>Release By Holders of Claims and Equity Interests</u>.  The third-party

5   releases contained in the Plan are approved.  In furtherance, and not in limitation thereof, on

6   the Effective Date, (a) each Person that voted to accept the Plan, and (b) to the fullest extent

7   permissible under applicable law, as such law may be extended or interpreted subsequent to the

8   Effective Date, all Holders of Claims and Equity Interests (each, a "Release Obligor"), in

9   consideration for the obligations of the Liquidating Trust and the Liquidating Trustee under

10  the Plan and the Cash and other consideration to be delivered in connection with the Plan and

11  the Liquidating Trust, shall have conclusively, absolutely, unconditionally, irrevocably and

12  forever, released each Debtor Released Party and each Secured Parties Releasee from any

13  Claim or Cause of Action (except Avoidance Actions) existing as of the Effective Date arising

14  from, based on or relating to, in whole or in part, the subject matter of, or the transaction or

15  event giving rise to, the Claim or Equity Interest of such Release Obligor, and any act,

16  omission, occurrence or event in any manner related to such subject matter, transaction or

17  obligation and any act, omission, occurrence, representation or failure to act that occurred

18  prior to the Petition Date, including the decision to file and the preparation and filing the

19  Chapter 11 Cases and the timing of the commencement of the Chapter 11 Cases.

20       Notwithstanding the foregoing, however, this release shall not release (A) any

21  Debtor Released Party from any Claims or Causes of Action existing as of the Effective Date,

22  based on (i) the Internal Revenue Code or other domestic state, city or municipal tax code, (ii)

23  the environmental laws of the United States or any domestic state, city or municipality, (iii) any

24  criminal laws of the United States or any domestic state, city or municipality, (iv) Sections

25  1104-1109 and 1342(d) of the Employee Retirement Income Security Act of 1974, as amended,

26  (v) any Claim previously asserted or hereinafter asserted that is covered by an existing policy of

27  insurance, (vi) any Claim or Cause of Action expressly reserved in the Plan, (vii) a Debtor

28  Released Party's acts of gross negligence or willful misconduct, or (viii) any claims or causes of

Gibson, Dunn &
Crutcher LLP

15

action First American may have against any non-Debtors, including but not limited to the bank

defendants or any present or former officer, director, employee, financial advisor or alleged

agent of FEI, including but not limited TRC Financial, James Roberson and David Roberson,

and irrespective of whether such claims or causes of action have been asserted as of the date of

the Plan, or (B) any Secured Party Releasee from any Claims or Causes of Action existing as of

the Effective Date, based on (i) the First American Trust Adversary Action, (ii) the Internal

Revenue Code or other domestic state, city or municipal tax code, (iii) the environmental laws

of the United States or any domestic state, city or municipality, or (iv) any criminal laws of the

United States or any domestic state, city or municipality.

       The releases of the Secured Parties Releasees contained above and in the Plan,

including, without limitation, the releases set forth in Sections XI.F and XI.G of the Plan, shall

be in addition to, and not in limitation of, the releases of the Secured Parties Releasees

contained in section 19 of the Interim DIP Order and any other releases of any of the Secured

Parties Releasees contained in or approved by the Interim DIP Order or the Final Cash

Collateral Order, all of which releases are hereby incorporated into the Plan by this reference

and made a part thereof.

       Nothing herein (but subject to any release of the Secured Parties Releasees

contained in the Interim DIP Order or the Final Cash Collateral Order) shall prohibit Encore

Partners, LLC, James D. Nichols, Richard J. Breidenbach, John D. Stewart, El Dorado Homes,

Inc. d/b/a/ Sierra Homes, Budget Homes of Arizona, LLC d/b/a Catalina Housing, Budget

Homes of Arizona, LLC d/b/a Mesquite Canyon, and Desert Plateau Homes, LLC from

asserting third party claims, counterclaims, setoff, recoupment, or affirmative defenses in

response to any litigation filed by or on behalf of the Estates.

       15.    <u>Binding Effect of Plan/Injunction</u>.  The injunction contained in the Plan is

approved.  In furtherance, and not in limitation thereof, from and after the Effective Date, and

except as otherwise provided in the Plan, all Persons who have held, hold or may hold Claims

against or Equity Interests in the Debtors are permanently enjoined from taking any of the

following actions against the Estate(s), the Liquidating Trust, the Liquidating Trustee,

1   Gibraltar, or any of their property on account of any such Claims or Equity Interests:  (A)

2   commencing or continuing, in any manner or in any place, any action or other proceeding; (B)

3   enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or

4   order; (C) creating, perfecting, or enforcing any Lien or encumbrance; (D) asserting a setoff,

5   right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to

6   the Debtors; (E) commencing or continuing, in any manner or in any place, any action or other

7   proceeding (including, without limitation, any "direct action" under the laws of any state) to

8   obtain or claim entitlement to the proceeds of any policy of insurance issued by Gibraltar which

9   cover Claims against the Debtors or to determine if a Claim is covered by one or more policies

10  of insurance issued by Gibraltar; and, (F) commencing or continuing, in any manner or in any

11  place, any action that does not comply with or is inconsistent with the provisions of the Plan;

12  provided, however, that nothing contained herein shall preclude such Persons from exercising

13  their rights pursuant to and consistent with the terms of the Plan or this Confirmation Order;

14  and provided further that nothing contained herein shall preclude any insurance company that

15  is a counterparty to a reinsurance agreement with Gibraltar or state self-insurance guaranty

16  association, including, without limitation the North Carolina Self-Insurance Security

17  Association and the Georgia Self Insurers Guaranty Trust Fund, that asserts the rights of the

18  Debtors in subrogation thereof pursuant to a Gibraltar excess workers' compensation insurance

19  policy, from exercising any of its rights against Gibraltar under the reinsurance agreement or

20  excess workers' compensation insurance policy provided that any action to enforce any claim

21  against Gibraltar must be brought before this Bankruptcy Court; and provided further that

22  nothing contained herein is intended or will be construed as affecting, impairing,

23  compromising, releasing or enjoining any claim First American may have against any non-

24  Debtors, including but not limited to the bank defendants or any present or former officer,

25  director, employee, financial advisor or alleged agent of FEI, including but not limited to TRC

26  Financial, James Roberson and David Roberson; and provided further that nothing contained

27  herein is intended or will be construed as affecting, impairing, compromising, releasing or

28  enjoining First American's claim to the proceeds of any available D&O policies; and provided

1  **further that nothing contained herein shall alter, impair, or affect the setoff rights of the Texas**

2  **Comptroller of Public Accounts.**

3          16.    Substantive Consolidation.  Pursuant to the Plan, on the Effective Date, the

4  assets, liabilities, and corporate entities of the Debtors shall be substantively consolidated for purposes

5  of the Plan, pursuant to Bankruptcy Code section 105(a).  Such substantive consolidation is meant as

6  a means of implementing the Plan and should not be construed in a manner that would have adverse

7  tax or other consequences on the Liquidating Trust.  As a consequence of substantive consolidation,

8  for purposes of treatment of Claims and Equity Interests under the Plan, on the Effective Date:  (i) all

9  of the property and interests in property of the Debtors and their respective Estates, shall be deemed

10 pooled for all purposes under the Plan; (ii) all of the Claims between and among the Debtors shall be

11 cancelled; and (iii) fees due under 28 U.S.C. §1930 following the Effective Date shall be calculated

12 based on one consolidated entity.  The Holder of a Claim shall be entitled to only one satisfaction on

13 account of such Claim, and any duplicative Claims (including a Claim on account of the same

14 transaction against the other Debtor) shall be disallowed.

15          17.    Dissolution of the Debtors.  On the Effective Date, the Debtors shall be deemed

16 liquidated and dissolved as legal entities pursuant to applicable federal and state law, without action by

17 any entity.  The Liquidating Trustee shall be authorized to execute any documents that implement, or

18 are in aid of, the liquidation and dissolution of the Debtors, including such documents as may be

19 necessary to delist and/or suspend public trading of the stock of any of the Debtors on or after the

20 Effective Date.

21          18.    Assumption and Rejection of Executory Contracts and Unexpired Leases.  The

22 assumption or rejection of executory contracts and unexpired leases, and the timeframe for doing so as

23 set forth in the Plan, is approved.

24          19.    Exemption from Certain Transfer Taxes.  As provided in the Article VI.J. of the

25 Plan, pursuant to Bankruptcy Code section 1146(a), any transfers from any of the Debtors to the

26 Liquidating Trust or to any other Person pursuant to the Plan in the United States shall not be subject

27 to any stamp tax or similar tax.  State or local governmental officials or agents shall forgo the

28 collection of any such tax or governmental assessment and to accept for filing and recordation any of

Gibson, Dunn &
Crutcher LLP

the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

20. <u>Administrative Claims Bar Date</u>. Requests for payment of Administrative Claims must be filed and served on counsel for the Creditors' Committee, the Debtors, and the Liquidating Trustee no later than the date which is thirty (30) days after the Effective Date, other than Professional Fee Claims, which may be filed up to forty-five (45) days after the Effective Date. Holders of Administrative Claims that are required to file a request for payment of such Claims and do not file such requests by the applicable bar date, shall be forever barred from asserting such claims against the Debtors, their Estates or the Liquidating Trust.

21. <u>Inconsistency</u>. In the event of any inconsistency between the Plan and this Order, this Order shall govern. In the event of any inconsistency between the Plan and the Liquidating Trust Agreement, the Plan shall govern. In the event of any inconsistency between the Plan and the Disclosure Statement, the Plan shall govern. In the event of any inconsistency between the Plan and any prior version thereof, the Plan (*i.e.*, the Fourth Amended Plan) shall govern. The failure to specifically include or reference any particular provision of the Plan or any related agreement in this Order shall not diminish or impair the efficacy of such provision or such related agreement, it being understood that it is the intent of the Court that the Plan be confirmed and such related agreements be approved in their entirety.

22. <u>Mandatory Mediation Procedures for Product Liability PI Claims</u>. The mandatory mediation procedures appended to the Plan as Exhibit "F" are approved. The Liquidating Trustee will select a mediator and an alternate mediator for each policy year from either: (i) the panel maintained by the United States Bankruptcy Court for the Central District of California of qualified professionals who have volunteered and been chosen to serve as mediators in bankruptcy cases, adversary proceedings and other disputes or, (ii) such other qualified mediator experienced in mediating disputed Claims.

23. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction as provided in Article XII of the Plan.

Gibson, Dunn &
Crutcher LLP

19

24.    <u>Notice of Confirmation Order</u>.  The Plan Proponents shall mail notice of entry of this Order and of the occurrence of the Effective Date of the Plan, in substantially the form of the Notice attached hereto as Exhibit "A," which form is hereby approved, to all Creditors, all Equity Interest Holders, and all other parties entitled to notice.

###

DATED: August 6, 2010

_____
United States Bankruptcy Judge

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-14254-MJ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3161 Michelson Drive, Irvine, CA 92612**

A true and correct copy of the foregoing document described as: **ORDER CONFIRMING FOURTH AMENDED JOINT PLAN OF LIQUIDATION OF FLEETWOOD ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS AND THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS DATED AUGUST 5, 2010**  will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 5, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ___August 5, 2010,__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 5, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 5, 2010 | Pam Crawford | /s/ Pam Crawford |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 9013-3.1**

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-14254-MJ |

# I.
## *Service via ECF*

| Company | Contact | Email |
|---|---|---|
| Abram Feuerstein on behalf of U.S. Trustee United States Trustee (RS) | | abram.s.feuerstein@usdoj.gov |
| AL-KO Kober Corporation | Michael J Heyman | michael.heyman@klgates.com |
| Allen Matkins Leck Gamble Mallory & Natsis LLP | Yale K Kim & David R Zaro | ykim@allenmatkins.com; dzaro@allenmatkins.com |
| Alpert Barr & Grant APLC | Mark S Blackman | Mblackman@AlpertBarr.com |
| Amanda N Ferns on behalf of Defendant Bluelinx Corporation | | aferns@fernslaw.com |
| American Electric Power | David W Meadows | david@davidwmeadowslaw.com |
| Andrew K Alper on behalf of Creditor GE Commercial Distribution Finance Corporation and GELCO Corporation dba GE Capital Fleet Services | | aalper@frandzel.com; efiling@frandzel.com; ekidder@frandzel.com |
| Ballard Spahr Andrews & Ingersoll LLP | Rebecca J Winthrop | winthropr@ballardspahr.com; boote@ballardspahr.com |
| Best Best & Krieger | Richard T Egger | richard.egger@bbklaw.com |
| Bradley D Blakeley on behalf of Defendant Gibraltar Insurance Company, Ltd., a corporation | | bblakeley@blakeleyllp.com |
| Bradley E Brook on behalf of Defendant Kelly Schalmo | | bbrook@bbbrooklaw.com; jimmy@bbbrooklaw.com |
| Brown & Connery LLP | Donald K Ludman | dludman@brownconnery.com |
| Charles E. Canter on behalf of National Highway Traffic Safety Administration | Charles E. Canter | Charles.Canter@usdoj.gov |
| Christopher Minier on behalf of Creditor Courtesy Ford, Inc. | | becky@ringstadlaw.com |
| Christopher P Ridout on behalf of Creditor Conrad Budd | | c.ridout@ridoutlyonlaw.com |
| Counsel to Atwood Mobile Products | Caroline Djang | crd@jmbm.com |
| Counsel to Other Prof Greenhill & Co LLC | Howard Steinberg | hsteinberg@irell.com; awsmith@irell.com |
| Counsel to Peggy Richan | Sophie A Hubscher | sophie@korperlemonlaw.com |
| Cox Castle & Nicholson | Randy P Orlik | rorlik@coxcastle.com |
| Craig C Chiang on behalf of Interested Party Courtesy NEF | | cchiang@buchalter.com |
| Craig Millet on behalf of Debtor Continental Lumber Products, Inc. | | cmillet@gibsondunn.com; pcrawford@gibsondunn.com |
| Daniel C Lapidus | | dan@lapiduslaw.com |
| Daniel R Shapiro on behalf of Creditor Christie Davis | | dnalaw@sbcglobal.net |
| Danning Gill Diamond & Kollitz LLP | John J Bingham Jr | jbingham@dgdk.com |
| David M Poitras | | dpoitras@jmbm.com |
| Dennis G Bezanson on behalf of Creditor Flexsteel Industries, Inc. | | dennis.bezanson@bbklaw.com; arthur.johnston@bbklaw.com; kenneth.burgess@bbklaw.com; bknotices@bbklaw.com |
| Deutsche Bank Trust Company Americas | Todd Padnos | tpadnos@dl.com |
| Donahoe & Young LLP | Mark Young & Samuel Price | sprice@donahoeyoung.com; myoung@donahoeyoung.com |
| Donald L Gaffney on behalf of Interested Party Courtesy NEF | | dgaffney@swlaw.com |
| Fleetwood Enterprises Inc | Craig Millet, Solmaz Kraus | skraus@gibsondunn.com; cmillet@gibsondunn.com |
| Frandzel Robins Bloom & Csato LC | Andrew K Alper | aalper@frandzel.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | |
|---|---|---|
| In re: *Fleetwood Enterprises, Inc.* | | CHAPTER 11 |
| | Debtor(s). | CASE NUMBER 09-14254-MJ |

| Company | Contact | Email |
|---|---|---|
| Frank F McGinn on behalf of Interested Party Courtesy NEF | | ffm@bostonbusinesslaw.com |
| Fred M Cohen on behalf of Creditor Sandra Dinsmore | | fmcbktaxlaw@hotmail.com |
| Gary R Wallace on behalf of Creditor Shaw Industries, Inc. | | gwallace@hbblaw.com |
| Gibson Dunn | Anne A Uyeda | auyeda@gibsondunn.com |
| Gibson Dunn | Jeffrey H Reeves | jreeves@gibsondunn.com |
| Girard Gibbs LLP | Matthew B George & Eric H Gibbs | mbg@girardgibbs.com |
| Gust Rosenfeld PLC | Madeline C Wanslee | mwanslee@gustlaw.com |
| Harvey M Moore on behalf of Interested Party Progressive Casualty Insurance Company | | hmoore@bidnakeys.com |
| Heather M Durian on behalf of Creditor State of Michigan, Department of Treasury | Heather M. Durian | durianh@michigan.gov |
| Hewlett Packard Co | Ramona Neal | ramona.neal@hp.com |
| Holme Roberts & Owen LLP | Sharon Z Weiss | sharon.weiss@hro.com |
| Jay W Hurst on behalf of Creditor Texas Comptroller of Public Accounts | | jay.hurst@oag.state.tx.us; sherri.simpson@oag.state.tx.us |
| John D Monte on behalf of Creditor Maytag Corporation | | montelaw@earthlink.net |
| John F Kurtz on behalf of Creditor Boise Cascade, L.L.C. | | jkurtz@hawleytroxell.com |
| Julander Brown & Bollard LLP | William C Bollard | eal@jbblaw.com |
| Kenneth A Glowacki on behalf of Debtor Fleetwood Enterprises, Inc. | | kglowacki@gibsondunn.com |
| Latham & Watkins LLP | Gregory O Lunt | gregory.lunt@lw.com |
| Latham & Watkins LLP | Kimberly A Posin | kim.posin@lw.com |
| Leo D Plotkin on behalf of Creditor Textron Financial Corporation | | lplotkin@lsl-la.com; dsmall@lsl-la.com |
| Levy Small & Lallas | Leo D Plotkin | lplotkin@lsl-la.com |
| Linebarger Goggan Blair & Sampson LLP | Diane Sanders | austin.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller | dallas.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | John P Dillman | houston_bankruptcy@publicans.com |
| Lynsey M Eaton on behalf of Creditor Cast Products Corporation | | leaton@gglts.com |
| Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer | | mwanslee@gustlaw.com; rstein@gustlaw.com |
| Mark Bradshaw on behalf of Interested Party Courtesy NEF | | mbradshaw@shbllp.com |
| Maytag Corporation | John D Monte | montelaw@earthlink.com |
| McCreary Veselka Bragg & Allen PC | Michael Reed | kmorriss@mvbalaw.com |
| Michael B Reynolds on behalf of Creditor Cavco Industries | | mreynolds@swlaw.com; kcollins@swlaw.com |
| Michael Reed on behalf of Creditor Bell County TAD, et al | | othercourts@mvbalaw.com |
| Michael H. Traison, on behalf of Bluelinx | Michael Traison | traison@millercanfield.com |
| Nexsen Pruet LLC | Rose D Manos | manos@nexsenpruet.com |
| Nixon Peabody LLP | Louis J Cisz III | lcisz@nixonpeabody.com |
| Peitzman Weg & Kempinsky LLP | James P Menton Jr | jmenton@pwkllp.com |
| Peitzman Weg & Kempinsky LLP | Julian I Gurule | jgurule@pwkllp.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER 09-14254-MJ |

| Company | Contact | Email |
| --- | --- | --- |
| Peter A Davidson | | pdavidson@ecjlaw.com |
| Pillsbury Winthrop Shaw Pittman LLP | Mark Houle & Craig Barbarosh | mark.houle@pillsburylaw.com; craig.barbarosh@pillsburylaw.com |
| Ramesh Singh on behalf of Interested Party Courtesy NEF | | claims@recoverycorp.com |
| Randall P Mroczynski on behalf of Defendant Fluor Corporation, a corporation | | randym@cookseylaw.com |
| Rebecca J Callahan on behalf of Creditor First American Trust Company, as Trustee of the Century Trust | | rcallahan@callahanlaw.biz |
| Reid & Hellyer A Professional Corp | Mark C Schnitzer | mschnitzer@rhlaw.com |
| Romero Law Firm | Martha E Romero | Romero@mromerolawfirm.com |
| Rose D Manos on behalf of Creditor FEMA Trailer | | rmanos@nexsenpruet.com |
| Scott A Schiff on behalf of Creditor Maricopa County Treasurer | | sas@soukup-schiff.com |
| Scott Lee on behalf of Creditor Philips Products, Inc. | | slee@lbbslaw.com |
| Sharon Z Weiss on behalf of Creditor LazyDays RV Supercenter, Inc. | | sweiss@richardsonpatel.com; bkdeptnef@richardsonpatel.com |
| Sidney A Cotlar on behalf of Creditor Conrad Budd | | scotlar@hhkc.com |
| The Gwynn Law Law Firm PC | Jeffrey T Gwynn | jgwynn@gwynn-law.com |
| Thompson & Colgate LLP | John A Boyd | fednotice@tclaw.net |
| Todd L Padnos on behalf of Creditor Deutsche Bank Trust Company Americas | | tpadnos@dl.com; dkennedy@dl.com; sholstrom@dl.com; rkeenan@dl.com; tboothe@dl.com |
| United States Trustee | Elizabeth A Lossing | elizabeth.lossing@usdoj.gov |
| United States Trustee | | ustpregion16.rs.ecf@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | hrrafatjoo@venable.com |
| Warner Stevens | Michael D Warner | echou@warnerstevens.com |
| Wayne S Flick on behalf of Creditor Bank of America, N.A. | | wayne.s.flick@lw.com; colleen.rico@lw.com |
| William C Bollard on behalf of Debtor Fleetwood Enterprises, Inc. | | eal@jbblaw.com; kmg@jbblaw.com; dritchie@jbblaw.com; william@jbblaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-14254-MJ |

## II.
### *Service via U.S. Mail*

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Attorney General | Eric Holder | US DOJ Ben Franklin Station PO Box 683 | | Washington | DC | 20044 | US |
| Brayton Purcell LLP | Alan R Brayton & Christina C Skubic | 222 Rush Landing Rd | | Novato | CA | 94945 | US |
| Department of Defense | Robert Gates Secretary | 1000 Defense Pentagon | | Washington | DC | 20301 | US |
| Deutsche Bank Trust Co | Americas Trust & Securities Svs | 60 Wall St MS NYC 60 2710 | | New York | NY | 10005 | US |
| Farrar Holliman & Butler | E Guy Holliman | PO Box 280 | | Lafayette | TN | 37083 | US |
| Franchise Tax Board | Bankruptcy Unit | PO Box 2953 | | Sacramento | CA | 95812-2952 | US |
| Howrey LLP | Richard J Burdge | 550 S Hope St | | Los Angeles | CA | 90071 | US |
| Internal Revenue Service | | PO Box 21126 | | Philadelphia | PA | 19114 | US |
| Law Office of Dean P Sperling | Dean P Sperling | 201 E Sandpointe Ste 220 | | Santa Ana | CA | 92707 | US |
| Owens Corning | Attn Karen Sprenger 1D 5 | 1 Owens Corning Pkwy | | Toledo | OH | 43659 | US |
| Perdue Brandon Fielder Collins & Mott LLP | John T Banks | 3301 Northland Dr Ste 505 | | Austin | TX | 78731 | US |
| Securities and Exchange Commission | | 233 Broadway 13th Fl | | New York | NY | 10279 | US |
| Securities and Exchange Commission | | 5670 Wilshire Blvd 11th Fl | | Los Angeles | CA | 90036 | US |
| Tennessee Department of Revenue | c o TN Attorney Generals Office | PO Box 20207 | | Nashville | TN | 37202-0207 | US |
| The Bank of New York Mellon Trust Co | Attn Corporate Trust Administration | 101 Barclay St 21 W | | New York | NY | 10286 | US |
| The Bank of New York Mellon Trust Co | Attn Corporate Trust Administration | 101 Barclay St Fl 8W | | New York | NY | 10286 | US |
| Travelers | Attn Chantel Pinnock | 1 Tower Sq 5MN | National Accounts | Hartford | CT | 06183-4044 | US |
| United States Attorneys Office | Civil Process Clerk | 300 N Los Angeles St | Federal Building Rm 7516 | Los Angeles | CA | 90012 | US |
| US Bankruptcy Court | Hon Meredith A Jury | 3420 Twelfth St | | Riverside | CA | 92501-3819 | US |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER 09-14254-MJ |

### III.
### *Service via Email*

| Company | Contact | Email |
| --- | --- | --- |
| Ballard Spahr Andrews & Ingersoll LLP | Robert McL Boote | boote@ballardspahr.com |
| Bank of America NA | Attn Todd R Eggertsen | todd.r.eggertsen@bankofamerica.com |
| Cadwalader Wickersham & Taft LLP | John J Rapisardi Esq | john.rapisardi@cwt.com |
| Cadwalader Wickersham & Taft LLP | Peter M Friedman Esq | peter.friedman@cwt.com |
| City of Fort Worth | Christopher B Mosley | Chris.Mosley@fortworthgov.org |
| Comptroller of Public Accounts of Texas | Jay W Hurst | jay.hurst@oag.state.tx.us |
| Deutsche Bank Trust Company Americas | Rodney Gaughan | Rodney.Gaughan@db.com |
| Deutsche Bank Trust Company Americas | Stanley Burg | stan.burg@db.com |
| Dewey & LeBoeuf LLP | Allison Weiss & Peter Ivanick | pivanick@dl.com; aweiss@dl.com |
| Dewey & LeBoeuf LLP | Todd Padnos & Danielle Kennedy | tpadnos@dl.com; dkennedy@dl.com |
| Dunn Carney Allen Higgins & Tongue LLP | Daniel F Vidas | dfv@dunn-carney.com |
| Emmet Marvin & Martin LLP | Attn Bayard S Chapin Esq | bchapin@emmetmarvin.com |
| Employment Development Dept | Bankruptcy Group MIC 92E | Don.McKinney@edd.ca.gov |
| Fleetwood | Andrew Griffiths | Andrew.Griffiths@fleetwood.com |
| Fox Hefter Swibel Levin & Carroll LLP | Margaret M Anderson | panderson@fhslc.com |
| Hewlett Packard Co | Esmeralda Vargas | esmere.vargas@hp.com |
| IBM Corporation | Beverly H Shideler | bhshide@us.ibm.com |
| IKON Office Solutions Inc | Katrina Rumph | krumph@ikon.com |
| Latham & Watkins LLP | Andrew Faye Gregory Lunt | andrew.faye@lw.com; gregory.lunt@lw.com |
| Law Office of Christopher J Morosoff | Christopher J Morosoff | cjmorosoff@morosofflaw.com |
| Lowenstein Sandler PC | Michael S Etkin & Ira M Levee | metkin@lowenstein.com; ilevee@lowenstein.com |
| McDermott Will & Emery LLP | Jean B LeBlanc | jleblanc@mwe.com |
| McDermott Will & Emery LLP | Nathan F Coco & Emily K Harring | ncoco@mwe.com; eharring@mwe.com |
| Nixon Peabody LLP | Daniel Sovocool & Gina Fornario | dsovocool@nixonpeabody.com; gfornario@nixonpeabody.com |
| Nixon Peabody LLP | Victor G Milione | vmilione@nixonpeabody.com |
| Pima County Treasurer | Patti Davidson | pcaocvbk@pcao.pima.gov |
| Quarles & Brady LLP | John Collen | jcollen@quarles.com |
| Reading Bankruptcy & Compliance Unit | Timothy A Bortz | tbortz@state.pa.us |
| Reid & Hellyer A Professional Corp | Martha A Warriner | mwarriner@rhlaw.com |
| Riverside District Attorney | Attn Dale Hoy | dhoy@rivcoda.org |
| The Bank of New York Mellon Trust Co | Attn J Chris Matthews | j.chris.matthews@bnymellon.com |
| Themis PLLC | Ray A Mandlekar | rmandlekar@themis.us.com |
| United States Trustee | Attn Frank Cadigan & Elizabeth A Lossing | Frank.Cadigan@usdoj.gov; elizabeth.lossing@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | HRRafatjoo@venable.com |
| Venable LLP | David E. Rice | DERice@venable.com |
| Weyerhaeuser | Rusty Boldin | rusty.boldin@weyerhaeuser.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-14254-MJ |

In re:                                   CHAPTER 11

    Fleetwood Enterprises, Inc.        Debtors:        CASE NUMBER        09-14254-MJ

### SERVICE LIST FOR THE ENTERED ORDER

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER CONFIRMING FOURTH AMENDED JOINT PLAN OF LIQUIDATION OF FLEETWOOD ENTERPRISES, INC. AND ITS AFFILIATED DEBTORS AND THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS DATED AUGUST 5, 2010** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

I.       **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of (*insert date of service*), the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

        ☒    Service information continued on attached page

II.      **SERVED BY THE COURT VIA U.S. MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

        ☐    Service information continued on attached page

III.     **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

        ☒    Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                **F 9013-3.1**

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-14254-MJ |

# I.
## *Service via ECF*

| Company | Contact | Email |
|---|---|---|
| Abram Feuerstein on behalf of U.S. Trustee United States Trustee (RS) | | abram.s.feuerstein@usdoj.gov |
| AL-KO Kober Corporation | Michael J Heyman | michael.heyman@klgates.com |
| Allen Matkins Leck Gamble Mallory & Natsis LLP | Yale K Kim & David R Zaro | ykim@allenmatkins.com; dzaro@allenmatkins.com |
| Alpert Barr & Grant APLC | Mark S Blackman | Mblackman@AlpertBarr.com |
| Amanda N Ferns on behalf of Defendant Bluelinx Corporation | | aferns@fernslaw.com |
| American Electric Power | David W Meadows | david@davidwmeadowslaw.com |
| Andrew K Alper on behalf of Creditor GE Commercial Distribution Finance Corporation and GELCO Corporation dba GE Capital Fleet Services | | aalper@frandzel.com; efiling@frandzel.com; ekidder@frandzel.com |
| Ballard Spahr Andrews & Ingersoll LLP | Rebecca J Winthrop | winthropr@ballardspahr.com; boote@ballardspahr.com |
| Best Best & Krieger | Richard T Egger | richard.egger@bbklaw.com |
| Bradley D Blakeley on behalf of Defendant Gibraltar Insurance Company, Ltd., a corporation | | bblakeley@blakeleyllp.com |
| Bradley E Brook on behalf of Defendant Kelly Schalmo | | bbrook@bbbrooklaw.com; jimmy@bbrooklaw.com |
| Brown & Connery LLP | Donald K Ludman | dludman@brownconnery.com |
| Charles Canter on behalf of National Highway Traffic Safety Administration | Charles E. Canter | Charles.Canter@usdoj.gov |
| Christopher Minier on behalf of Creditor Courtesy Ford, Inc. | | becky@ringstadlaw.com |
| Christopher P Ridout on behalf of Creditor Conrad Budd | | c.ridout@ridoutlyonlaw.com |
| Counsel to Atwood Mobile Products | Caroline Djang | crd@jmbm.com |
| Counsel to Other Prof Greenhill & Co LLC | Howard Steinberg | hsteinberg@irell.com; awsmith@irell.com |
| Counsel to Peggy Richan | Sophie A Hubscher | sophie@korperlemonlaw.com |
| Cox Castle & Nicholson | Randy P Orlik | rorlik@coxcastle.com |
| Craig C Chiang on behalf of Interested Party Courtesy NEF | | cchiang@buchalter.com |
| Craig Millet on behalf of Debtor Continental Lumber Products, Inc. | | cmillet@gibsondunn.com; pcrawford@gibsondunn.com |
| Daniel C Lapidus | | dan@lapiduslaw.com |
| Daniel R Shapiro on behalf of Creditor Christie Davis | | dnalaw@sbcglobal.net |
| Danning Gill Diamond & Kollitz LLP | John J Bingham Jr | jbingham@dgdk.com |
| David M Poitras | | dpoitras@jmbm.com |
| Dennis G Bezanson on behalf of Creditor Flexsteel Industries, Inc. | | dennis.bezanson@bbklaw.com; arthur.johnston@bbklaw.com; kenneth.burgess@bbklaw.com; bknotices@bbklaw.com |
| Deutsche Bank Trust Company Americas | Todd Padnos | tpadnos@dl.com |
| Donahoe & Young LLP | Mark Young & Samuel Price | sprice@donahoeyoung.com; myoung@donahoeyoung.com |
| Donald L Gaffney on behalf of Interested Party Courtesy NEF | | dgaffney@swlaw.com |
| Fleetwood Enterprises Inc | Craig Millet, Solmaz Kraus | skraus@gibsondunn.com; cmillet@gibsondunn.com |
| Frandzel Robins Bloom & Csato LC | Andrew K Alper | aalper@frandzel.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | | |
|---|---|---|---|
| In re: *Fleetwood Enterprises, Inc.* | | CHAPTER 11 | |
| | Debtor(s). | CASE NUMBER 09-14254-MJ | |

| Company | Contact | Email |
|---|---|---|
| Frank F McGinn on behalf of Interested Party Courtesy NEF | | ffm@bostonbusinesslaw.com |
| Fred M Cohen on behalf of Creditor Sandra Dinsmore | | fmcbktaxlaw@hotmail.com |
| Gary R Wallace on behalf of Creditor Shaw Industries, Inc. | | gwallace@hbblaw.com |
| Gibson Dunn | Anne A Uyeda | auyeda@gibsondunn.com |
| Gibson Dunn | Jeffrey H Reeves | jreeves@gibsondunn.com |
| Girard Gibbs LLP | Matthew B George & Eric H Gibbs | mbg@girardgibbs.com |
| Gust Rosenfeld PLC | Madeline C Wanslee | mwanslee@gustlaw.com |
| Harvey M Moore on behalf of Interested Party Progressive Casualty Insurance Company | | hmoore@bidnakeys.com |
| Heather M Durian on behalf of Creditor State of Michigan, Department of Treasury | Heather M. Durian | durianh@michigan.gov |
| Hewlett Packard Co | Ramona Neal | ramona.neal@hp.com |
| Holme Roberts & Owen LLP | Sharon Z Weiss | sharon.weiss@hro.com |
| Jay W Hurst on behalf of Creditor Texas Comptroller of Public Accounts | | jay.hurst@oag.state.tx.us; sherri.simpson@oag.state.tx.us |
| John D Monte on behalf of Creditor Maytag Corporation | | montelaw@earthlink.net |
| John F Kurtz on behalf of Creditor Boise Cascade, L.L.C. | | jkurtz@hawleytroxell.com |
| Julander Brown & Bollard LLP | William C Bollard | eal@jbblaw.com |
| Kenneth A Glowacki on behalf of Debtor Fleetwood Enterprises, Inc. | | kglowacki@gibsondunn.com |
| Latham & Watkins LLP | Gregory O Lunt | gregory.lunt@lw.com |
| Latham & Watkins LLP | Kimberly A Posin | kim.posin@lw.com |
| Leo D Plotkin on behalf of Creditor Textron Financial Corporation | | lplotkin@lsl-la.com; dsmall@lsl-la.com |
| Levy Small & Lallas | Leo D Plotkin | lplotkin@lsl-la.com |
| Linebarger Goggan Blair & Sampson LLP | Diane Sanders | austin.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller | dallas.bankruptcy@publicans.com |
| Linebarger Goggan Blair & Sampson LLP | John P Dillman | houston_bankruptcy@publicans.com |
| Lynsey M Eaton on behalf of Creditor Cast Products Corporation | | leaton@gglts.com |
| Madeleine C Wanslee on behalf of Creditor Maricopa County Treasurer | | mwanslee@gustlaw.com; rstein@gustlaw.com |
| Mark Bradshaw on behalf of Interested Party Courtesy NEF | | mbradshaw@shbllp.com |
| Maytag Corporation | John D Monte | montelaw@earthlink.com |
| McCreary Veselka Bragg & Allen PC | Michael Reed | kmorriss@mvbalaw.com |
| Michael B Reynolds on behalf of Creditor Cavco Industries | | mreynolds@swlaw.com; kcollins@swlaw.com |
| Michael Reed on behalf of Creditor Bell County TAD, et al | | othercourts@mvbalaw.com |
| Michael H. Traison, on behalf of Bluelinx | Michael H. Traison | traison@millercanfield.com |
| Nexsen Pruet LLC | Rose D Manos | manos@nexsenpruet.com |
| Nixon Peabody LLP | Louis J Cisz III | lcisz@nixonpeabody.com |
| Peitzman Weg & Kempinsky LLP | James P Menton Jr | jmenton@pwkllp.com |
| Peitzman Weg & Kempinsky LLP | Julian I Gurule | jgurule@pwkllp.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| | | |
|---|---|---|
| In re: *Fleetwood Enterprises, Inc.* | | CHAPTER 11 |
| | Debtor(s). | CASE NUMBER 09-14254-MJ |

| Company | Contact | Email |
|---|---|---|
| Peter A Davidson | | pdavidson@ecjlaw.com |
| Pillsbury Winthrop Shaw Pittman LLP | Mark Houle & Craig Barbarosh | mark.houle@pillsburylaw.com; craig.barbarosh@pillsburylaw.com |
| Ramesh Singh on behalf of Interested Party Courtesy NEF | | claims@recoverycorp.com |
| Randall P Mroczynski on behalf of Defendant Fluor Corporation, a corporation | | randym@cookseylaw.com |
| Rebecca J Callahan on behalf of Creditor First American Trust Company, as Trustee of the Century Trust | | rcallahan@callahanlaw.biz |
| Reid & Hellyer A Professional Corp | Mark C Schnitzer | mschnitzer@rhlaw.com |
| Romero Law Firm | Martha E Romero | Romero@mromerolawfirm.com |
| Rose D Manos on behalf of Creditor FEMA Trailer | | rmanos@nexsenpruet.com |
| Scott A Schiff on behalf of Creditor Maricopa County Treasurer | | sas@soukup-schiff.com |
| Scott Lee on behalf of Creditor Philips Products, Inc. | | slee@lbbslaw.com |
| Sharon Z Weiss on behalf of Creditor LazyDays RV Supercenter, Inc. | | sweiss@richardsonpatel.com; bkdeptnef@richardsonpatel.com |
| Sidney A Cotlar on behalf of Creditor Conrad Budd | | scotlar@hhkc.com |
| The Gwynn Law Law Firm PC | Jeffrey T Gwynn | jgwynn@gwynn-law.com |
| Thompson & Colgate LLP | John A Boyd | fednotice@tclaw.net |
| Todd L Padnos on behalf of Creditor Deutsche Bank Trust Company Americas | | tpadnos@dl.com; dkennedy@dl.com; sholstrom@dl.com; rkeenan@dl.com; tboothe@dl.com |
| United States Trustee | Elizabeth A Lossing | elizabeth.lossing@usdoj.gov |
| United States Trustee | | ustpregion16.rs.ecf@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | hrrafatjoo@venable.com |
| Warner Stevens | Michael D Warner | echou@warnerstevens.com |
| Wayne S Flick on behalf of Creditor Bank of America, N.A. | | wayne.s.flick@lw.com; colleen.rico@lw.com |
| William C Bollard on behalf of Debtor Fleetwood Enterprises, Inc. | | eal@jbblaw.com; kmg@jbblaw.com; dritchie@jbblaw.com; william@jbblaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-14254-MJ |

## II.
### *Service via U.S. Mail*

| Company | Contact | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| Attorney General | Eric Holder | US DOJ Ben Franklin Station PO Box 683 | | Washington | DC | 20044 | US |
| Brayton Purcell LLP | Alan R Brayton & Christina C Skubic | 222 Rush Landing Rd | | Novato | CA | 94945 | US |
| Department of Defense | Robert Gates Secretary | 1000 Defense Pentagon | | Washington | DC | 20301 | US |
| Deutsche Bank Trust Co | Americas Trust & Securities Svs | 60 Wall St MS NYC 60 2710 | | New York | NY | 10005 | US |
| Farrar Holliman & Butler | E Guy Holliman | PO Box 280 | | Lafayette | TN | 37083 | US |
| Franchise Tax Board | Bankruptcy Unit | PO Box 2953 | | Sacramento | CA | 95812-2952 | US |
| Howrey LLP | Richard J Burdge | 550 S Hope St | | Los Angeles | CA | 90071 | US |
| Internal Revenue Service | | PO Box 21126 | | Philadelphia | PA | 19114 | US |
| Law Office of Dean P Sperling | Dean P Sperling | 201 E Sandpointe Ste 220 | | Santa Ana | CA | 92707 | US |
| Owens Corning | Attn Karen Sprenger 1D 5 | 1 Owens Corning Pkwy | | Toledo | OH | 43659 | US |
| Perdue Brandon Fielder Collins & Mott LLP | John T Banks | 3301 Northland Dr Ste 505 | | Austin | TX | 78731 | US |
| Securities and Exchange Commission | | 233 Broadway 13th Fl | | New York | NY | 10279 | US |
| Securities and Exchange Commission | | 5670 Wilshire Blvd 11th Fl | | Los Angeles | CA | 90036 | US |
| Tennessee Department of Revenue | c o TN Attorney Generals Office | PO Box 20207 | | Nashville | TN | 37202-0207 | US |
| The Bank of New York Melon Trust Co | Attn Corporate Trust Administration | 101 Barclay St 21 W | | New York | NY | 10286 | US |
| The Bank of New York Melon Trust Co | Attn Corporate Trust Administration | 101 Barclay St Fl 8W | | New York | NY | 10286 | US |
| Travelers | Attn Chantel Pinnock | 1 Tower Sq 5MN | National Accounts | Hartford | CT | 06183-4044 | US |
| United States Attorneys Office | Civil Process Clerk | 300 N Los Angeles St | Federal Building Rm 7516 | Los Angeles | CA | 90012 | US |
| US Bankruptcy Court | Hon Meredith A Jury | 3420 Twelfth St | | Riverside | CA | 92501-3819 | US |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: *Fleetwood Enterprises, Inc.* | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-14254-MJ |

# III.
## *Service via Email*

| Company | Contact | Email |
|---|---|---|
| Ballard Spahr Andrews & Ingersoll LLP | Robert McL Boote | boote@ballardspahr.com |
| Bank of America NA | Attn Todd R Eggertsen | todd.r.eggertsen@bankofamerica.com |
| Cadwalader Wickersham & Taft LLP | John J Rapisardi Esq | john.rapisardi@cwt.com |
| Cadwalader Wickersham & Taft LLP | Peter M Friedman Esq | peter.friedman@cwt.com |
| City of Fort Worth | Christopher B Mosley | Chris.Mosley@fortworthgov.org |
| Comptroller of Public Accounts of Texas | Jay W Hurst | jay.hurst@oag.state.tx.us |
| Deutsche Bank Trust Company Americas | Rodney Gaughan | Rodney.Gaughan@db.com |
| Deutsche Bank Trust Company Americas | Stanley Burg | stan.burg@db.com |
| Dewey & LeBoeuf LLP | Allison Weiss & Peter Ivanick | pivanick@dl.com; aweiss@dl.com |
| Dewey & LeBoeuf LLP | Todd Padnos & Danielle Kennedy | tpadnos@dl.com; dkennedy@dl.com |
| Dunn Carney Allen Higgins & Tongue LLP | Daniel F Vidas | dfv@dunn-carney.com |
| Emmet Marvin & Martin LLP | Attn Bayard S Chapin Esq | bchapin@emmetmarvin.com |
| Employment Development Dept | Bankruptcy Group MIC 92E | Don.McKinney@edd.ca.gov |
| Fleetwood | Andrew Griffiths | Andrew.Griffiths@fleetwood.com |
| Fox Hefter Swibel Levin & Carroll LLP | Margaret M Anderson | panderson@fhslc.com |
| Hewlett Packard Co | Esmeralda Vargas | esmere.vargas@hp.com |
| IBM Corporation | Beverly H Shideler | bhshide@us.ibm.com |
| IKON Office Solutions Inc | Katrina Rumph | krumph@ikon.com |
| Latham & Watkins LLP | Andrew Faye Gregory Lunt | andrew.faye@lw.com; gregory.lunt@lw.com |
| Law Office of Christopher J Morosoff | Christopher J Morosoff | cjmorosoff@morosofflaw.com |
| Lowenstein Sandler PC | Michael S Etkin & Ira M Levee | metkin@lowenstein.com; ilevee@lowenstein.com |
| McDermott Will & Emery LLP | Jean B LeBlanc | jleblanc@mwe.com |
| McDermott Will & Emery LLP | Nathan F Coco & Emily K Harring | ncoco@mwe.com; eharring@mwe.com |
| Nixon Peabody LLP | Daniel Sovocool & Gina Fornario | dsovocool@nixonpeabody.com; gfornario@nixonpeabody.com |
| Nixon Peabody LLP | Victor G Milione | vmilione@nixonpeabody.com |
| Pima County Treasurer | Patti Davidson | pcaocvbk@pcao.pima.gov |
| Quarles & Brady LLP | John Collen | jcollen@quarles.com |
| Reading Bankruptcy & Compliance Unit | Timothy A Bortz | tbortz@state.pa.us |
| Reid & Hellyer A Professional Corp | Martha A Warriner | mwarriner@rhlaw.com |
| Riverside District Attorney | Attn Dale Hoy | dhoy@rivcoda.org |
| The Bank of New York Mellon Trust Co | Attn J Chris Matthews | j.chris.matthews@bnymellon.com |
| Themis PLLC | Ray A Mandlekar | rmandlekar@themis.us.com |
| United States Trustee | Attn Frank Cadigan & Elizabeth A Lossing | Frank.Cadigan@usdoj.gov; elizabeth.lossing@usdoj.gov |
| Venable LLP | Hamid Rafatjoo | hrrafatjoo@venable.com |
| Venable LLP | David E. Rice | derice@venable.com |
| Weyerhaeuser | Rusty Boldin | rusty.boldin@weyerhaeuser.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1